**Connie Sue Martin**
**Short Cressman & Burgess, PLLC**
**999 Third Avenue, Suite 3000**
**Seattle, Washington  98104**
**(206) 682-3333**
**Attorneys for Plaintiffs**
**Joseph A. Pakootas and Donald R. Michel**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 2 1 2004

JAMES R. LARSEN, CLERK
                                                          DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation,

Plaintiffs,

and

TECK COMINCO METALS, LTD., a Canadian corporation,

Defendant.

NO. **CV-04-0256-AAM**

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND FOR CIVIL PENALTIES

## I. INTRODUCTION

1.1    This action is brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, citizens suit provision, 42 U.S.C. § 9659(a)(1), to enforce the Unilateral Administrative Order for Remedial Investigation/Feasibility Study ("UAO") issued to Teck Cominco Metals, Ltd. ("Teck Cominco"), Docket No. CERCLA 10-2004-0018, on December 11, 2003, by the United States Environmental Protection Agency ("EPA") pursuant to its authority under 42 U.S.C. § 9606(a).

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 1

498093.5/017053.00020                    ORIGINAL

## II. PARTIES

2.1    Joseph A. Pakootas ("Pakootas") is an enrolled member of the Confederated Tribes of the Colville Reservation ("Tribes"), a sovereign Indian Tribe whose government is recognized by the United States, and a resident of Inchelium, Washington, located within the exterior boundaries of the Colville Reservation.

2.2    Donald R. Michel ("Michel") is an enrolled member of the Tribes and a resident of Inchelium, Washington, located within the exterior boundaries of the Colville Reservation.

2.3    Teck Comino is a Canadian corporation registered as an extra provincial company under the laws of British Columbia.  Teck Cominco owns and operates the world's largest integrated lead-zinc smelting and refining complex in Trail, British Columbia, Canada ("Cominco Smelter"), located approximately 10 river miles north of the United States-Canada border ("Border").

## III. JURISDICTION AND VENUE

3.1    This Court has jurisdiction of this citizens suit brought to enforce an order which has become effective pursuant to CERCLA, to order such action as may be necessary to correct the violation of the order, and to impose civil penalties.  42 U.S.C. § 9659(c).

3.2    Pursuant to 42 U.S.C. § 9659(d)(1), Plaintiffs provided notice of the alleged violations of the UAO and Plaintiffs' intent to sue to Teck Cominco, the Administrator of EPA, the United States Attorney General, the Attorney General of the State of Washington, and the Regional Administrator of EPA Region 10.

3.3    More than sixty (60) days have passed since notice was provided, and Teck Cominco continues to violate the UAO by refusing to comply with its provisions.  To date, EPA has not taken action under CERCLA to enforce the

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 2

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

UAO, and has neither commenced nor is diligently prosecuting a court action to redress this violation.

3.4    42 U.S.C. § 9659(b)(1) provides for venue in this Court.

## IV.  FACTUAL ALLEGATIONS

**A.    Teck Cominco Released Slag Containing Hazardous Substances into the Columbia River.**

4.1    From approximately 1906 to mid-1995, Teck Cominco generated and disposed of certain hazardous substances in liquid and solid form, including, but not limited to arsenic, cadmium, copper, mercury, lead, and zinc (hereinafter, "slag") directly into the Columbia River.  Prior to mid-1995, the Cominco Smelter discharged up to 145,000 tons of slag each year directly into the Columbia River. The slag generated and disposed of by Teck Cominco into the Columbia River is carried downstream into waters of the United States.

4.2    Over time a significant volume of slag and the hazardous substances contained therein have accumulated and cause continuing impacts to the surface water and ground water, sediments, and biological resources which comprise the Upper Columbia River and Franklin D. Roosevelt Lake ("Lake Roosevelt").

4.3    Technical evidence, including distinct time frame dated chemical and physical analyses of the characteristics of the slag obtained in core samples, shows with scientific certainty that the predominant source of slag in the Upper Columbia River and Lake Roosevelt originates from the Cominco Smelter.  Evidence shows that the physical and chemical decay of slag, and the subsequent release of trace elements in the form of arsenic, cadmium, cooper, zinc, and lead, is an ongoing process in the in the buried slag and sediment of the Upper Columbia River and Lake Roosevelt.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 3

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

**B.    Teck Cominco Slag is Toxic to Humans and to Aquatic Life.**

4.4    The contaminants deposited by Teck Cominco into the Columbia River and ultimately Lake Roosevelt are toxic to humans and to aquatic life.  As stated in the UAO:

4.4.1  Humans are exposed to slag and contaminated sediment by direct contact with slag on the beaches of the Upper Columbia River and Lake Roosevelt, contact with contaminated sediment during low draw down periods, inhalation of airborne particles, dermal contact, and ingestion.  In addition, humans are exposed from ingestion of water from the Upper Columbia River or Lake Roosevelt. and through consumption of fish, aquatic resources, native plants, and agricultural crops.

4.4.2  Environmental effects of slag include both chemical (increased metal loads, potential bioaccumulation, toxicity problems in biota) and physical (scouring of plants and animals in substrates, severe erosion of fish gills, smothering of habitat) components.

**C.    Teck Cominco Slag has Damaged and Continues to Damage Pakootas and Michel.**

4.5    Pakootas and Michel live within the exterior boundaries of the Colville Reservation.  The Colville Reservation is diverse with natural resources including the Upper Columbia River and Lake Roosevelt, standing timber, streams, lakes, minerals, native plants, fish, and wildlife.

