UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD L. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>    Plaintiffs,<br><br>And<br><br>STATE OF WASHINGTON,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>    Defendant. | No. CV-04-256-LRS<br><br>**ORDER GRANTING PLAINTIFFS PAKOOTAS, MICHEL, AND THE STATE OF WASHINGTON'S JOINT MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION** |

This Matter having come before the Court on Plaintiffs' Joint Motion for Fed. R. Civ. P. 54(b) Certification, counsel for the Defendant having indicated that it does not oppose Plaintiff's Motion (Ct. Rec. 185), and the Court having reviewed the file and pleadings therein and being otherwise fully advised in the

**ORDER GRANTING PLAINTIFFS PAKOOTAS,
MICHEL, AND THE STATE OF WASHINGTON . . . - 1**

matter, hereby finds, determines, and concludes that:

1. This action involves multiple parties and multiple claims.

2. Plaintiffs Pakootas and Michel have no other claims in this action except their claim for civil penalties brought under CERCLA's citizens suit provision, 42 U.S.C. § 9659. Plaintiff the State of Washington joined in this civil penalties claim. The Court's September 19, 2008 dismissal of the civil penalties claims pursuant to Fed. R. Civ. P. 12(b)(1) is a final disposition of those claims.

3. Plaintiffs' Unilateral Order (UAO) based penalties claim is distinct from the remaining CERCLA claims in this case. Litigation of the remaining claims will not raise issues related to the penalties claim, nor will they provide independent ground to resolve the penalties claim. Thus, nothing in the subsequent litigation gives reason to delay appeal of the UAO based penalty claim.

4. The parties have stipulated that the claims in this action should be litigated in at least two phases. The parties have also stipulated that the last phase should not be litigated until substantial completion of an ongoing Remedial Investigation and Feasibility Study (RI/FS). Substantial completion of the RI/FS may be several years away. The status of the RI/FS does not affect appellate review of the dismissal of the civil penalties claim on grounds of lack of subject matter jurisdiction.

5. If the dismissal of the civil penalties claim is not certified as a final judgment, appeal by Plaintiffs Pakootas and Michel of their only claim and appeal of the dismissal on subject matter jurisdiction grounds of the only citizens suit claims in this action will be delayed for possibly several years.

6. There is no just reason for delay.

Based on these findings, the Court hereby orders that:

1. Plaintiffs' Joint Motion for Fed. R. Civ. P. 54(b) Certification is

**ORDER GRANTING PLAINTIFFS PAKOOTAS,
MICHEL, AND THE STATE OF WASHINGTON . . . - 2**

1  GRANTED.

2      2. The Court directs that its September 19, 2008 Order Granting Defendant's 12(b)(1) Motion, *Inter Alia*, reconsidered and modified following Plaintiffs' Motion for Partial Reconsideration, be entered as a final judgment.

    **DATED** this\_\_\_\_17th\_\_\_\_day of October, 2008.

                       *s/Lonny R. Suko*

                        LONNY R. SUKO
                        United States District Judge

**ORDER GRANTING PLAINTIFFS PAKOOTAS,
MICHEL, AND THE STATE OF WASHINGTON . . . - 3**