Case 2:04-cv-00256-LRS   Document 266   Filed 01/09/09
Richard A. Du Bey
Paul J. Dayton
Leslie C. Clark
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104
(206) 682-3333
Attorneys for Plaintiffs Pakootas, Michel,
and the Confederated Tribes of the
Colville Reservation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>    Plaintiffs,<br><br>and<br><br>STATE OF WASHINGTON,<br><br>    Plaintiff-Intervenor<br><br>v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>    Defendant. | NO. CV-04-0256-LRS<br><br>COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), the Confederated Tribes of the

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 1

Short Cressman
& Burgess PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

Colville Reservation (the "Tribes") ask this Court to dismiss, with prejudice and without leave to amend, the counterclaims asserted by Teck Cominco Metals Ltd. ("Teck Cominco") against the Tribes in its Answer filed on October 16, 2008. Teck Cominco's counterclaims, seeking response costs, contribution, and declaratory relief under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 et seq. ("CERCLA"), do not state a claim on which relief can be granted because the Tribes are not subject to liability under CERCLA. Specifically, Indian tribes are not a "person" under CERCLA's liability provision, 42 U.S.C. § 9607(a), the provision on which Teck Cominco relies. The Environmental Protection Agency's ("EPA's") corresponding interpretation and the canons of construction applicable to statutes affecting the rights and obligations of Indian tribes preclude any other reading of CERCLA.

## II.  STATEMENT OF FACTS

**A.  Four Years After this Lawsuit Commenced, Defendant Teck Cominco Files Counterclaims Against Plaintiff the Confederated Tribes of the Colville Reservation.**

This lawsuit originated as a citizen suit action brought in July 2004 by Joseph A. Pakootas ("Pakootas") and Donald R. Michel ("Michel") under the authority of CERCLA's citizen suit provision, 42 U.S.C. § 9659.[1] Pakootas and Michel named Teck Cominco as the sole defendant in the lawsuit. In November 2005, Pakootas and Michel amended their original complaint to, among other things, add the Tribes as a plaintiff. Plaintiffs' Amended Complaint, Court Record

---

[1] The citizen suit claim was brought by two individual members of the Tribes, who as individuals, come within CERCLA's definition of a "person," 42 U.S.C. § 9601(21), in contrast to the Tribes themselves. See discussion *infra*.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 2

**SHORT CRESSMAN
& BURGESS PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

("Ct. Rec.") 111. In the Amended Complaint, the Tribes alleged causes of action exclusively arising under CERCLA but did not join in Pakootas' and Michel's citizen suit claim nor allege any new cause of action under CERCLA's citizen suit provision. *See id.*

With leave of this Court, on May 16, 2008, the Tribes filed a Second Amended Complaint, Ct. Rec. 148 (the "SAC"), in which the Tribes allege six claims, all arising under CERCLA. SAC 10:19–13:16. Those six claims have been divided into two litigation phases:[2]

Phase One

1. Declaratory relief regarding cost recovery, including adjudication of Teck Cominco's CERCLA liability pursuant to 42 U.S.C. § 9607(a).

Phase Two

2. Cost recovery;

3. Declaratory relief regarding the reasonable costs of assessing natural resource damages;

4. Costs of assessing natural resource damages under CERCLA;

5. Declaratory relief regarding natural resource damages under CERCLA;

6. Natural resource damages under CERCLA.

**B. Teck Cominco's Counterclaims at Issue in this Rule 12(b)(6) Motion.**

On October 16, 2008, Teck Cominco answered the Tribes' Second Amended Complaint. *See* Defendant's Answer to Second Amended Complaint of Plaintiffs

---

[2] *See* Order re Bifurcation of Cost Recovery Declaratory Relief Claim, Ct. Rec. 150, and Order Denying Defendant's Motion to Stay, *Inter Alia*, Ct. Rec. 260.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 3



SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

Pakootas, Michel and Confederated Tribes of the Colville Reservation; and Counter Claims; Ct. Rec. 194 ("Answer"). In its Answer, Teck Cominco alleged two counterclaims against the Tribes. Answer at 27:15–31:6. First, Teck Cominco alleges that the Tribes are liable under CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f), for cost recovery and contribution to Teck Cominco's response costs. Answer at 27:15–30:4. Teck Cominco expressly alleges that the "Tribes are covered 'persons' within the meaning of that term as it is used in CERCLA, 42 U.S.C. Section 9601(21)." Answer at 28:14-15. Second, Teck Cominco seeks declaratory relief for future cost recovery from the Tribes and the Tribes' contribution to Teck Cominco's future response costs. Answer at 30:5–31:6. Under both causes of action, Teck Cominco's requested relief seeks a determination that the Tribes are liable under 42 U.S.C. 9607(a). Answer at ¶¶ 43, 44, 45, and 48.

