1   KRISTIE E. CAREVICH
    MICHAEL L. DUNNING
2   Assistant Attorneys General
    ELLIOTT S. FURST
3   Senior Counsel
    PO Box 40117
4   Olympia, WA  98504-0117
    (360) 586-6770
5   Attorneys for State of Washington

6   RICHARD A. DU BEY
    PAUL J. DAYTON
7   LESLIE C. CLARK
    Short Cressman & Burgess, PLLC
8   999 Third Avenue, Suite 3000
    Seattle, Washington  98104
9   (206) 682-3333
    Attorneys for Plaintiffs

10

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, | NO. CV-04-0256-LRS<br><br>PLAINTIFFS' REPLY IN SUPPORT OF  JOINT MOTION TO STRIKE |
| Plaintiffs, | |
| *and* | |
| STATE OF WASHINGTON, | |
| Plaintiff/Intervenor, | |
| v. | |
| TECK COMINCO METALS, LTD., a Canadian corporation, | |
| Defendant. | |

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

# I.   INTRODUCTION

In their Joint Motion to Strike Certain Affirmative Defenses in Defendant's Answers (Motion to Strike), Plaintiffs asked this Court to strike the Twelfth, Thirteenth, Sixteenth, Seventeenth, and Nineteenth through Twenty-Second Affirmative Defenses raised by Defendant Teck Cominco Metals, Ltd. (Teck) in its Answers.  In response, Teck has agreed to amend certain affirmative defenses, and has better clarified the subject matter of certain other affirmative defenses.  *See* Opposition to Plaintiffs' Joint Motion to Strike Certain Affirmative Defenses in Defendant's Answers (Teck's Response) at 2.   Based on this, and under the conditions expressed below, Plaintiffs agree to withdraw their objection to Teck's Twelfth, Thirteenth, Sixteenth, and Seventeenth Affirmative Defenses.

Teck also continued to defend its equitable defenses (Nineteenth through Twenty-Second Affirmative Defenses).  *See* Teck's Response at 3-8.  Teck tries to persuade the Court that the availability of these defenses is an "open issue of law," which counsels against striking them.  *See id*.  There is no open federal question on the particular issue before this Court, however, and Teck's attempt to manufacture one is unavailing.  Equitable defenses are clearly not available as a matter of law in defense of liability under CERCLA Section 107(a),[1] and these defenses should be stricken.

## II.   ARGUMENT

### A.   Plaintiffs Withdraw Their Objection to Teck's Twelfth, Thirteenth, Sixteenth, and Seventeenth Affirmative Defenses as Specified Herein

In response to Plaintiffs' Motion to Strike, Teck has agreed to amend certain defenses, and has also clarified the subject matter of certain other defenses: Teck

---

[1] The Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.  Section 107 is codified at 42 U.S.C. § 9607.

1   agrees to amend its Seventeenth Affirmative Defense consistent with the edits

2   Plaintiffs suggested in their Motion to Strike; Teck also agrees to amend its

3   Sixteenth Affirmative Defense to replace the term "contribution" with

4   "apportionment of" in the body of the defense; next, Teck clarifies that its Twelfth

5   and Thirteenth Affirmative Defenses support its divisibility defense and do not

6   address a third party defense.  *See* Teck's Response at 2.

7       Because Plaintiffs do not take issue with the assertion of a divisibility defense

8   (as opposed to any contribution or equity-based defense) or with a third party

9   defense that is properly asserted, Plaintiffs agree to withdraw their objections to

10  these defenses as follows: (1) Plaintiffs withdraw their objection to Teck's

11  Seventeenth Affirmative Defense on the condition that Teck amends this defense to

12  delete the following underscored words: "and the alleged damages resulted from that

13  release were caused solely <u>and/or in part</u> by the act or omission of a third party,"

14  which Teck has agreed to do; (2) Plaintiffs agree to withdraw their objection to

15  Teck's Sixteenth Affirmative Defense on the condition that Teck amends both the

16  body and title of this defense to replace the term "contribution" with the term

17  "apportionment" in the title and "apportionment of" in the body, which Teck has

18  agreed to do in concept but not to the same level of detail; (3) based on Teck's

19  clarification that its Twelfth and Thirteenth Affirmative Defenses address

20  divisibility, and although this clarification now makes clear that its Twelfth,

21  Thirteenth, Sixteenth, and Seventeenth Affirmative Defenses are indeed redundant

22  for raising the same defense, Plaintiffs nevertheless withdraw their objection to

23  these defenses.

