Richard A. Du Bey
Paul J. Dayton
Leslie C. Clark
Short Cressman & Burgess PLLC
999 Third Avenue, Suite 3000
Seattle, Washington  98104
(206) 682-3333
Attorneys for Plaintiffs Pakootas, Michel,
and the Confederated Tribes of the
Colville Reservation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, <br><br>Plaintiffs, <br><br>and <br><br>STATE OF WASHINGTON, <br><br>Plaintiff-Intervenor <br><br>v. <br><br>TECK COMINCO METALS, LTD., a Canadian corporation, <br><br>Defendant. | NO.  CV-04-0256-LRS <br><br>COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

## I.    INTRODUCTION

The Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675 (CERCLA), presents a clear and simple definition of

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 1

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

1  the term "person," and that definition omits Indian tribes.  Defendant/Counterclaim
2  Plaintiff Teck Cominco Metals, Ltd. (Teck Cominco) concedes this and does not
3  dispute that Indian tribes are specifically included in other parts of CERCLA. Yet,
4  Teck Cominco urges that CERCLA must be liberally construed and, therefore,
5  Indian tribes must be read into the list of individuals and entities who qualify as
6  persons.  That argument asks the Court to rewrite the definition of "person," not
7  construe it, and is not supported by any case law or principle of statutory
8  construction.

9       Teck Cominco's counterclaim against Plaintiff/Counterclaim Defendant the
10 Confederated Tribes of the Colville Reservation (Tribes) alleges only that the
11 Tribes "allege that they are a sovereign Indian Tribe." Belatedly recognizing that
12 Indian Tribes are not included in CERCLA's definition of "person" Teck
13 Cominco's response now offers a new strained argument that the Tribes – a
14 sovereign entity – fall within one of the terms defining "person" for CERCLA
15 purposes, e.g. "municipality," "association," or "consortium."  Having failed to
16 make any allegation in its counterclaim of such status, it may not now argue such
17 status to avert dismissal.

18      Nor would such allegations state a claim.  Under widely applied principles
19 of statutory construction, the Tribes, as a sovereign entity, are presumed to not be a
20 "person," and Teck Cominco offers no authority overcoming that presumption.
21 The Tribes are not, as a matter of law, a "municipality," an "association," or a
22 "consortium" for the purposes of potential CERCLA liability.

23      Finally, nothing in EPA's general Indian Policy or applicable canons of
24 statutory construction support any result except dismissal of Teck Cominco's
25 counterclaims.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 2



639470.5/017053.00020

## II.  AUTHORITY

**A.  CERCLA's Definition of "Person" Excludes Indian Tribes.**

The Tribes seek dismissal of Teck Cominco's counterclaims because, simply, CERCLA's definition of "person" excludes Indian tribes. Teck Cominco, having no answer or explanation for Congress' choice, argues that Indian tribes *should* have CERCLA liability, so this Court should read into the statute a means of attaching liability to Indian tribes. No principles of statutory construction support this outcome.

> 1.  <u>Teck Cominco has no response to the exclusion of "Indian tribes" from the enumerated list of entities that are "person[s]" for the purposes of CERCLA liability.</u>

Teck Cominco skirts the Tribes' principal argument:  Indian tribes are – clearly and unambiguously – omitted from CERCLA's definition of "person." Instead, Teck Cominco argues that Indian tribes must be read into the "person" definition because CERCLA is confusing and must be liberally construed.   Teck Cominco Metals Ltd.'s Response to Confederated Tribes of the Colville Reservation's Motion to Dismiss Counterclaim Pursuant to F.R.C.P. 12(b)(6) (Teck Br.) at 3:1-7:5.  Neither of those general complaints applies here where the language is clear.

Nowhere in its 19-page brief does Teck Cominco quote the definition of "person."  That omission is likely intentional, as the definition is strikingly clear; the definition of "person" is not structured, as some definitions are, to *explain* what "person" means but simply to *list* those entities that are "person[s]:"

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 3

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

> The term 'person' means an:
> - individual,
> - firm,
> - corporation,
> - association,
> - partnership,
> - consortium,
> - joint venture,
> - commercial entity,
> - United States Government,
> - State,
> - municipality,
> - commission,
> - political subdivision of a State, or
> - any interstate body.

