UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD L. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,

   Plaintiffs,

And

STATE OF WASHINGTON,

   Plaintiff-Intervenor,

   v.

TECK COMINCO METALS, LTD., a Canadian corporation,

   Defendant.

No. CV-04-256-LRS

**ORDER GRANTING PLAINTIFF'S 12(b)(6) MOTION TO DISMISS,** *INTER ALIA*

**BEFORE THE COURT** are the Plaintiff's Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant's Counterclaims (Ct. Rec. 262), and Plaintiff's Request For Judicial Notice In Support Of Its 12(b)(6) Motion (Ct. Rec. 265).

Oral argument was heard on June 4, 2009. Paul J. Dayton, Esq., argued

**ORDER GRANTING PLAINTIFF'S
12(b)(6) MOTION TO DISMISS,** *INTER ALIA*- 1

on behalf of Plaintiff Confederated Tribes Of The Colville Reservation ("Tribes"). Mark E. Elliott argued on behalf of Defendant Teck Cominco Metals, Ltd. ("Teck").

# I. BACKGROUND

In its Answer to the Second Amended Complaint of the Tribes (Ct. Rec 194), Defendant Teck asserts two CERCLA[1] counterclaims against the Tribes, contending the Tribes caused and contributed to the hazardous substances contamination of Lake Roosevelt. As part of its counterclaims against the Tribes for cost recovery, contribution and declaratory relief, Teck alleges the Tribes "are covered 'persons' within the meaning of that term as it is used in CERCLA, 42 U.S.C. Section 9601(21)." The Tribes move to dismiss the counterclaims, asserting they are not "person[s]" subject to liability under CERCLA, 42 U.S.C. Section 9607(a), and therefore, that Teck's counterclaims are not based on "a cognizable legal theory."

# II. DISCUSSION

## A. 12(b)(6) Standard/Judicial Notice

A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from such allegations. *Mendocino Environmental Center v. Mendocino*

---

[1] Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. Section 9601 *et. seq.*

**ORDER GRANTING PLAINTIFF'S**
**12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 2**

*County*, 14 F.3d 457, 460 (9th Cir. 1994); *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The sole issue raised by a 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S.Ct. 1827 (1989).

Unless the court converts the Rule 12(b)(6) motion into a summary judgment motion, or the defense is apparent from matters of which the court may take judicial notice, the court cannot consider material outside the complaint (e.g. facts presented in briefs, affidavits or discovery materials). *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). A matter that is properly the subject of judicial notice (Fed. R. Evid. 201) may be considered along with the complaint when deciding a 12(b)(6) motion to dismiss without converting the motion to one for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). The court may properly consider matters of public record (e.g. pleadings, orders and other papers on file in another action pending in the court; records and reports of administrative bodies; or the legislative history of laws, rules or ordinances) as long as the facts noticed are not subject to reasonable dispute. *Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

### B.  Statutory Language

42 U.S.C. Section 9607 imposes liability upon certain "persons" (i.e, owner/operator, arranger, transporter) for costs incurred in responding to a release of hazardous substances. "Person" is defined in Section 9601(21) as "an individual, firm, corporation, association, partnership, consortium, joint venture, commercial entity, United States Government, State, municipality, commission,

**ORDER GRANTING PLAINTIFF'S**
**12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 3**

political subdivision of a State, or any interstate body." "Indian tribe" is not expressly included in this list and indeed, is defined separately at Section 9601(36).

"[W]hen the statute's language is plain, the sole function of the courts- at least where the disposition required by the text is not absurd- is to enforce it according to its terms." *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942 (2000). In *Hartford*, the U.S. Supreme Court reiterated what it had previously said in *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54, 112 S.Ct. 1146 (1992):

> [I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. [Citations omitted]. When the words of a statute are unambiguous, then, this first canon is also the last: "judicial inquiry is complete." [Citation omitted].

