UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD L. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and the CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>Plaintiffs,<br><br>And<br><br>STATE OF WASHINGTON,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>Defendant. | No. CV-04-256-LRS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT,** *INTER ALIA* |

**BEFORE THE COURT** are the Defendant's Motion To Alter Or Amend Judgment Pursuant To Fed. R. Civ. P. 59(e) (Ct. Rec. 302)**;** Defendant's Request For Judicial Notice In Support Of Its Motion To Alter Or Amend Judgment (Ct. Rec. 304); Plaintiffs' (Pakootas' and Michel's) Motion To Strike

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 1**

Exhibits Attached To Affidavit Of C. Bruce DiLuzio In Support Of Defendant's Motion To Alter Or Amend Judgment (Ct. Rec. 336); Plaintiff-Intervenor State Of Washington's Motion For Award Of Costs Of Litigation Including Attorney Fees (Ct. Rec. 298); and Plaintiff-Intervenor State Of Washington's Motion To Strike Affidavit Of C. Bruce DiLuzio And Exhibits Thereto (Ct. Rec. 341).

Oral argument was heard on June 4, 2009. Paul J. Dayton, Esq., argued on behalf of Plaintiffs Pakootas and Michel. Christopher J. McNevin, Esq., argued on behalf of Defendant Teck Cominco Metals, Ltd. ("Teck" or "TCM"). Michael L. Dunning, Esq., argued on behalf of Plaintiff-Intervenor State Of Washington ("State").

## I. BACKGROUND

On March 9, 2009, this court entered an order granting the motion of Plaintiffs Pakootas and Michel for an award of costs, including attorney fees (Ct. Rec. 295) pursuant to 42 U.S.C. Section 9659(f) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). This court found Plaintiffs were "substantially prevailing" parties.

This order prompted the State of Washington, the Plaintiff-Intervenor, to file its own motion for fees and costs pursuant to 42 U.S.C. Section 9659(f). (Ct. Rec. 298). It also prompted Defendant to file a Motion To Alter or Amend Judgment, which also serves as a motion for reconsideration. (Ct. Rec. 302).

## II. DISCUSSION

### A. Alter Or Amend Judgment/Reconsideration

Defendant contends this court made certain factual errors in its order which should be corrected, following which the court should reconsider its decision awarding fees and costs to Plaintiffs Pakootas and Michel.

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 2**

**1. Reconsideration Standard**

A Fed. R. Civ. P. 59(e) motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Defendant contends this court made several clear factual errors, including a particular factual error which constituted a decision outside of the adversarial issues presented as to which the Defendant did not have an opportunity to present evidence.

**2. Alleged Factual Errors**

**a. TCM AND TCAI**

At page 4 in the "Background" section of its "Order Granting Plaintiffs' Motion For Award Of Costs Of Litigation Including Attorney Fees" (Ct. Rec. 295), this court stated:

> While the interlocutory appeal was pending before the Ninth Circuit, TCM entered into a settlement agreement with EPA in June 2006 under which TCM agreed to perform a remedial investigation/feasibility study (RI/FS) patterned after the relief requested in the UAO. As part of the agreement, EPA withdrew its UAO. Under the agreement, TCM was not required to submit to jurisdiction under CERCLA.[1]

Defendant TCM, a Canadian corporation, says this statement is in error because it did not agree to perform the RI/FS, but rather it was its American subsidiary, Teck Cominco American Incorporated (TCAI), which agreed to perform the RI/FS. TCM notes that TCAI was not subject to the UAO and is

---

[1] In a footnote to this particular statement (Fn. 1 at p. 4), this court observed that "TCM's subsidiary, Teck Cominco American Incorporated (TCAI), is also a party to the RI/FS Agreement."

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 3**

not a party to this litigation.

It is true that TCAI is designated as the entity to perform the RI/FS. TCM, while a party to the RI/FS agreement, is a guarantor of TCAI's performance and in the event "TCAI files for bankruptcy protection, is declared insolvent, or is otherwise unable to fulfill its obligations under the Agreement, Teck Cominco [TCM] shall assume TCAI's outstanding rights and obligations," which include performance of the RI/FS. (Paragraph 50 of the RI/FS Agreement).