4.6    Pakootas and Michel fish and recreate in the Columbia River and Lake Roosevelt.  Pakootas and Michel walk along the beaches and camp on the shores of the Columbia River and Lake Roosevelt.  These activities, of central importance to Pakootas' and Michel's subsistence, culture, and spiritual well-being,

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 4

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

expose Pakootas and Michel to the hazardous contaminants discharged by Teck Cominco into the Columbia River.

4.7    Pakootas and Michel, as members of the Tribes, have expressly reserved hunting, fishing, and gathering rights and entitlements to the Columbia River that are impaired by Teck Cominco's discharge of hazardous slag into the Columbia River.

**D.    EPA Issued Teck Cominco a UAO Concerning the Preparation and Performance of a RI/FS at the Upper Columbia River Site.**

4.8    On December 11, 2003, EPA issued Teck Cominco the UAO.

4.9    EPA is aware that Teck Cominco has violated and continues to violate CERCLA by failing to fulfill its obligation to comply with the UAO.  In particular, EPA is aware, *inter alia*, that Teck Cominco has violated and continues to violate 42 U.S.C. § 9606(a) as follows:

4.9.1  Teck Cominco has failed to comply with the terms and conditions of the December 11, 2003, UAO.  Teck Cominco's failure to comply with the UAO constitutes a violation of a condition, requirement, or order which has become effective under CERCLA.

4.9.2  Teck Cominco has failed to provide EPA with notice of its intent to comply with the terms of the UAO within ten days of the effective date of the UAO, in violation of § VII of the UAO.  To the contrary, Teck Cominco unequivocally indicated its intent not to comply with the terms of the UAO by its January 12, 2004, letter dated from G. Leonard Manuel directed to Michael F. Gearhead.  Teck Cominco's conduct constitutes a violation of a condition, requirement, or order which has become effective under CERCLA.

4.9.3  Teck Cominco has failed to perform the RI/FS and submit deliverables as provided in the Statement of Work, Attachment 1 to the UAO, in

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES  - 5

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

violation of § IX(4) of the UAO. Teck Cominco's conduct constitutes a violation of a condition, requirement, or order which has become effective under CERCLA.

4.10   EPA has failed to enforce the UAO. Enforcement of the UAO pursuant to CERCLA is necessary to protect the health and welfare of the Plaintiffs and the quality of the Reservation Environment from the adverse impacts resulting from the hazardous substances released by Teck Cominco into the Columbia River. Teck Cominco's failure to comply with the UAO adversely affects Pakootas and Michel.

4.11   Pursuant to 42 U.S.C. § 9659(d)(1), Pakootas and Michel provided notice of the alleged violations and of their intent to sue to Teck Cominco, the Administrator of EPA, the United States Attorney General, the Attorney General of the State of Washington, and the Regional Administrator of Region 10 EPA.

4.12   More than sixty days have passed since notice was served, and the violations complained of in the notice are continuing. Teck Cominco is in violation of the UAO. EPA has not commenced and diligently prosecuted a court action to redress this violation.

## V.  FIRST CLAIM FOR RELIEF: DECLARATORY RELIEF UNDER CERCLA

5.1   Pakootas and Michel reallege and incorporate by reference paragraphs 1.1 through 4.12.

5.2   Teck Cominco has violated and continues to violate CERCLA by failing to fulfill its obligation to comply with the UAO.

5.3   Pakootas and Michel are entitled to a declaration by this Court that Teck Cominco has violated and continues to violate the UAO and accordingly, has violated and continues to violate CERCLA.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 6

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

## VI.  SECOND CLAIM FOR RELIEF: INJUNCTIVE RELIEF UNDER CERCLA

6.1    Pakootas and Michel reallege and incorporate by this reference paragraphs 1.1 though 4.12.

6.2    Teck Cominco has violated and continues to violate CERCLA by failing to fulfill its obligation to comply with the UAO.

6.3    Pakootas and Michel are entitled to an order enforcing the UAO against Teck Cominco.

6.4    Pakootas and Michel are entitled to an order ordering such action as may be necessary to correct Teck Cominco's violations of the UAO and accordingly, violations of CERCLA.

## VII.  PRAYER FOR RELIEF

THEREFORE, having alleged the foregoing facts and causes of action against Teck Cominco, Pakootas and Michel pray for the following relief:

1.    A declaration by the Court that Teck Cominco has violated and continues to violate CERCLA;

2.    An order enforcing the UAO against Teck Cominco.

3.    An order ordering such action as may be necessary to compel Teck Cominco to correct its violations of the UAO and accordingly, its violations of CERCLA.

4.    An order requiring the payment of civil penalties to the maximum extent permitted by CERCLA for each day during which the violation of the UAO continues.

5.    An order granting costs of litigation, including attorneys' fees, incurred in bringing this suit pursuant to 42 U.S.C. § 9659(f).

6.    Such other and further relief as the Court deems just and equitable.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 7

LAW OFFICES
SHORT CRESSMAN & BURGESS PLLC
999 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98104-4088
(206) 682-3333

498093.5/017053.00020

DATED July 20, 2004.

SHORT CRESSMAN & BURGESS PLLC

By _____

Richard A. Du Bey, WSBA No. 8109
Paul J. Dayton, WSBA No. 12619
Connie Sue Martin, WSBA No. 26525
Beth M. Prieve, WSBA No. 34020
Attorneys for Plaintiffs Joseph A. Pakootas
and Donald R. Michel

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF AND FOR CIVIL
PENALTIES - 8

498093.5/017053.00020