### III. AUTHORITY

#### A. Standard of Review.

A Rule 12(b)(6) motion seeks dismissal on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the court assumes the truth of the facts alleged in the complaint and construes those facts in the light most favorable to the plaintiff. *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 2002). The court should then grant the motion when there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), or if it appears beyond doubt that the plaintiff can prove no set of facts to support its claims. *Adams v. Johnson*, 355

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 4

**SHORT CRESSMAN & BURGESS PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

F.3d 1179, 1183 (9th Cir. 2004). *See also Holcombe v. Hosmer*, 477 F.3d 1094, 1100 (9th Cir. 2007) (affirming a Rule 12(b)(6) dismissal); *Manshardt v. Fed. Judicial Qualifications Comm.*, 408 F.3d 1154, 1158 (9th Cir. 2005) (same); *Abramson v. Brownstein*, 897 F.2d 389, 394 (9th Cir. 1990) (same).

In addition to the facts alleged in the complaint, the court may also consider any matter that is properly the subject of judicial notice under Federal Rule of Evidence 201. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a Rule 12(b)(6) motion, court took judicial notice of official records and reports).

When granting a Rule 12(b)(6) motion to dismiss, the court should grant the dismissal with prejudice when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the defect." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (internal quotes omitted).

**B.  Teck Cominco's Counterclaims Fail Because the Tribes Are Not a "Person" Under CERCLA and, Thus, Cannot be Liable under 42 U.S.C. 9607(a).**

Both of Teck Cominco's counterclaims depend on a determination that the Tribes are a liable party under CERCLA, 42 U.S.C. § 9607(a).[3] Because the Tribes are not "persons" for the purposes of CERCLA – a mandatory element of

---

[3] Only a party adjudicated as liable under 42 U.S.C. § 9607(a) can be liable for response costs under 42 U.S.C. § 9607(a) or for contribution under 42 U.S.C. § 9613(f). *See United States v. Atlantic Research Corp.*, 127 S. Ct. 2331, 2337-39 (2007) (explaining the interplay between the § 9607(a) and § 9613(f) remedies).

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 5

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

CERCLA liability – the Tribes cannot be a liable party, and Teck Cominco's counterclaims fail as a matter of law.

1. <u>Under CERCLA, liability for response costs, and thus also contribution, turns on whether the defendant is a "person" as defined by the statute. Under CERCLA's plain language, the Tribes are not a "person."</u>

In interpreting a statute, the Court's task is to construe what Congress has enacted and must "begin, as always, with the language of the statute." *Navajo Nation v. Dep't of Health and Human Servs.*, 325 F. 3d 1133, 1136 (9th Cir. 2003) (citation omitted). The language of CERCLA precludes Indian tribes from liability under that statute.

A determination of CERCLA liability necessarily includes a determination that the defendant is either an "owner or operator" or a "person." *See* 42 U.S.C. § 9607(a)(1) (an "owner or operator" may be liable) and 42 U.S.C. § 9607(a)(2)-(4) (a "person" may be liable). *See also United States v. Chapman*, 146 F.3d 1166, 1169 (9th Cir. 1998) (setting out the elements of CERCLA liability). As to "owner or operator" liability, a defendant can only be an "owner or operator" if the defendant is also a "person."[4] Thus, there is no CERCLA liability unless the defendant is a "person," a defined term under the statute. 42 U.S.C. § 9601(21).

---

[4] 42 U.S.C. 9601(20)(A) provides (emphasis added):

> The term "owner or operator" means (i) in the case of a vessel, any **person** owning, operating, or chartering by demise, such vessel, (ii) in the case of an onshore facility or an offshore facility, any **person** owning or operating such facility, and (iii) in the case of any facility, title or control of which was conveyed due to bankruptcy, foreclosure, tax delinquency, abandonment, or similar means to a unit of State or local government, any **person** who owned, operated, or otherwise

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 6

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

Teck Cominco's allegation that the Tribes are covered "'persons' within the meaning of that term as it is used in CERCLA," Answer at 28:14-15, acknowledges that a defendant must be a "person" to carry CERCLA liability. As CERCLA defines it, the term "person" includes an enumerated class of entities *but does not include Indian tribes*:

> The term "person" means an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission, political subdivision of a State, or any interstate body.