24

25

26

PLAINTIFFS' REPLY IN SUPPORT OF          3
JOINT MOTION TO STRIKE

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

**B.   Teck's Equitable Defenses are Clearly Insufficient as a Matter of Law and Should be Stricken**

Teck continues to defend its equitable defenses (Nineteen through Twenty-Two: Unclean Hands, Estoppel, Laches, and Failure to Mitigate Damages, respectively), even though Teck explicitly concedes "that equitable defenses are not available in response to a joint and several liability claim under CERCLA Section 107." *See* Teck's Response at 3.

Teck asserts there is an "open issue of law" that counsels against striking these defenses. *See* Teck's Reponse at 3-8. In particular, Teck asserts the United States Supreme Court has not ruled on the issue presented here, and cites to that court's decision in *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007) ("*Atlantic Research*") as proof it remains open. *See* Teck's Response at 3. Teck further asserts the issue is currently under review by the Supreme Court in the appeal of *United States v. Burlington Northern & Santa Fe Railway Co.*, 520 F.3d 918 (9th Cir. 2008), *cert. granted*, 129 S. Ct. 30 (2008) ("*BNSF*"). *See* Teck's Response at 7. Teck's attempt to create an open legal issue is unavailing because it misstates in the first instance *what* particular issue is actually before this Court, and therefore misconstrues the applicability of certain cases to the issue presented here. As described below, case law on the particular issue presented here is well-established, and clearly precludes equitable defenses under Section 107(a).

First, Teck misstates the issue before this Court by its overly broad representation that the issue includes "the nature of claims available to a PRP under CERCLA Section 107 and the type of liability associated with those claims." *See* Teck's Response at 4. In fact, the far more narrow issue before this Court is whether *equitable* defenses like estoppel and laches are available under Section 107(a). None of the cases Teck cites address this particular issue.

PLAINTIFFS' REPLY IN SUPPORT OF
JOINT MOTION TO STRIKE

4

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

1    *Atlantic Research*, for example, considered whether Section 107(a) provides a

2    cause of action to PRPs to recover costs incurred in voluntarily cleaning up sites, but

3    did not address whether equitable defenses can be raised under Section 107(a).

4    *Atlantic Research*, 127 S. Ct. 2331.  Likewise, in the other case that Teck cites—

5    *Kotrous v. Goss-Jewett Co. of Northern Cal.*, 523 F.3d 924 (9th Cir. 2008), *see*

6    Teck's Response at 6—the Ninth Circuit merely updated its precedent to follow

7    *Atlantic Research* and authorize PRPs that incurred costs to sue other PRPs under

8    Section 107, but did not address the availability of equitable defenses like estoppel

9    and laches.  In fact, Teck has not cited to—and Plaintiffs are not aware of—any case

10   currently on review that questions the availability of such equitable defenses under

11   Section 107(a).  The *BNSF* case, for example, deals instead with the availability and

12   application of the *divisibility* defense and, as further outlined below, this is different

13   from *equitable* defenses like estoppel and laches.

14       Teck cites to *Atlantic Research* and *Kotrous* presumably because the courts

15   explicitly declined to decide an issue not directly before them—whether liability

16   under Section 107 is joint and several.[2]  Teck argues, for example, that "the premise

17   that CERCLA Section 107 automatically yields joint and several liability is far from

18   certain"—seemingly to make the point that liability under Section 107(a) can be

19   several, and to imply that Plaintiffs disagree with this concept.  *See* Teck's Response