42 U.S.C. § 9601(21) (reformatted). Under this definition, if an entity is one of the entities enumerated in the definition, it is a "person" under CERCLA. If the entity is not one of the enumerated entities (i.e., not an individual, firm, corporation, etc.) then the entity is not a "person" and cannot be liable under CERCLA. *And see Town of Bedford v. Raytheon Co.*, 755 F. Supp. 469, 470 (D. Mass. 1991) (observing that a definition using the "more limited term 'means'" [such as CERCLA's "person" definition does] – as opposed to the broader term "includes" – must be more strictly construed). Whatever its other faults in clarity,[1] on the

---

[1] CERCLA defines other terms less clearly than it defines "person." *Contrast* 42 U.S.C. § 9601(21) (definition of "person" consists of a finite, enumerated list) with, for example, 42 U.S.C. § 9601(20) (definition of "owner or operator" varies depending on the type of facility at issue and the handling of the alleged hazardous substances and contains exceptions and definitions embedded within the "owner or operator" definition).

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 4



639470.5/017053.00020

definition of "person," CERCLA is clear and, therefore, must be regarded as conclusive. *See Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982) (when resolution of an issue turns on statutory construction, a court's overriding purpose is to determine congressional intent, and where the will of Congress "has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive") (internal quotation omitted).

Teck Cominco's reliance on decisions criticizing other, less clear provisions of CERCLA is unpersuasive. *See, e.g., Uniroyal Chem. Co. v. Deltech Corp.*, 160 F.3d 238, 246 (5th Cir. 1998) (noting only that "many" – not "all" – of CERCLA's provisions lack clarity). Nor can Teck Cominco credibly argue that the omission of "Indian tribes" from the definition of "person" renders the statute ambiguous. *See Backcountry Against Dumps v. EPA*, 100 F.3d 147 (D.C. Cir. 1996) (rejecting EPA's argument that because a provision of the Resource Conservation and Recovery Act was "silent as to its application to Indian tribes, the statute [was] 'ambiguous'"). CERCLA is clear; Indian tribes are omitted from the definition of "person."[2]

---

[2] Teck Cominco does not answer the Tribes' argument that the express recognition of Indian tribes elsewhere in CERCLA creates a presumption that Congress knowingly omitted Indian tribes from the definition of "person." If Congress had intended to include Indian tribes as "person[s]" for CERCLA purposes, it could have drafted (or amended) the statute to add "Indian tribes" to the list of enumerated entities populating the term "person." It has not done so.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 5

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

2. <u>Federal court decisions interpreting the term "corporation" are not analogous because the term "corporation" is one of the discrete entities comprising CERCLA's definition of "person."</u>

As explained, CERCLA defines "person" to include, among other entities, "corporation[s]." 42 U.S.C. § 9601(21). Teck Cominco relies on two cases construing the term "corporation" to argue that the Tribes are a "person." The analogy fails.

First, *Town of Oyster Bay v. Occidental Chemical*, cited at Teck Br. at 4:6-9, does not support Teck Cominco's argument that the term "person" must be liberally construed. 987 F. Supp. 182, 201 (E.D.N.Y. 1997). In *Oyster Bay*, the parties agreed that the potentially liable party was a "corporation," one of the entities that are "person[s]." The court addressed the finer issue of whether a particular *type* of corporation (in that case, a defunct corporation) still constituted a "corporation" for the purposes of CERCLA's "person" definition. In other words, *Oyster Bay* considered whether to limit the meaning of an express term (corporation) listed under CERCLA's "person" definition. 987 F. Supp. at 200-01. The court indicated that a corporation that had gone defunct would *not* be considered a "corporation" for the purposes of CERCLA liability. *See id.* at 201. Thus, if anything, *Oyster Bay* supports a limited view of the "person" definition.