CERCLA's definition of "person" is plain. It does not include "Indian tribes." Finding that CERCLA liability cannot be imposed on Indian tribes per the terms of the statute is not an "absurd" result. Whereas CERCLA specifically provides for liability **to** an Indian tribe, 42 U.S.C. Section 9607(a)(4)(A) and 9607(f), it contains no specific provision for the liability **of** an Indian tribe.[2] Furthermore, sovereigns will not be read into the term "person" unless there is affirmative evidence that Congress intended to include

---

[2] Under the canon of statutory construction *expressio unius est exclusio alterius*, the express mentioning of one thing implies exclusion of another. Thus, to the extent it is necessary to rely on any additional canons of statutory construction beyond "plain meaning," *expressio unius est exclusio alterius* supports the conclusion that Indian tribes are not "persons" subject to CERCLA liability.

**ORDER GRANTING PLAINTIFF'S**
**12(b)(6) MOTION TO DISMISS,** *INTER ALIA***- 4**

sovereigns. *Wilson v. Omaha Indian Tribe*, 442 U.S. 653, 667, 99 S.Ct. 2529 (1979); *Fayed v. CIA*, 229 F.3d 272, 274 (D.C. Cir. 2000). Congress can waive a tribe's immunity from suit, but that waiver must be clearly expressed. Congress has plenary power over tribal sovereignty, but must make clear its intent to limit that sovereignty. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56, 98 S.Ct. 1670 (1978); *Fletcher v. United States*, 116 F.3d 1315, 1328 (10th Cir. 1997).[3]

      Defendant Teck, as it must, acknowledges CERCLA is silent on the issue of whether tribes are covered as "persons." Defendant acknowledges there is no legislative history regarding whether Congress intended Indian tribes to be subject to liability under CERCLA. Nevertheless, Defendant asserts this is of no consequence since it is clear what CERCLA is intended to address, that being holding parties responsible for cleaning up hazardous substances contamination caused by them. Defendant, a foreign (Canadian) corporation, which the Ninth Circuit in *Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1079 (9th Cir. 2006) found was subject to CERCLA liability despite the fact that its disposal activity occurred in Canada, says there is no reason why an

---

[3]

     Absent clear Congressional intent and an analysis of such intent, it matters not that courts may have somehow inadvertently "implied" that Indian tribes are "persons" subject to CERCLA liability. Defendant's reliance on *United States v. Atlantic Research Corp.*, 551 U.S. 128, 127 S.Ct. 2331, 2336 (2007), and *United States v. Friedland*, 152 F.Supp.2d 1234, 1247 (D. Colo. 2001), is not persuasive. Those cases did not specifically deal with the question of whether Indian tribes are subject to liability under CERCLA.

**ORDER GRANTING PLAINTIFF'S
12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 5**

Indian tribe should be treated any differently.[4] This, however, ignores the fact that "corporations" are specifically among the enumerated entities included within the definition of "person" in 42 U.S.C. Section 9601(21), whereas Indian tribes are not, and do not fall neatly into the definition of any of the other enumerated entities. Furthermore, a foreign corporation is not generally entitled to sovereign immunity, unlike an Indian tribe which has been recognized by the United States Government. An Indian tribe simply is not just any other party for the purpose of ascertaining whether liability is authorized by CERCLA.

Defendant Teck argues that CERCLA's use of the term "municipality" should be read *in pari materia* with other federal environmental statutes, including the Resource Conservation and Recovery Act of 1976 (RCRA), 42 U.S.C. §§ 6901 *et seq.*, the Safe Drinking Water Act (SDWA), 42 U.S.C. §§ 300f *et. seq.*, and the Clean Water Act (CWA), 33 U.S.C. §§ 1251 *et seq.* Each of those other environmental statute defines "person" to include "municipalities," and in turn, defines "municipalities" to specifically include "Indian tribes." 42 U.S.C. § 6903(13)(A); 42 U.S.C. § 300(f)(10); and 33 U.S.C. § 1362(4). In other words, the argument is that even though CERCLA does not define the term "municipality," the fact CERCLA defines "person" to include municipalities should lead the court to conclude that CERCLA's definition of "person" includes Indian tribes.