This technical correction/clarification does not, however, impact the court's analysis of whether Pakootas and Michel are prevailing or substantially prevailing parties entitled to an award of fees and costs pursuant to 42 U.S.C. Section 9659(f). This is because there is no question that TCM is a party to the RI/FS Agreement with EPA, subject to particular contractual obligations specified therein, and also because TCM and TCAI are related entities.

### b. "Patterned After The Relief Requested In The UAO"

TCM also asserts that "while there certainly are similarities (and important differences) in the scopes of work contemplated in the UAO and the [RI/FS] Settlement Agreement, it is not **completely accurate** to say that the RI/FS is 'patterned after the relief requested in the UAO.'" (Emphasis added). In making this statement, the point the court was trying to make, and which is undisputed, is that EPA's UAO, and the RI/FS Agreement between TCM, TCAI and EPA, require essentially the same basic action, that being the completion of an RI/FS in conformity with EPA's Statement of Work (SOW). This is the fundamental and important "similarity" between the UAO and the RI/FS Agreement. EPA is "calling the shots" regarding the RI/FS, just as it would under a UAO, but TCM is not subjecting itself to CERCLA jurisdiction as

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 4**

would be the case if the RI/FS were being performed pursuant to a UAO. Accordingly, the court's statement is accurate.

### c. Injunctive Relief Sought By EPA

At page 9 of its order granting fees and costs, this court stated that "Pakootas and Michel are 'prevailing' parties because they effectively obtained the injunctive relief they **and EPA** sought, which was compelling the Defendant to perform an RI/FS for the UCR site." (Emphasis added). Defendant contends this is factually inaccurate because EPA never sought injunctive relief and never sought to enforce the UAO it had issued.

It is true that EPA never commenced a legal action seeking to enforce its UAO. Nevertheless, EPA's UAO "effectively" sought "injunctive relief" in the sense that it directed Defendant to conduct an RI/FS pursuant to CERCLA, and the subsequent lawsuit brought by Pakootas and Michel was the formal legal mechanism by which it was sought to gain EPA's objective. The effort by Pakootas and Michel was ultimately rendered moot when EPA withdrew its UAO and entered into the RI/FS Agreement with Defendant. With that clarification, the court finds no need to correct its statement.

### 3. Decision Outside The Adversarial Issues Presented

The more substantive issue raised by Defendant in its motion for reconsideration concerns this court's conclusion that there was a "material alteration" of the legal relationship between Plaintiffs Pakootas and Michel, and Defendant, as a result of the RI/FS Agreement. In order for a party to attain "prevailing party" status, there must be: 1) a material alteration of the parties' legal relationship, and 2) there must also be a judicial imprimatur of that alteration. *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1170-72 (9th Cir.

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 5**

2007). This court found both elements were satisfied and therefore, that Pakootas and Michel were prevailing parties entitled to fees and costs. With regard to material alteration of the legal relationship, this court stated at pp. 7-8 of its order:

> The parties and the court have been unable to find any case awarding fees to an individual or entity that, although a party to the litigation, is not a party to the settlement agreement. Even so, the court concludes that based on the special nature of the "citizen suit" in CERCLA litigation, and the unique factual circumstances present here, the RI/FS Agreement between EPA and Defendant materially altered the legal relationship between Defendant and Plaintiffs Pakootas and Michel. Plaintiffs Pakootas and Michel "stood in the shoes" of EPA in seeking to enforce the UAO, and the RI/FS Agreement between EPA and Defendant resulted in a material alteration of the legal relationship between Plaintiffs and Defendant because the RI/FS Agreement afforded Plaintiffs "some relief" on the merits of their UAO claims for injunctive relief. *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672 (1987). Relief need not be judicially decreed. **Here, the RI/FS Agreement is the equivalent of a judicial judgment because pursuant to that agreement, the Defendant altered its conduct in response to Plaintiffs' UAO claims for injunctive relief.** *Id*. at 761-62.

(Emphasis added).