42 U.S.C. § 9601(21). Congress's decision to exclude Indian tribes from potential CERCLA liability was not inadvertent. In contrast to the absence of Indian tribes from the definition of "person," Congress expressly provided a role and responsibilities to Indian tribes elsewhere in the statute. For example, the liability provisions of 42 U.S.C. §§ 9607(a)(4)(A) and 9607(f) expressly refer to Indian tribes, but notably, those references provide for liability *to* Indian tribes rather than the liability *of* Indian tribes.[5] In addition, although CERCLA § 126(a) provides

---

> controlled activities at such facility immediately beforehand. Such term does not include a person, who, without participating in the management of a vessel or facility, holds indicia of ownership primarily to protect his security interest in the vessel or facility.

[5] Nor does the "any other person" language of 42 U.S.C. 9607(a)(4)(B) support a reading that Indian tribes are "persons" under 42 U.S.C. § 9601(21). The purpose of 42 U.S.C. §§ 9607(a)(4)(A) and (B) is to divide cost recovery plaintiffs into two groups: *sovereigns* (the United States Government, States, and Indian tribes) who need only have incurred response costs "not inconsistent" with the national contingency plan ("NCP"), 42 U.S.C. § 9607(a)(4)(A), and *non-sovereigns*

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 7

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

that Indian tribes shall be treated as States under §§ 9603(a) (notification of releases), 9604(c)(2) (consultation), 9604(e) (access to information), 9604(i) (health authorities), and 9605 (roles and responsibilities under the national contingency plan), they are *not* treated as States under § 9607(a) (liability) or § 9601 (definitions).[6] *See* 42 U.S.C. § 9626(a). Under the canon of statutory construction *expressio unius est exclusio alterius*, the express recognition of Indian tribes in certain sections of CERCLA "creates a presumption that . . . all omissions should be understood as exclusions." *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1084 (9th Cir. 2007) (citation omitted). The statute's exclusion of Indian tribes from the definition of "person" here forecloses Teck Cominco's counterclaims of CERCLA liability against the Tribes.

---

(everyone else) who must prove that incurred response costs were "consistent" with the NCP. 42 U.S.C. § 9607(a)(4)(B). *See Atlantic Research*, 127 S. Ct. at 2336-37 (explaining that the term "any other person" in § 9607(a)(4)(B) means that *all* entities with a capacity to sue for CERCLA response costs fall into one of only two categories: the entities listed in 42 U.S.C. § 9607(a)(4)(A) and everyone else). Congress implicitly repeated this distinction between sovereigns and non-sovereigns when it deemed it necessary to expressly (1) prevent sovereigns (again, the United States, States, and Indian tribes) from recovering for response costs resulting from application of registered pesticides and (2) clarify that recovery for response costs resulting from a federally permitted release would be made (even for sovereigns) under existing law. *See* 42 U.S.C. § 9607(i) and (j), respectively.

[6] Note that CERCLA's definition of "person" expressly includes States as well as their political subdivisions. 42 U.S.C. § 9601(21).

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 8

**Short Cressman & Burgess PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

2.  <u>EPA, the agency charged with administering CERCLA, has determined that Indian tribes are not subject to CERCLA liability.</u>

EPA has been charged with administering CERCLA. *Louisiana-Pacific Corp. v. ASARCO, Inc.*, 24 F.3d 1565, 1573 (9th Cir. 1994) (EPA is "the agency charged with administering CERCLA"). Consistent with the reading advocated above, EPA has interpreted CERCLA to *preclude Indian tribes from CERCLA liability*. See EPA's policy document titled "Final FY2009 Brownfields Assessment, Revolving Loan Fund and Cleanup Grant Guidelines: Frequently Asked Questions" at Question/Answer No. 11 (EPA poses the question: "Are tribes considered 'potentially responsible parties' (PRPs)?"; then answers: "Generally, EPA has not considered tribes to be liable as PRPs under CERCLA") (attached at Exhibit 1 to Declaration of Paul J. Dayton in Support of Counterclaim Defendants Confederated Tribes of the Colville Reservation's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Request for Judicial Notice (hereinafter "Dayton Declaration")).[7]