20

21       [2] The Court in *Atlantic Research*, for example, concluded–in distinguishing cost
22   recovery under Section 107 from contribution under Section 113–that an equitable
     distribution of costs was *not* directly available under Section 107, but that a defendant
23   PRP in a Section 107(a) joint and several liability suit "could blunt any inequitable
     distribution of costs by filing a Section 113 counterclaim."  *See Atlantic Research*, 127
24   S. Ct. at 2338-39.  As part of this analysis, the Court "assumed without deciding that
     Section 107(a) provides for joint and several liability."  *Id.* at 2339 n.7.  Likewise, the
25   Ninth Circuit declined to consider in *Kotrous* whether Section 107(a) liability is joint
     and several because "that question is not before us."  *Kotrous*, 523 F.3d at 933 n.9.
26

at 6.  Plaintiffs do not disagree that liability may be several under Section 107(a), however, or that Teck may aver other parties caused part of the harm.[3]  But Teck infers the availability of several liability under Section 107(a) also means that equitable defenses would be available.  This is simply not the case

Section 107(a) explicitly restricts the defenses available to Teck, providing "[n]othwithstanding any other provision or rule of law" that liability is "subject only to the defenses set forth in subsection (b) of this section." 42 U.S.C. § 9607(a).  The overwhelming weight of authority finds CERCLA liability to be joint and several generally, and subject *only* to those defenses explicitly provided under Section 107(b) (like the third party defense) or the common-law defense of divisibility.  *See, e.g.*, *State of California Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp.2d 1028, 1039 (C.D. Cal. 2002) ("*Alco*") (discussing the weight of authority on this issue); *see also BNSF*, 520 F.3d at 933–35 (same).  The divisibility defense provides the only available basis upon which several liability can be established under Section 107(a).  While a successful divisibility defense may lead to several liability, instead of joint and several liability, the divisibility defense does not incorporate matters of equity and cannot be confused with specific equitable defenses like estoppel and laches.

By arguing that equitable defenses may be available under Section 107, Teck again blurs the line between divisibility ("apportionment") and contribution ("allocation").  The fact that equitable defenses "will be relevant in the future contribution and allocation phase" of this case, *see* Teck's Response at 3, does not legally transform them into defenses that are available under Section 107.  Case law is very clear that the line between cost recovery under Section 107 and contribution

---

[3] Plaintiffs did narrowly argue that Teck cannot properly aver other parties caused the harm *in part*—but only as this relates to Teck's "third party defense" and Teck has agreed to amend this defense accordingly.  *See* Teck's Response at 2.

PLAINTIFFS' REPLY IN SUPPORT OF
JOINT MOTION TO STRIKE

6

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

1   under Section 113 should not be blurred.  *See Atlantic Research*, 127 S. Ct. at 2337

2   (rejecting the usage of "the word 'contribution' as if it were synonymous with any

3   apportionment of expenses among PRPs" because "[t]his imprecise usage confuses

4   the complementary yet distinct nature of rights established in Sections 107(a) and

5   113(f)"); *California ex rel. Cal. Dep't of Toxic Substances Control v. Neville Chem.

6   Co.*, 358 F.3d 661, 672-73 (9th Cir. 2004) ("*Neville*"). (clarifying the distinction

7   between suits for contribution versus cost recovery, and finding that equitable

8   defenses are not available in suits for cost recovery)

9       Consequently, the Supreme Court's review in *BNSF* will focus on the

10  divisibility defense, not equitable defenses.  No party in the *BNSF* case has raised

11  the availability of equitable defenses like laches or estoppel as a Question Presented

12  to the Supreme Court.  Instead, Petitioners in that case have questioned the

13  application of the divisibility defense under the facts of their case.[4]

14      Further, the law on the particular issue presented here is clear.  Equitable

15  defenses like laches and estoppel are not authorized defenses under Section 107(b).  *See*

16  42 U.S.C. § 9607(a) (providing that liability is "subject only to the defenses set forth in

17  subsection (b) of this section.").  There is no circuit split or open federal question on

18  whether such defenses are available under Section 107(a).  All courts of appeals that

19  have addressed this issue have decided that equitable defenses are not available.  *See

20  Neville*, 358 F.3d at 672-73 (after discussing the fact that every court of appeals to

21  consider the question has concluded equitable defenses are not permitted under

22  Section 107, the Ninth Circuit held that equitable defenses are not available in a cost

23

24      [4] *See* Declaration of Kristie E. Carevich ¶ 2, Ex. A at 19-20 (Brief for the United

25  States in Opposition, which explains the focus of the arguments on review); *see also
    id.*, Ex. B (Brief for Petitioner Shell Oil Co.); *id.*, Ex. C (Brief for Petitioners BNSF

26  Railway Co. and Union Pacific Railroad Co.).

1    recovery action brought by the state).[5]   Based on this, courts often strike equitable

2    defenses in CERCLA Section 107 cases.   *See, e.g,. Alco Pacific, Inc.,* 217 F. Supp.