Teck Cominco then turns to the Ninth Circuit's prior decision in this case which also construed the term "corporation" within the larger definition of "person." Teck Br. at 4-5 (citing *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1076 (9th Cir. 2006)). In *Pakootas*, as in *Oyster Bay*, the Ninth Circuit addressed the question of whether a particular *type* of corporation (a foreign corporation) would still be considered a "corporation" as enumerated in the definition of "person." 452 F.3d at 1076. Teck Cominco never argued that it was

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 6



639470.5/017053.00020

not a corporation; it argued that the term "corporation" in the "person" definition did not mean *any* corporation but only corporations *acting domestically*. Thus, Teck Cominco conceded that although it was a "corporation," it fell into a subset of corporations exempt from liability. The Ninth Circuit rejected Teck Cominco's argument, as further explained in the subsequent section.

In contrast to the issue in *Pakootas* and *Oyster Bay*, the term "Indian tribes" is not listed as one of the discrete entities populating CERCLA's "person" definition. If "Indian tribes" were listed as one of those discrete entities, the Tribes would have been forced to seek a carve-out (as Teck Cominco did) arguing that the Tribes were not the *type* of "Indian tribes" contemplated within the definition. Such a strained argument is unnecessary here.

> 3. The two-part test articulated in *United States v. Palmer*, and relied on by the Ninth Circuit in finding that "corporation" under CERCLA included a "foreign corporation" operating outside U.S. borders, does not apply to the question presented here.

Neither does Teck Cominco's broader view of the *Pakootas* decision support reading "Indian tribes" into the definition of "person." Teck Cominco argues that, rather than parsing the language of CERCLA, the *Pakootas* holding requires this Court to determine whether Congress intended CERCLA to apply to this "situation." Teck Br. at 4:26. Teck Cominco misapplies *Pakootas*. There, the Ninth Circuit was analyzing whether a corporation concededly included in the CERCLA's definition of "person" should be carved out of CERCLA's coverage because Congress did not intend to reach a foreign corporation allegedly operating exclusively in foreign lands. This discussion was part of the Court's analysis of whether CERCLA is being applied extraterritorially in this case.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 7

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

In arguing to the Ninth Circuit that CERCLA was being applied incorrectly to its Canadian operations, Teck Cominco cited a Supreme Court decision holding that a gun possession statute did not reach extraterritorially to include convictions in a foreign court. *Small v. United States,* 544 U.S. 385, 390-391 (2005). Rejecting Teck Cominco's argument, the Ninth Circuit examined *United States v. Palmer,* 16 U.S. (3 Wheat.) 610 (1818), a case cited in *Small,* and noted that the Court considered the object of the statute in deciding whether "any person or persons," reached "subjects of a foreign power, who in a foreign ship may commit murder or robbery on the high seas." *Id* at 631. The Court concluded that the act in question should be read to be limited to offenses directed against the United States. The Ninth Circuit, in *Pakootas*, read *Palmer* to support its view that "corporation" includes a foreign corporation that has acted to release hazardous substances into the United States. Thus, the Ninth Circuit's focus on the "situation" to which CERCLA was applied was intended to determine whether its reach—to any or all of the listed examples of "person"–should be limited by extraterritoriality concerns, not whether Congress intended to cover any particular person or entity.

   4. <u>Teck Cominco's efforts to shoehorn the Tribes into the definition of "person" fail.</u>

Implicitly recognizing that the Tribes are not a "person" unless they fall into one of the enumerated categories in 42 U.S.C. § 9601(21), Teck Cominco argues that the Tribes might be a "municipality," an "association," or a "consortium." Teck Br. at 7:8-11:13. None of these arguments has merit because each of the suggested terms is at odds with the Tribes' status as a sovereign and because Teck Cominco did not plead the necessary supporting factual allegations.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 8

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

(a) <u>Because the Tribes are a sovereign entity, they are presumed to not be a "person" for statutory construction purposes.</u>