The *in pari materia* canon of statutory construction is only employed

---

[4] Although the "disposal activity" occurred in Canada, "releases" of hazardous substances as a result of that "disposal activity" occurred in the United States (specifically in Lake Roosevelt). Accordingly, in *Pakootas*, the Ninth Circuit found Teck was subject to CERCLA and that CERCLA was not being applied "extraterritorially."

**ORDER GRANTING PLAINTIFF'S**
**12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 6**

where a statute is ambiguous. For reasons set forth above, CERCLA is not ambiguous with respect to whether Indian tribes are covered "persons" subject to CERCLA liability. Moreover, application of *in pari materia* is problematic because: 1) waiver of tribal sovereign immunity requires an expression of clear intent on the part of Congress; and 2) even without regard to sovereign immunity, CERCLA is distinct from other environmental statutes- RCRA, the SDWA, and the CWA- and does not address precisely the same subject matter. In *Pakootas*, the Ninth Circuit pointed out the distinction between CERCLA and RCRA:

> CERCLA is only concerned with imposing liability for cleanup of hazardous waste disposal sites where there has been an actual or threatened release of hazardous substances into the environment. CERCLA does not obligate parties (either foreign or domestic) liable for cleanup costs to cease the **disposal activities** such as those that made them liable for cleanup costs; regulating **disposal activities** is in the domain of RCRA or other regulatory statutes.

452 F.3d at 1079 (emphasis added). RCRA regulates "disposal activities," whereas CERCLA concerns itself with liability for cleaning up hazardous substances which have already been "disposed" and which have now been released or are threatened to be released into the environment. See also *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 116 S.Ct. 1251, 1255 (1996) (RCRA allows landowner to seek relief for present "imminent and substantial" threats to health and/or environment; RCRA has an "immediate action" stance, where CERCLA has a more traditional tort liability stance).

Furthermore, CERCLA treats an Indian tribe differently from a municipality. For example, an Indian tribe is entitled to costs of a removal or remedial action "not inconsistent with the national contingency plan," 42 U.S.C. Section 9607(a)(4)(A), whereas "any other person" (i.e., a municipality) must prove that costs incurred are "consistent with the national contingency plan," 42

**ORDER GRANTING PLAINTIFF'S
12(b)(6) MOTION TO DISMISS,** *INTER ALIA***- 7**

U.S.C. Section 9607(a)(4)(B). The latter contains a more rigorous evidentiary burden. The costs associated with response action undertaken by an Indian tribe can be avoided by the defendants only if the defendants can show they are not consistent with the national contingency plan (NCP), whereas response action costs incurred by "any other person" require that "other person" to show his action is consistent with the NCP before he will be allowed to recover his costs. *Town of Bedford v. Raytheon, Co.*, 755 F.Supp. 469, 472 (D. Mass. 1991).

Finally, Defendant Teck contends an Indian tribe qualifies as either an "association" or as a "consortium" under the definition of "person" in 42 U.S.C. Section 9601(21). As with the term "municipality," the terms "association" and "consortium" are not specifically defined in CERCLA. CERCLA has existed for nearly 30 years, and RCRA, with it definition of "municipalities" including "Indian tribes," has existed in excess of 30 years. In that time, Congress has had more than an adequate opportunity to address any oversight regarding liability of Indian tribes under CERCLA. If Congress intended to make Indian tribes liable under CERCLA, one has to ask why it did not specifically include "Indian tribes" among the entities covered by the term "person" in Section 9601(21), nor specifically define "municipality," "association," or "consortium" to include "Indian tribes." It seems extremely implausible that Congress would simply leave it to chance that some court would conclude an Indian tribe qualifies as one of those entities subject to CERCLA liability.