Defendant contends the court, in finding that "Defendant altered its conduct in response to Plaintiffs' UAO claims for injunctive relief," decided an issue not presented by the parties with regard to the Plaintiffs' motion for fees and costs. According to Defendant, Plaintiffs' motion did not assert that Defendant "altered its conduct in response to Plaintiffs' UAO claims," but merely asserted that Plaintiffs' citizen suit "culminated in a settlement agreement." Defendant notes that Plaintiffs did not submit any evidence on the issue of whether their UAO claims "altered" Defendant's conduct. Defendant says it also did not present any evidence on the issue because it was not raised by the Plaintiffs. Defendant vigorously disputes that it altered its conduct in response to Plaintiffs' UAO claims. Along with its motion for reconsideration, Defendant submits evidence that it had begun negotiations with EPA over the

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 6**

RI/FS well before Plaintiffs filed their citizen suit in 2004. This evidence is contained in the exhibits attached to the Affidavit of C. Bruce DiLuzio (Ct. Rec. 306). Plaintiffs Pakootas and Michel, and Plaintiff-Intervenor, the State of Washington, move to strike the affidavit, contending this is evidence which Defendant could have and should have presented previously in response to Plaintiffs' motion for fees and costs.

The court concludes that it interjected an issue into the "prevailing party" analysis that is irrelevant to the analysis. The "altered conduct" language comes from *Hewitt v. Helms*, 482 U.S. 755, 761-62, 107 S.Ct. 2672 (1987), a Supreme Court decision rendered long before the decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835 (2001), which struck down the "catalyst theory" for prevailing party status because it does not involve a judicially sanctioned change in the legal relationship of the parties. As noted, *Buckhannon* requires two criteria be met for a litigant to be a "prevailing party:" 1) he must achieve a material alteration of the legal relationship of the parties; and 2) the alteration must be judicially sanctioned. *P.N.,* 474 F.3d at 1170-72; *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005).

*Hewitt* is cited in *Buckhannon* for the proposition that a "prevailing party" is one who has been awarded "some relief" on the merits of his claim. 532 U.S. at 603. In *Hewitt*, the Supreme Court held that an interlocutory ruling reversing a dismissal for failure to state a claim did not constitute "some relief" on the merits. 482 U.S. at 760. In *Buckhannon*, the Court held:

> A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents [including *Hewitt*] thus counsel against holding that the term "prevailing party" authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties.

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 7**

532 U.S. at 605.

A voluntary change in conduct does not involve a "material alteration in the legal relationship" between the parties because there is no judicially sanctioned change in the relationship. This court found that Defendant TCM had not voluntarily changed its conduct and noted the following in its order awarding fees and costs:

> Plaintiffs are not seeking "prevailing party" status based on the "catalyst theory" that was rejected by the Supreme Court in *Buckhannon*. Because of the special nature of the "citizen suit" in CERCLA litigation and the unique circumstances present in this case, Pakootas and Michel were more than mere "catalysts" in bringing about the RI/FS Agreement between Defendant and EPA. The EPA had not taken legal action to enforce its UAO and so Pakootas and Michel, as allowed by law, "stepped into the EPA's shoes" and filed a "citizen suit" against the Defendant in an effort to enforce the UAO. While it is possible that Plaintiffs could have been included in a settlement agreement with Defendant to resolve the "citizen suit," Defendant knew it was not obligated to reach an agreement with the Plaintiffs, and that the critical entity with which it had to settle was EPA which had issued the UAO.
>
> Pakootas and Michel are "prevailing" parties because they effectively obtained the injunctive relief they and EPA sought, which was compelling the Defendant to perform an RI/FS for the UCR site. Pakootas and Michel should not be foreclosed from receiving fees simply because it was not necessary for them to be parties to the RI/FS Agreement reached between Defendant and EPA, and because Defendant and/or EPA chose not to include them as parties to the agreement. To find otherwise would effectively result in a rule that a "citizen suit" plaintiff can never obtain fees for seeking to enforce a UAO where the EPA subsequently negotiates an agreement with a defendant that, for all intents and purposes, accomplishes the objectives of the UAO.

(Order, Ct. Rec. 295, at pp. 8-9).