Furthermore, EPA Region 10, the region in which the site at issue in this lawsuit is located, has long adhered to this interpretation. *See, e.g.*, Letter from

---

[7] EPA's Brownfield Guidance has maintained a similar statutory interpretation over a period of years. *See Cohen's Handbook of Federal Indian Law* 778 n.28 (Nell Jessup Newton et al. eds., 2005 ed.) (2005):

> The EPA has taken a position that Tribes are not liable as potentially responsible parties under CERCLA. *See* www.epa.gov/brownfields/html-doc/faqpguid.htm. Because Indian tribes are not generally defined as "Persons" who might be liable, the EPA's position appears to be a reasonable approach.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 9

Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

Dana Rasmussen, EPA Region 10 Regional Administrator, to Stanley Jones, Sr., Tulalip Tribe of Indians 1 (Dec. 23, 1992) ("We are taking the position that the Tribe, as a tribal government, will not be considered liable to EPA under §107(a) of CERCLA, 42 USC §9607(a)") (attached at Exhibit 2 to Dayton Declaration).

When a court reviews a statute that has been interpreted by its administering agency, the court is confronted with two questions. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842 (1984). First, always, is the question whether Congress has directly spoken to the precise question at issue. *Chevron*, 467 U.S. at 843. If the intent of Congress is clear, that is the end of the matter. *Id.* For the reasons explained above, Congress spoke directly when it omitted Indian tribes from the definition of "person," thus excluding them from CERCLA liability. Under the *Chevron* deference rule and its progeny, the inquiry should end there. *See Natural Resources Defense Council, Inc. v. United States Envtl. Protection Agency*, 542 F.3d 1235, 1250 (9th Cir. 2008) (ending the two-step deference test at the first inquiry after concluding that the language of the Clean Water Act, when viewed in its entirety, was clear that the EPA must promulgate certain regulations).

However, consistent with the rule articulated in *Chevron*, if this Court instead determines that CERCLA is "silent or ambiguous" as to whether Indian tribes are "persons" under CERCLA, the Court should respect and provide deference to EPA's interpretation that Indian tribes cannot be liable under CERCLA. *See United States v. W. R. Grace & Co.*, 429 F.3d 1224, 1236-37 (9th Cir. 2005) (EPA's manuals, policy statements and other pronouncements are due respect and deference by the courts). *See also Alaska Dep't of Envtl. Conservation*

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 10

**Short Cressman & Burgess PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

*v. Envtl. Protection Agency*, 150 U.S. 461, 487-88 (2004) (even an agency's informal interpretations are accorded respect).

    3. <u>The Indian law canons of construction support the plain language reading of the statute and EPA's interpretation that the Tribes are not a "person" under CERCLA.[8]</u>

Furthermore, any ambiguity in the CERCLA definition of "person" should be resolved in a manner consistent with the Indian law canons of construction. These canons of construction require that any ambiguities in treaties,[9] agreements,[10] federal regulations,[11] executive orders,[12] and statutes[13] be *resolved in*

---

[8] Although at one time the Ninth Circuit suggested that the *Chevron* deference doctrine trumps the Indian law canons of construction, *Williams v. Babbitt*, 115 F.3d 657, 663 n.5 (9th Cir. 1997), it has more recently suggested that the interplay between *Chevron* deference and the Indian law canons of construction have been left open. *Navajo Nation*, 325 F.3d at 1137 n.4. Regardless of whether the issue has been settled, the relative superiority between *Chevron* deference and the Indian law canons of construction does not matter here because, as is explained in the following section, the Indian law canons of construction require that CERCLA be read in favor of Indian tribes, and this reading is consistent with EPA's view that Indian tribes are not subject to CERCLA liability.

[9] *See, e.g., Choate v. Trapp*, 224 U.S. 665, 675 (1912) ("doubtful expressions [in treaties], instead of being resolved in favor of the United States, are to be resolved in favor" of Indian tribes).

[10] *See, e.g., Winters v. United States*, 207 U.S. 564, 576 (1908) ("By a rule of interpretation of agreements and treaties with the Indians, ambiguities occurring will be resolved from the standpoint of the Indians").