3    2d at 1033, 1040 (noting that "courts often strike affirmative defenses in CERCLA

4    actions" and striking defendant's equitable defenses).

5            Finally, any suggestion that the Supreme Court could (at some indefinite

6    future time) overrule this consistent and clear circuit precedent is pure conjecture,

7    and presents no basis for this Court to preserve Teck's legally insufficient defenses.

8    *See Canadian Regis Band of Mohawk Indians v. State of New York*, 278 F. Supp.2d

9    313, 331, 335 (N.D. N.Y. 2003) (court struck certain affirmative defenses, even

10   though defendants had argued the Supreme Court's lack of a direct ruling on the

11   issue had created a substantial question of law, because the mere possibility of a

12   change in law was nothing more than conjecture by defendants and the

13   overwhelming circuit precedent supported the unavailability of the defenses).

14           In sum, Teck has failed to cite a single case that calls into question the

15   particular issue before this Court — whether equitable defenses like laches and

16   estoppel are available under Section 107(a).  Because such defenses are clearly not

17   available, they should be stricken.  Inclusion of such defenses in this phase of the

18   case will unnecessarily add to the time and expense of litigation.

19

20   ───────────────

21        [5] The fact that Teck has counterclaimed against the State and Tribes does not
     alter the analysis or change the defenses available to Teck under Section 107.  *See*
22   *United States* v. *Kramer*, 757 F. Supp. 397, 419 (D.N.J. 1991) (government's potential
     liability in contribution counterclaim does not alter the type of affirmative defenses
23   permissible under Section 107(a), nor the government's right to full recovery in its cost
     recovery action); *United States v. Hunter*, 70 F. Supp. 1100, 1106-1108 (C.D. Cal.
24   1999) (resolution of government claim in Section 107 action is not final resolution of
     government's liability; PRP sued for full recovery can still proceed against alleged
25   government PRP at later point for contribution).  Teck has not cited a single case that
     finds otherwise.
26

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

## III.    CONCLUSION

For the reasons stated above, the Court should strike the Nineteenth through Twenty-Second Affirmative Defenses in Teck's Answer.  As to the other defenses that Plaintiffs initially challenged, Plaintiffs agree to withdraw their challenge based on the conditions noted above.

DATED this _____ day of February, 2009.

ROBERT M. MCKENNA                    SHORT CRESSMAN & BURGESS
Attorney General


 _s/ Kristie E. Carevich_____     _s/ Paul J. Dayton_____
KRISTIE E. CAREVICH, WSBA #28018     RICHARD A. DU BEY, WSBA #8109
MICHAEL L. DUNNING, WSBA             PAUL J. DAYTON, WSBA #12619
#29452                               LESLIE C. CLARK, WSBA #36164
Assistant Attorneys General          Counsel for Plaintiffs
ELLIOTT S. FURST, WSBA #12026        Pakootas, Michel, and the
Senior Counsel                       Confederated Tribes of the Colville
Attorneys for Plaintiff-Intervenor   Reservation
State of Washington                  (206) 682-3333
(360) 586-6770

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
(360) 586-6770

1

**PROOF OF SERVICE**

2

I certify that I electronically filed the foregoing document with the Clerk of

3

the U.S. District Court using the CM/ECF system which will send notification of

4

such filing to all parties of record.

5

DATED this _____ day of February, 2009.

6

7

8

s/ Kristie E. Carevich

KRISTIE E. CAREVICH, WSBA #28018

Assistant Attorney General

9

(360) 586-6762

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY IN SUPPORT OF

JOINT MOTION TO STRIKE

10