It is axiomatic that Indian tribes are sovereign entities. *See, e.g., United States v. Wheeler*, 435 U.S. 313, 323 (1978) ("Indian tribes are unique aggregations possessing attributes of sovereignty over both their members and their territory") (citation omitted). Federal courts have repeatedly held that sovereigns will not be read into the term "person" unless Congress gave affirmative evidence of its intention to include sovereigns. *Fayed v. CIA*, 229 F.3d 272, 274 (D.C. Cir. 2000) ("The [Supreme] Court has repeatedly held that the word 'person' in a statute does not include a sovereign government absent *affirmative* evidence of such an inclusory intent") (emphasis added) (citations omitted). *See also, e.g., Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 667 (1979) ("[In] common usage, the term 'person' does not include the sovereign, [and] statutes employing the phrase are ordinarily construed to exclude it. . . . Particularly is this true where the statute imposes a burden or limitation, as distinguished from conferring a benefit or advantage") (internal citation omitted).

(b) <u>The Tribes are not a "municipality."</u>

Attempting to shoehorn the Tribes into the definition of "person," Teck Cominco argues that the Court should consider the Tribes a "municipality," relying in part on the statutory construction principle of *in pari materia*. Teck Cominco's arguments fail because, absent express evidence of congressional intent to the contrary, the term "municipality" never describes a sovereign entity and because, absent some relationship between the statutes at issue, the principle of *in pari materia* does not support the borrowing of definitions between statutes.

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 9

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

To begin, the Tribes seek dismissal under Rule 12(b)(6) which challenges the sufficiency of Teck Cominco's counterclaim pleading. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Even when taken in the light most favorable to Teck Cominco, the counterclaim asserts no facts alleging that the Tribes are a municipality. *See* Defendant's Answer to Second Amended Complaint of Plaintiffs Pakootas, Michel, and Confederated Tribes of the Colville Reservation; and Counter Claims at p. 20 (Ct. Rec. 194) (no facts alleged supporting a claim that the Tribes are a municipality).[3] In the absence of any alleged facts, this Court must reject Teck Cominco's argument that the Tribes are a municipality.

Even if Teck Cominco had alleged facts supportive of such an argument, CERCLA does not define the term "municipality;" thus, it is appropriate to apply the word's common meaning, as found in the dictionary definition. *FDIC v. Meyer*, 510 U.S. 471, 476 (1994) (observing that in the absence of a statutory definition, a term is construed in accordance with its ordinary or natural meaning which can be determined by, for example, reference to the dictionary definition). Black's Law Dictionary defines a "municipality" as a political *subdivision of a state*:

> A city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs.

*Black's Law Dictionary* 1037 (7th ed. 1999) (defining "municipal corporation," also termed "municipality"). *See also* 1 *McQuillin: The Law of Municipal*

---

[3] The counterclaim also lacks facts supporting a claim that the Tribes are an association or a consortium. See discussion *infra*.

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 10

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

*Corporations* § 2.07.10 at 145 (3d ed. 1999) (a municipal corporation is "a political subdivision of the state and its law-making authority can be exercised only to the extent that it has been delegated by the state").  Courts construing the term "municipality," as it is used in CERCLA, agree that municipalities are "political subdivisions."  *See, e.g., Raytheon Co.*, 755 F. Supp. at 470 ("The plain language of CERCLA's definition of 'state' does not encompass political subdivisions such as municipalities").  Standing in sharp contrast to municipalities' nature as political subdivisions of a state, the Tribes are a sovereign; absent an express congressional intent to classify Indian tribes as municipalities for the purposes of CERCLA, this Court must not make the leap invited by Teck Cominco.

Teck Cominco does not acknowledge the conflict between the common meaning of municipality and the sovereignty of Indian tribes, but instead urges this Court to adopt the definition of "municipality" from three other, unrelated environmental statutes that do define the term "municipality" and have engineered its meaning to include Indian tribes.  Teck Br. at 8:13-9:10 (citing the Clean Water Act (CWA), Resource Conservation and Recovery Act of 1976 (RCRA), and the Safe Drinking Water Act (SDWA)).[4]

---

[4] For example, RCRA defines a municipality as follows:

> A municipality (A) means a city, town, borough, county, parish, district, or other public body created by or pursuant to State law, with responsibility for the planning or administration of solid waste management, or an Indian tribe or authorized tribal organization or Alaska Native village or organization, and (B) includes any rural community or unincorporated town or village or any other public entity for which an application for assistance is made by a State or political subdivision thereof.