There may be some very compelling policy reasons why Indian tribes should not be exempt from CERCLA liability, but that is something Congress needs to address, not this court. Defendant asserts that "[u]nder the Tribes' interpretation of CERCLA, an Indian tribe could never, under any circumstances, be found to be a responsible party under CERCLA," and "[a]s a result, an Indian tribe could literally operate a dump for the disposal of

**ORDER GRANTING PLAINTIFF'S
12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 8**

hazardous substances, with complete impunity under CERCLA." However, such a conclusion is of dubious validity inasmuch as a tribe's disposal activities would clearly be subject to regulation under RCRA as well as SDWA and the CWA.

There is authority that when an Indian tribe files suit, it waives it immunity as to counterclaims of a defendant that sound in recoupment. *Berrey v. ASARCO Incoporated*, 439 F.3d 636, 643-45 (10th Cir. 2006); *Rosebud Sioux Tribe v. Val-U Constr. Co.*, 50 F.3d 560, 562 (8th Cir. 1995); and *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1344 (10th Cir. 1982). Claims in recoupment arise out of the same transaction or occurrence, seek the same kind of relief as the plaintiff, and do not seek an amount in excess of that sought by the plaintiff. *Berrey*, 439 F.3d at 643. Sovereign immunity is waived because "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the [sovereign's] action is grounded." *Id.*, quoting *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695 (1935). Waiver under the doctrine of recoupment does not depend on prior waiver by the sovereign or an independent congressional abrogation of immunity. *Id.* at 644. In *Berrey*, the Tenth Circuit held the defendants' counterclaims for **common law** contribution and indemnity against the Quapaw Tribe were not waived because those counterclaims sounded in recoupment. The Tribe also argued for dismissal of defendants' CERCLA counterclaims for contribution, contending the counterclaims were not permitted because CERCLA's definition of "person" does not include Indian tribes. The Tenth Circuit held it did not have jurisdiction over the issue and declined to address the argument. *Id.* at 646.

In *Berrey*, the Quapaw Tribe sought dismissal of CERCLA counterclaims based on statutory interpretation, not tribal sovereign immunity. So too here, the Confederated Tribes Of The Colville Reservation seek dismissal of

**ORDER GRANTING PLAINTIFF'S
12(b)(6) MOTION TO DISMISS,** *INTER ALIA*- **9**

Defendant's CERCLA counterclaims based on statutory interpretation, not sovereign immunity. As is apparent, however, the court's interpretation of CERCLA is necessarily colored by sovereign immunity principles.

### C. EPA Interpretation and Indian Canons of Construction

Because the plain language of CERCLA reveals that Indian tribes are not subject to liability under that statute, there is no reason for the court to consider how EPA has interpreted CERCLA as it pertains to tribal liability. CERCLA is not silent or ambiguous on this issue and accordingly, there is no reason for the court to consider and give deference to EPA's interpretation. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43, 104 S.Ct. 2778 (1984). Congressional intent to exclude Indian tribes from liability is clear from the language of the statute, a conclusion that is reinforced by the fact there is no affirmative evidence that Congress intended to include sovereigns in the definition of "person."

For the same reasons, the court need not consider application of Indian law canons of construction in determining whether there is tribal liability under CERCLA.

## III. CONCLUSION

The Colville Confederated Tribes' Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Defendant's Counterclaims (Ct. Rec. 262) is **GRANTED**. Defendant's CERCLA counterclaims against the Tribes are **DISMISSED with prejudice** as they are not premised on a cognizable legal theory. The legal deficiency of these counterclaims cannot be cured by an amended complaint or by any other means. The Tribes' Request For Judicial Notice In Support Of Its 12(b)(6) Motion (Ct. Rec. 265) is **DISMISSED as moot** since it is unnecessary to

**ORDER GRANTING PLAINTIFF'S**
**12(b)(6) MOTION TO DISMISS,** *INTER ALIA* **- 10**

consider EPA's interpretation of CERCLA in arriving at a resolution of the issue presented to the court.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this ___19th___ day of June, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER GRANTING PLAINTIFF'S 12(b)(6) MOTION TO DISMISS,** *INTER ALIA***- 11**