The requirement is that there be a material alteration in the legal relationship of the parties. There is no requirement that this can only be satisfied by an alteration of the defendant's conduct resulting specifically from the pressure of the plaintiff's lawsuit, as opposed to an alteration of the defendant's conduct resulting from another factor. Plaintiffs' lawsuit and EPA's UAO were related: they had the same basic common goal of getting

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 8**

Defendant to conduct an RI/FS of the Upper Columbia River (UCR) site, and Plaintiffs' lawsuit sought to enforce the UAO.[2] That Plaintiffs may have opposed the settlement in some respects does not take away from the fact that what was sought was to get Defendant to perform an RI/FS on the UCR site. The RI/FS Agreement accomplished that fundamental goal. That RI/FS is being performed through Defendant TCM's affiliate, TCAI, with Defendant

---

[2] The case at bar is distinguishable from *Saint John's Organic Farm v. Gem County Mosquito Abatement Dist.*, No. CV-04–87-S-BLW, 2007 WL 2461990 (D. Idaho Aug. 27, 2007), which is cited by Defendant. In *Saint John's*, the district court found that although the parties' settlement agreement was judicially enforceable, the plaintiff did not receive "some relief on the merits of his claim" because the settlement agreement did not provide any relief related to the plaintiff's complaint. The plaintiff was not a prevailing party because the judicially enforceable agreement did not relate to the relief sought in the complaint. The plaintiff admitted the results set forth in the parties' settlement agreement could not have been achieved by court order. 2007 WL 2461990 at *6-7. In the case at bar, this court could have ordered Defendant TCM to comply with the UAO and perform an RI/FS had not Defendant and the EPA entered into the RI/FS Settlement Agreement pursuant to which the EPA agreed to withdraw the UAO. This judicially enforceable RI/FS agreement, which calls for completion of an RI/FS in conformance with a Statement of Work prepared by the EPA, relates to the relief sought in the complaint filed by Plaintiffs Pakootas and Michel, and the complaint-in-intervention filed by the State of Washington.

  *Saint John's* appears to be consistent with this court's finding that the mere fact of judicial enforceability of a settlement agreement (the mere possibility of judicial enforcement) is sufficient judicial imprimatur (judicial sanction). 2007 WL 2461990 at *5. This court is not persuaded that it had to issue an order changing the parties' legal relationship, as apparently was the situation in *City of Waukesha v. PDQ Food Stores, Inc.*, 500 F.Supp.2d 1119 (E.D. Wis. 2007), a case also cited by Defendant.

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 9**

guaranteeing that the work will be performed.

Even if Defendant's RI/FS Agreement with EPA was not prompted whatsoever by Plaintiffs' citizen suit, the Plaintiffs were "prevailing parties" by virtue of the RI/FS Agreement which materially altered the legal relationship between Defendant and the Plaintiffs. This alteration was judicially sanctioned because of the fact that the settlement agreement, by its terms, is judicially enforceable. As the court explained in its order granting fees and costs, the fact Plaintiffs are not parties to the settlement agreement is of no consequence because of the unique nature of the citizen suit, and the Plaintiffs having chosen to step into the shoes of EPA and seek enforcement of the UAO when EPA had opted not to do so.[3]

There was a material alteration in the legal relationship between Plaintiffs and Defendant by virtue of the RI/FS Agreement between Defendant and EPA, which effectively amounted to "some relief" on the merits of Plaintiffs' claims for injunctive relief in seeking to enforce the UAO. It matters not whether Plaintiffs' lawsuit had any impact on Defendant's decision to enter into the RI/FS Agreement with EPA. The alteration in the legal relationship has been

---

[3] Some legal scholars have expressed concern about the impact of *Buckhannon* on "citizen suits" under CERCLA, specifically that it would dissuade the filing of such suits as an enforcement mechanism if citizens know they have no chance of recouping their fees and costs if, for example, EPA suddenly decides to settle with a defendant after the citizen suit has been filed. See the law review cites in *Waukesha*, 500 F.Supp.2d at 1123, and in *Saint John's*, 2007 WL 2461990 at *4, fn. 7. As noted, this court's decision is not premised on the catalyst theory rejected in *Buckhannon*. Rather, it is based on the judicial enforceability theory. In some jurisdictions, it remains an open question whether even after *Buckhannon*, the catalyst theory applies to environmental statutes such as the Clean Water Act. *Saint John's*, 2007 WL 2461990 at *4, fn. 7.

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 10**

judicially sanctioned because the terms of the RI/FS Agreement provide that the agreement is judicially enforceable.[4]

### 4. "Whenever Appropriate"

Being a "prevailing or the substantially prevailing party" does not automatically entitle a party to fees.[5] Awarding fees under CERCLA is discretionary, not mandatory. 42 U.S.C. Section 9659(f) provides that "[t]he court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation . . . to the prevailing or the substantially prevailing party **whenever the court determines such an award is appropriate**." (Emphasis added).