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 11

**SHORT CRESSMAN
& BURGESS PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

*favor of Indians. See County of Yakima v. Confederated Tribes of the Yakima Indian Nation*, 502 U.S. 251, 269 (1991) (the court's construction was "dictated by a principle deeply rooted in this Court's Indian jurisprudence: '[S]tatutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit'") (citing *Montana v. Blackfeet Tribe*, 471 U.S. 759, 766 (1985)).

The goal of these canons of construction is to recognize and preserve tribal independence. *Cf. McClanahan v. Arizona State Tax Comm'n*, 411 U.S. 164, 174 (1973) (observing that the Indian law canons of construction originated in tandem with the designation of permanent lands to formerly exiled peoples). *See also Reich v. Great Lakes Indian Fish & Wildlife Comm'n*, 4 F.3d 490, 496 (7th Cir. 1993) (Courts are guided by the "purpose of making federal law bear as lightly on Indian tribal prerogatives as the leeways of statutory interpretation allow").

Under these canons of construction, this Court must resolve its consideration of the two possible statutory constructions presented here – one construction that reads "Indian tribes" into the definition of "person" where the statutory language is silent, and the other construction that does not – and construe the statute in favor of Indian tribes. In short, the Court must hold that the Tribes are not a "person" under CERCLA and, therefore, are not subject to CERCLA liability.

---

[11] *See, e.g., HRI, Inc., v. Envtl. Protection Agency*, 198 F.3d 1224, 1245 (10th Cir. 2000) (extending Indian law canons of construction to federal regulations).

[12] *See, e.g, Antoine v. Washington*, 420 U.S. 194 (1975).

[13] *See, e.g., County of Yakima v. Confederated Tribes of the Yakima Indian Nation*, 502 U.S. 251, 269 (1991).

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 12

**SHORT CRESSMAN
& BURGESS PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

## IV. CONCLUSION

For the reasons set forth above, this Court should grant the Tribes' motion and dismiss Teck Cominco's counterclaims with prejudice and without leave to amend. A proposed Order is enclosed.

DATED: January 9, 2009.

SHORT CRESSMAN & BURGESS PLLC

By  */s/ Paul J. Dayton*
Richard A. DuBey, WSBA # 8109
Paul J. Dayton, WSBA #12619
Leslie C. Clark, WSBA #36164
999 Third Avenue, Suite 3000
Seattle, WA 98104-4088
(206) 682-3333 (Phone)
(206) 340-8856 (Fax)
*Counsel for Plaintiffs Joseph A. Pakootas and Donald R. Michel, and The Confederated Tribes of the Colville Reservation*

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 13

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

Case 2:04-cv-00256-LRS   Document 266   Filed 01/09/09

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Eugene I. Annis**
  gannis@lukins.com, tthrall@lukins.com

- **Thomas A. Campbell**
  campbell@cgs-law.com, cbrown@cgs-law.com

- **Kristie E. Carevich**
  KristieC@atg.wa.gov, ecyolyef@atg.wa.gov

- **Loren R. Dunn**
  ldunn@riddellwilliams.com, atiernan@riddellwilliams.com

- **Mark E. Elliott**
  mark.elliott@pillsburylaw.com

- **Michael L. Dunning**
  MichaelD@atg.wa.gov

- **Gerald F. George**
  gerald.george@pillsburylaw.com, lgrimshaw@pillsburylaw.com

- **Christopher J. McNevin**
  chris.mcnevin@pillsburylaw.com

- **R. Jack Reynolds**
  jack.reynolds@pillsburylaw.com

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 14

**Short Cressman & Burgess PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020

1. **Christa L. Thompson**
   ChristaT@atg.wa.gov, RESOlyEF@atg.wa.gov

SHORT CRESSMAN & BURGESS PLLC

By */s/ Paul J. Dayton*
Richard A. DuBey, WSBA # 8109
Paul J. Dayton, WSBA #12619
Leslie C. Clark, WSBA #36164
999 Third Avenue, Suite 3000
Seattle, WA 98104-4088
(206) 682-3333 (Phone)
(206) 340-8856 (Fax)
*Counsel for Plaintiffs Joseph A. Pakootas and Donald R. Michel, and The Confederated Tribes of the Colville Reservation*

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)
(CV-04-0256-LRS) - 15

**Short Cressman & Burgess PLLC**
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

637269.6/017053.00020