42 U.S.C. § 6903(13).

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 11



Contrary to Teck Cominco's assertion that this Court may freely borrow from other environmental statutes to construe CERCLA, federal courts have not adopted any such broad standard and, in fact, will not rely on the construction of other statutes where there is no statutory indication that terms appearing both in CERCLA and other statutes are meant to be similarly construed. *See, e.g., Raytheon Co.*, 755 F. Supp. at 471 (the term "state" in CERCLA need not be construed the same as in RCRA, the CWA, and the SDWA because "the way in which congress has chosen to define 'State' in other statutes 'is of no moment' because it did not use those drafting devices in CERCLA") (citing *City of Philadelphia v. Stepan Chem. Co.*, 713 F. Supp. 1484, 1489 (E.D. Pa. 1989)).

Nor do federal court decisions using the principle of *in pari materia* permit Teck Cominco to borrow a definition of "municipality" from other statutes. The principle of *in pari materia* applies to aid in the construction of similar provisions when found (i) within the same statute; (ii) in a statute amending an earlier statute or (iii) in two statutes having the "same subject matter." *See United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 139 n.11 (1985) (the principle of *in pari materia* required provisions within the Clean Water Act to be construed consistently with each other); *Okruhlik v. University of Arkansas*, 255 F.3d 615, 623 (8th Cir. 2001) (*in pari materia* applied because the later statute "makes clear that it was intended to amend" the earlier statute); *Erlenbaugh v. United States*, 409 U.S. 239, 243, 244 (1972) (requiring that, for the principle to apply, the two statutes must pertain to the same matter, and observing that the "rule is but a logical extension of the principle that individual sections of a single statute should be construed together").

---

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 12



639470.5/017053.00020

Put simply, for the principle of *in pari materia* to apply between separate statutes, there must be a relationship between the terms' use in the statutes at issue. *See, e.g., Pan Am. World Airways, Inc. v. United States*, 371 U.S. 296, 303 (1963) (parallel provisions of two statutes were similarly construed because the statute that was second in time was "patterned after" the first statute); *Nat'l Wildlife Fed'n v. United States Army Corps of Eng'rs*, 384 F.3d 1163, 1178 (9th Cir. 2004) (applying the principle of *in pari materia* to construe the Clean Water Act harmoniously with the River Harbor Act; otherwise, compliance with the River Harbor Act would have meant a violation of the Clean Water Act).

Teck Cominco provides no authority suggesting that there is a relationship between CERCLA's use of the "term" municipality and the CWA's, RCRA's, and SDWA's use of that term that would justify, under the principle of *in pari materia*, borrowing among the statutes. Instead, a correct application of the principle of *in pari materia* acutally works against Teck Cominco's argument here: Because a statute must be construed in an internally consistent matter, *Riverside Bayview*, 474 U.S. at 139 n.11, Indian tribes cannot be considered a "municipality" under CERCLA because the statute treats Indian tribes and municipalities differently. *See, e.g.,* 42 U.S.C. § 9607(a)(4)(A), (B) (Indian tribes are entitled to costs "not inconsistent with the national contingency plan; municipalities are entitled only to costs if proved to be "consistent with the national contingency plan").

    (c) <u>The Tribes are not an "association" or a "consortium."</u>

Shifting to other entities enumerated in the definition of "person," Teck Cominco's half-hearted arguments that the Tribes could fit under the CERCLA definition of "person" as an "association" or a "consortium" do not convince. Teck Br. at 10:22-11:16.

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 13

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

Even if Teck Cominco had pleaded factual allegations supportive of such arguments, *see supra*, the argument fails on the law.  First, as to the term "association," the Ninth Circuit has specifically rejected the argument that Indian tribes are unincorporated "associations."  *Am. Vantage Cos. v. Table Mountain Rancheria*, 292 F.3d 1091, 1100 & n.10 (9th Cir. 2002) (rejecting plaintiff's argument, offered without supporting authority, that an Indian tribe is an unincorporated association under federal law).