Plaintiffs Pakootas and Michel discussed this issue briefly in their

---

[4] This court has considered the Ninth Circuit's recent decision in *Better Forestry v. U.S. Department of Agriculture*, ___ F.3d ___, 2009 WL 1587895 (June 9, 2009), but finds nothing therein which would clearly justify reconsideration of its decision in the captioned matter. It **may** be that the captioned matter resides in "the gray area of *Buckhannon*" referred to by Judge Hug in his dissenting opinion, *Id*. at *6, and/or that the judicially enforceable RI/FS Settlement Agreement between Defendant TCM and EPA is "functionally equivalent" to court-ordered injunctive relief. *Id*. at *7-8.

[5] There is authority that there is no distinction between a party who "prevails" and one who "substantially prevails," *Union of Needletrades, Indus. and Textile Employees, AFL-CIO v. United States I. N.S.*, 336 F.3d 200, 207 (2nd Cir. 2003), and *Oil, Chemical & Atomic Workers International Union, AFL-CIO v. Department of Energy*, 288 F.2d 452, 455 (D.C. Cir. 2002). The disjunctive language in the statute (42 U.S.C. Section 9659(f)), however, begs the question of why such language was used. It arguably suggests that with regard to citizen suit provisions in environmental statutes, Congress was concerned with "gray areas" and/or "functional equivalence," and wanted to insure that citizens would have sufficient impetus to bring suit if necessary.

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 11**

opening memorandum in support of their motion for fees and costs. (Ct. Rec. 201-2 at pp. 18-19). Defendant TCM limited its response to the "prevailing party" inquiry and did not address the secondary step of the "appropriateness" of awarding fees and costs. In its order awarding fees and costs to Pakootas and Michel, this court did not make a specific finding regarding the propriety of awarding fees and costs, and instead also limited itself to the "prevailing party" inquiry. Inherent, however, in the court's order granting Plaintiffs' motion for fees and costs was a determination that an award of fees and costs is also "appropriate."

### 5. Recent Ninth Circuit Authority Re Jurisdictional Dismissal

Defendant points out that in the recent decision of *Center v. Biological Diversity v. Marina Point Development Co.*, 566 F.3d 794, 805 (9th Cir. 2009), the Ninth Circuit found that because the district court was without subject matter jurisdiction over the plaintiffs' Clean Water Act claims, the plaintiffs were not prevailing or substantially prevailing parties and therefore, not entitled to fees under the Clean Water Act. Defendant asserts that because Plaintiffs' claims in the instant case "were dismissed, in part for lack of jurisdiction [UAO claims for civil penalties] and in part voluntarily [UAO claims for injunctive and declaratory relief]," Plaintiffs' motion for fees should be denied.

In its order granting fees and costs, this court noted that Plaintiffs' UAO claims for civil penalties were dismissed by this court for lack of subject matter jurisdiction and therefore:

> **Plaintiffs are not "prevailing parties" with regard to their UAO claims for civil penalties since those claims have been dismissed. Plaintiffs did not obtain "some relief" on the merits of those particular claims and they will not recover fees and costs expended in pursuing their UAO claims for civil penalties. They will only recover fees and costs expended in pursuing their UAO claims for injunctive relief on which they**

ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 12

> **did obtain "some relief" on the merits by virtue of the RI/FS Agreement between EPA and Defendant.** Once that relief had been obtained, Plaintiffs did not need to reassert UAO claims for injunctive and declaratory relief in the Second Amended Complaints they filed with the court.

(Ct. Rec. 295 at p. 10, fn. 4)(emphasis added).

Plaintiffs are not awarded fees for the UAO civil penalty claims which were dismissed for lack of subject matter jurisdiction. They are awarded fees for the UAO injunctive relief claims which were rendered moot by the RI/FS Agreement between Defendant and EPA, but which were not dismissed for lack of subject matter jurisdiction.

### B. State Of Washington's Motion For Fees And Costs

Plaintiff-Intervenor State of Washington asserts it is a "substantially prevailing party" and is entitled to fees and costs pursuant to 42 U.S.C. Section 9659(f) for the same reasons the court awarded fees and costs to Plaintiffs Pakootas and Michel. A "State" may intervene as a matter of right in any "citizen suit" pursuant to Section 9659(g).[6] The State of Washington contends "[t]here is no factual or legal basis to distinguish the State from the other citizen suit Plaintiffs for purposes of prevailing party status under that decision." The court agrees.