Nor would applying the term "consortium" to the Tribes – which are a single federally-recognized Indian tribe[5] – conform with federal courts' treatment of the term consortium.  *See, e.g., Inter Tribal Council v. Babbitt*, 51 F.3d 199, 200 (9th Cir. 1995) (suit was brought by a "consortium of 19 federally recognized Indian Tribes" *and* individual tribes); *Taylor v. Ala. Intertribal Council Title IV*, 261 F.3d 1032, 1036 (11th Cir. 2001) (describing a collection of multiple Indian tribes as a "consortium"); *Am. Indian Agric. Credit Consortium v. Standing Rock Sioux Tribe*, 780 F.2d 1374, 1375 (8th Cir. 1985) ("[The c]onsortium is a non-profit corporation composed of 15 Indian tribes, including [the defendant], whose purpose is to aid individual tribe members through the advancement of low interest agricultural assistance loans").

---

[5] See *Tiller's Guide to Indian Country:  Economic Profiles of American Indian Reservations* 962 (Veronica E. Velarde Tiller ed., 2005) (the Tribes are a federally recognized Indian tribe).

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 14



639470.5/017053.00020

B. **EPA's Consistent and Long-Standing Exclusion of Indian Tribes from Potential CERCLA Liability Is Due Deference; EPA's General Indian Policy Does Not Alter That.**

This Court should reject Teck Cominco's argument that the 1992 EPA letter and EPA brownfields policy guidance material (both submitted with the Tribes' concurrently-filed Request for Judicial Notice and setting forth EPA's position that CERCLA liability does not attach to Indian tribes) are not due deference.  As the Tribes explained in its opening memorandum, under the Chevron deference doctrine and its progeny, the Court should accord respect to EPA's positions presented in both the 1992 letter and the brownfields program policy document. *See Alaska Dep't of Envtl. Conservation v. Envtl. Protection Agency*, 150 U.S. 461, 487-88 (2004) (even an agency's informal interpretations are accorded respect); *See United States v. W. R. Grace & Co.*, 429 F.3d 1224, 1236-37 (9th Cir. 2005) (EPA's manuals, policy statements and other pronouncements are due respect and deference by the courts).

Teck Cominco further criticizes the EPA letter and the brownfields program policy document as not reflective of any *general* policy of EPA.  *See* Teck Br. at 12:1-7.  But the policy document reflects precisely that by stating broadly that "[g]enerally, EPA has not considered tribes to be liable as PRPs under CERCLA" and applying to all of EPA's regions.  Slightly rephrasing the criticism, Teck Cominco then suggests that the Tribes submitted only one letter, from 1992, because EPA has only in isolated cases determined that it would not treat an Indian tribe as potentially liable under CERCLA.  To refute Teck Cominco's argument, the Tribe encloses a letter dated July 28, 1998 from EPA Region 10 to the Spokane Tribe of Indians.  Exh. 1 to Declaration of Shannon Work in Support of Counterclaim Defendants the Confederated Tribes of the Colville Reservation's

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 15


SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

Reply to Defendant Teck Cominco Metals, Ltd.'s Opposition to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Work Decl.). The letter confirms EPA's general interpretation that CERCLA's definition of "person" excludes Indian tribes:

> EPA's review of the relevant provisions of CERCLA demonstrates that Congress did not impose liability for response costs on Indian tribes. CERCLA imposes liability for response costs on any "person" who played certain specified roles with regard to a release. 42 U.S C. 9607(a)(2)- (4). CERCLA also explicitly imposes liability on "the owner and operator of . . . a facility . . . ." 42 U.S.C. 9607(a)(1). CERCLA in turn defines an "owner or operator" as a "person." 42 U.S.C. 9601(20)(A). However, CERCLA's definition of "person" does not include an "Indian tribe," a term which has its own definition. 42 U.S.C. 9601 (36). CERCLA also does not list liability as a purposeor which a tribe may be treated in a manner similar to a state. 42 U.S.C. 9626. Moreover, CERCLA mentions tribes in four separate provisions on liability, all of which describe liability _to_ tribes, rather than the liability _of_ tribes. 42 U.S.C. 9607(a)(4)(A), 9607(f)(1), 9607(i), and 9607(j).