Defendant contends that the State, in order to be awarded fees and costs, must establish it played a material and non-duplicative role in the UAO litigation. For this proposition, the Defendant cites *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1535 (9th Cir. 1985). *Grove* was a First Amendment

---

[6] 9659(g) provides: "In any action under this section, the United States or the State, or both, if not a party may intervene as a matter of right."

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 13**

case brought under 42 U.S.C. Section 1983.[7] The Ninth Circuit Court of Appeals affirmed the district court's decision denying an award of attorney's fees to the defendant-intervenor, noting that awards to intervenors under 42 U.S.C. Section 1988 should not be granted unless the intervenor plays a significant role in the litigation. The Ninth Circuit agreed with the district court that the defendant-intervenor did not play an "exceptional role" in the litigation.

There is no CERCLA case holding that an intervenor has to establish that it played a significant or exceptional role in the "citizen suit" litigation in order to be entitled to an award of fees under 42 U.S.C. Section 9659(f). The State notes there are cases under the Clean Water Act (CWA), which contains a costs provision identical to 42 U.S.C. Section 9659(f)[8], awarding fees to a plaintiff-intervenor without requiring a showing that the intervenor played a significant or exceptional role in the litigation. *Sierra Club v. Hamilton County Bd. Of County Comm'rs*, 504 F.3d 634, 642-45 (6th Cir. 2007); and *United States v. City of San Diego*, 18 F.Supp.2d 1090, 1097-98 (S.D. Cal. 1998). In the *Sierra Club* case, the Sixth Circuit observed that the Sierra Club had not merely intervened in the federal and state government enforcement actions, but its

---

[7] With one exception, discussed *infra* in the text of the order, all of the cases cited by Defendant for this proposition involved civil rights litigation. *King v. Illinois State Bd. of Elections*, 410 F.3d 404, 411(7th Cir. 2005)*; Shaw v. Hunt*, 154 F.3d 161, 166 (4th Cir. 1998)*; Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995); *Wilder v. Bernstein*, 965 F.2d 1196, 1204 (2nd Cir. 1992); and *Donnell v. U.S.*, 682 F.2d 240, 248 (D.C. Cir. 1982).

[8] 33 U.S.C. Section 1365(d) of the Clean Water Act provides that "in issuing any final order in any action brought pursuant to this section, [a court] may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such an award is appropriate."

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 14**

citizen suit had been consolidated with those other actions by order of the district court. Thus, the Sierra Club was in a different position than the intervenor-plaintiff in *United States v. Maine Department of Transportation*, 980 F.Supp. 546 (D. Me. 1997), who had merely intervened in a governmental civil enforcement action, but had never filed a citizen suit. The district court in the *Maine* case held the intervenor-plaintiff was not entitled to fees because it had not filed a citizen suit, as required by 33 U.S.C. Section 1365. That is not an issue in the case at bar because the State intervened in a "citizen suit." It did not intervene in a government civil enforcement action.

The one non-civil rights case cited by Defendant, *Ala. Power Co. v. Gorsuch*, 672 F.2d 1, 4 (D.C. Cir. 1982), involved a provision under the Clean Air Act authorizing an award of fees "whenever appropriate." The issue in that case was whether the intervenor was entitled to an award of fees from a party (the EPA) on whose behalf it had intervened. The court stated that "[i]f ever an intervenor can recover attorney's fees from a party on whose side it participated- a question we do not reach here- the justification would have to be a clear showing of some unique contribution of the intervenor to the strength of that party's legal position." This situation does not exist in the case at bar because the State is not seeking fees from a party on whose behalf it intervened. It is seeking fees from a party (Defendant TCM) **against** whom it intervened. Moreover, in *Gorsuch*, the court did award fees to the intervenor for certain work which had specifically been performed at the request of the court, and other work involving an issue on which the intervenor and the EPA were adversaries.