Exh. 1 at p. 1, to Work Decl. (emphasis in original).

Finally, contrary to Teck Cominco's argument, the EPA Indian Policy memorandum does not create any inconsistency with the Tribes' argument that EPA does not consider Indian tribes as potentially liable under CERCLA. The EPA Indian Policy proclaims itself to apply across the board to all of EPA's programs. *See* Exh. A to declaration of Jason M. Van Loo (Ct. Rec. 281). EPA did not tailor this broad-based policy to respond to variations among the environmental statutes EPA administers; any perceived inconsistency between the general policy and EPA's specific interpretation of CERCLA must be resolved in favor of the latter.

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 16

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

### C. Resort to Canons of Construction Is Necessary Only if This Court Determines that the Enumerated List of Entities Comprising the CERCLA Definition of "Person" Is Not Clear.

Teck Cominco's opposition to the Tribes' motion reads too much into the Tribes' discussion of the Indian law canons of construction. The Tribes described in its motion, and now reiterates, that this Court need not reach the question of whether the Indian law canons of construction apply because the statutory language at issue – the definition of "person" –is clear and unambiguous. *See Alaska Dep't of Envtl. Conservation v. Envtl. Protection Agency*, 298 F.3d 814, 817 (9th Cir. 2002) ("[T]he interpretation of a statute 'begins with the plain meaning of its language.' Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive") (internal citation omitted), *affirmed*, 150 U.S. 461, 487-88 (2004).

However, if this Court views the definition of "person" as leaving open the possibility of construing that term to include "Indian tribes," the Court should reject Teck Cominco's limited view of the applicable canons of construction.[6]

---

[6] For instance, Teck Cominco did not acknowledge long-settled Ninth Circuit jurisprudence on the limited application of federal statutes of general applicability to Indian tribes. *See Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985) (where such a federal statute is silent as to applicability to Indian tribes, the statute will not apply to them if (1) the law touches on matters of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate treaty rights; or (3) legislative history, or some other means, shows that Congress intended that the law not apply to Indian tribes).

COUNTERCLAIM DEFENDANTS THE
CONFEDERATED TRIBES OF THE COLVILLE
RESERVATION'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R.
CIV. P. 12(b)(6) (CV-04-0256-LRS) - 17



## III. CONCLUSION

For the reasons set forth in the Tribes' motion and this reply, this Court should grant the Tribes' motion and dismiss Teck Cominco's counterclaims with prejudice and without leave to amend.

DATED: February 27, 2009.

> SHORT CRESSMAN & BURGESS PLLC
>
> By  */s/ Paul J. Dayton*
> Richard A. DuBey, WSBA # 8109
> Paul J. Dayton, WSBA #12619
> Leslie C. Clark, WSBA #36164
> 999 Third Avenue, Suite 3000
> Seattle, WA 98104-4088
> (206) 682-3333 (Phone)
> (206) 340-8856 (Fax)
> *Counsel for Plaintiffs Joseph A. Pakootas and Donald R. Michel, and The Confederated Tribes of the Colville Reservation*

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 18

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

SHORT CRESSMAN & BURGESS PLLC

By  /s/ Paul J. Dayton
  Richard A. DuBey, WSBA # 8109
  Paul J. Dayton, WSBA #12619
  Leslie C. Clark, WSBA #36164
  999 Third Avenue, Suite 3000
  Seattle, WA 98104-4088
  (206) 682-3333 (Phone)
  (206) 340-8856 (Fax)
  *Counsel for Plaintiffs Joseph A. Pakootas and Donald R. Michel, and The Confederated Tribes of the Colville Reservation*

COUNTERCLAIM DEFENDANTS THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) (CV-04-0256-LRS) - 19

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

639470.5/017053.00020