The plain language of 42 U.S.C. Section 9659(f) does not limit an award of fees to the party who commenced the citizen suit, but also permits an award of fees to an intervenor in the citizen suit. An intervenor becomes part of the

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 15**

"action," that being the citizen suit.  The court finds it is not necessary that the State establish it played a significant or exceptional role in the litigation in order to establish entitlement to fees under 42 U.S.C. Section 9659(f).  The issue of whether the State of Washington, as Plaintiff-Intervenor, unnecessarily duplicated work of Plaintiffs Pakootas and Michel is instead relevant to the amount of fees which should ultimately be awarded to the State.[9]  If the State unnecessarily duplicated some of the Plaintiffs' work, it will not be awarded fees for that work.  If it is not a matter of duplication, but rather a matter of the State and the Plaintiffs presenting their respective arguments as to a similar issue (i.e., application of CERCLA to a Canadian corporation where disposal activity occurs in Canada), the court will decide whether they should each get the full amount of fees claimed, or whether it is more reasonable that they share in the fees proportionate to their respective efforts.

### III.  CONCLUSION/WITHDRAWAL OF 54(b) CERTIFICATION

With the clarifications noted and for the reasons set forth above, Defendant's Motion To Alter Or Amend Judgment Pursuant To Fed. R. Civ. P. 59(e) (Ct. Rec. 302) is **DENIED**.

For the reasons set forth above, the State of Washington's Motion For Award Of Costs Of Litigation Including Attorney Fees (Ct. Rec. 298) is **GRANTED**.

The Plaintiffs' (Pakootas' and Michel's) Motion To Strike Exhibits Attached To Affidavit Of C. Bruce DiLuzio In Support Of Defendant's Motion

---

[9] See *Sierra Club*, 504 F.3d at 645 (duplication of charges was an issue related to the amount of award and remand to district court was appropriate so court could state with particularity which hours it was rejecting, which hours it was accepting, and why).

**ORDER DENYING DEFENDANT'S**
**MOTION TO ALTER OR AMEND JUDGMENT- 16**

To Alter Or Amend Judgment (Ct. Rec. 336), and the State's Motion To Strike The Affidavit Of C. Bruce DiLuzio And Exhibits Thereto (Ct. Rec. 341), are **DISMISSED as moot** because whether the citizen suit of Pakootas and Michel prompted the Defendant to negotiate a settlement with EPA does not control the "prevailing party" inquiry.

Pursuant to Fed. R. Civ. P. 54(b), this court certified its "Order Granting Plaintiffs' Motion For Award Of Costs Of Litigation Including Attorney Fees" (Ct. Rec. 295) for immediate appeal as a final judgment. A number of circuits have held that unless the court also quantifies the amount of fees awarded, a final judgment does not exist and such certification is inappropriate. *Confer v. Custom Engineering, Co.*, 952 F.2d 41, 44 (3rd Cir. 1991); *Hay v. City of Irving, Tex.*, 893 F.2d 796, 800 (5th Cir. 1990); *Sidag Aktiengesellschaft v. Smoked Foods Products Company, Inc.*, 813 F.2d 81, 84 (5th Cir. 1987); and *Phelps v. Washburn University of Topeka*, 807 F.2d 153, 155 (10th Cir. 1986). There is no Ninth Circuit authority to the contrary. Accordingly, the court **WITHDRAWS** its Rule 54(b) certification and the Judgment (Ct. Rec. 296) issued pursuant to that certification. Once the amount of fees awarded to Plaintiffs Pakootas and Michel, and to Plaintiff-Intervenor State of Washington is determined, the court will certify that its "Order Granting Plaintiffs' Motion For Award Of Costs Of Litigation Including Attorney Fees" (Ct. Rec. 295), the instant order, and the subsequent order specifying the amount of fees, constitute a final judgment pursuant to Rule 54, subject to immediate appeal.

Within fifteen (15) days of the date of the instant order, Plaintiffs Pakootas and Michel, and Plaintiff-Intervenor State of Washington, shall serve and file appropriate affidavits and exhibits itemizing the fees and costs to which they contend they are entitled. Within fifteen (15) days thereafter, Defendant shall serve and file any objections. Within fifteen (15) days thereafter, Plaintiffs

**ORDER DENYING DEFENDANT'S
MOTION TO ALTER OR AMEND JUDGMENT- 17**

and Plaintiff-Intervenor shall serve and file any replies to said objections. The court will then determine, without oral argument, the amount of fees and costs to be awarded to Plaintiffs and to Plaintiff-Intervenor.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this order and forward copies to counsel of record.

**DATED** this   25th   day of June, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT- 18**