1  EUGENE I. ANNIS
   LUKINS & ANNIS, P.S.
2  1600 Washington Trust Financial Center
   717 W Sprague Ave.
3  Spokane, WA  99201-0466
   (509) 455-9555
4
   CHRISTOPHER J. MCNEVIN, *Pro Hace Vice*
5  THOMAS A. CAMPBELL, *Pro Hace Vice*
   PILLSBURY WINTHROP SHAW PITTMAN LLP
6  725 South Figueroa Street, Suite 2800
   Los Angeles, CA 90017-5406
7  (213) 488-7100

8  Attorneys for Defendant, Teck Cominco Metals Ltd.

9  (See attached for Counsel for Plaintiffs
   and Plaintiff-Intervenor)
10

11              UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON
12                      AT YAKIMA

13  _____
                                    )
14  JOSEPH A. PAKOOTAS, an individual  )   No. CV-04-0256-LRS
    and enrolled member of the Confederated )
15  Tribes of the Colville Reservation; and )   STIPULATION AND PROTECTIVE
    DONALD L. MICHEL, an individual and )   ORDER
16  enrolled member of the Confederated )
    Tribes of the Colville Reservation, and )
17  the CONFEDERATED TRIBES OF )
    THE COLVILLE RESERVATION, )
18                                    )
                          Plaintiffs, )
19  And                               )
                                      )
20  STATE OF WASHINGTON              )
                                      )
21              Plaintiff-Intervenor, )
                                      )
22         v.                         )
                                      )
23  TECK COMINCO METALS, LTD., a     )
    Canadian corporation,             )
24                                    )
                          Defendant.  )
25  _____)

26

STIPULATION AND
PROTECTIVE ORDER

1

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

1
2
3
4
5

Plaintiffs Joseph A. Pakootas, Donald R. Michel, and the Confederated Tribes of the Colville Reservation ("Plaintiff" or the "Tribes"), and Defendant and Counter-Claimant Teck Cominco Metals Ltd. ("Defendant" or "Teck")) (collectively, the Parties"), respectively submit the following Stipulation and [Proposed] Protective Order for consideration and entry by the Court.

6
7
8
9
10
11

Plaintiff and Counterclaim Defendant State of Washington (the "State") does not oppose entry of this order, but does not join in this Stipulation and [Proposed] Protective Order, except for Paragraphs 24-36, in which it does join. The State is not bound by any provision of this Stipulation and [Proposed] Protective Order that it does not expressly join. The State will work informally with counsel for the Parties to address issues associated with confidential information.

12

Recitals

13
14
15

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to issue protective orders limiting disclosure or discovery in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."

16
17
18
19

WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that the Court may order that privileges and protections are "not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other Federal or State proceeding."

20
21
22

WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement upon the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

23
24
25

WHEREAS, the Parties each have hard-copy documents and electronically stored information that are potentially relevant to this dispute but protected from disclosure by privilege or other protections (including work-product) ("Privileged

26

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

Information"), and they wish to avoid any waiver of privileges or other protections, except for intentional waivers made with the producing party's explicit knowledge and affirmative consent.

WHEREAS, the Parties each possess certain information, including, but not limited to, financial information, trade secrets, constitutionally protected private information, confidential research and development information and other types of confidential information, which is of value and not in the public domain ("Proprietary Information"), which could be subject to discovery or disclosure in this case, yet the unrestricted disclosure of this Proprietary Information in the public domain would likely cause significant and irreparable harm to the Parties and their respective activities.

WHEREAS, the Parties expect to share Proprietary Information obtained through discovery with their experts, consultants and others, including the Parties' employees, attorneys and advisers.

WHEREAS, it may not be practicable or financially feasible for the Parties to screen the millions of pages of potentially relevant material in this case to identify every instance of Privileged Information or Proprietary Information, and the Parties intend to employ computerized queries and other reasonable methods of categorization to make these designations.

WHEREAS, the Parties seek to reduce the costs and burdens of discovery in this case by ensuring that the legal privileges and protections that apply to Privileged Information are not subject to any inadvertent, unintentional or unknowing waivers in this or any other jurisdiction, to the full extent permitted by law and regardless of whether the relevant efforts to avoid waiver, if any, are deemed reasonable or unreasonable by non-parties.

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA 99201-0466
(509) 455-9555

654494.3/017053.00020

WHEREAS, the Parties also seek to preserve the full value and confidentiality of their Proprietary Information and any Proprietary Information of others that they have a duty to protect.

NOW, THEREFORE, the Parties have agreed to preserve the confidentiality and privileged or protected status of discovered and discoverable documents and electronically stored information, including all Privileged Information and Proprietary Information, pursuant to this protective order ("Protective Order") according to the following terms and conditions:

<u>DESIGNATION AND TREATMENT</u>

<u>OF</u>

<u>"CONFIDENTIAL" DOCUMENTS AND INFORMATION</u>

1.      Documents and electronically stored information that constitutes Proprietary Information may be designated as "Confidential" under this Protective Order in the manner described below.

2.      The term "Confidential" may be used to designate all sorts of Proprietary Information including, without limitation, any type or category of: (a) hard-copy documents and electronically stored information, including original written, recorded, graphic or electronic materials, and all identical or non-identical copies thereof; (b) discovery responses and collections, including answers to interrogatories, responses to requests for admissions or production, deposition transcriptions and any of their exhibits, attachments or enclosures; (c)  copies, notes, abstracts or summaries of such information, and the information itself; and (d) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

3.      Documents and electronically stored information shall be designated as "Confidential" by labeling them "Confidential" or, in the case of electronic files that

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Confidential."

4.     Only non-public documents and electronically stored information produced or obtained through discovery in this case may be appropriately designated as "Confidential" under this Protective Order.  "Confidential" is not properly applied to any documents or electronically stored information that have been at any time: (a) produced, disclosed or made available to the public or otherwise available for public access outside of this litigation; or (b) disclosed in connection with a governmental public filing or securities offering under circumstances in which it would be unreasonable for the filer to expect confidential treatment.  Notwithstanding the foregoing, the Parties may designate as "Confidential" any Proprietary Information disclosed to a governmental entity pursuant to a written confidentiality agreement or under circumstances in which the documents or electronically stored information ordinarily would be maintained in confidence pursuant to statute, rule or regulation, legal process or customary agency practice.

5.     Documents and electronically stored information designated as "Confidential" shall be used solely by the receiving party for the prosecution or defense of any phase of this litigation, Pakootas v. Teck Cominco Metals, Ltd., No. CV-04-0256-LRS, including preparing for and conducting pre-trial, trial, and appellate proceedings in this action, or other purposes or activities in connection with this litigation that are properly within the authority of the parties under Washington State and federal law.

6.     Documents and electronically stored information that have been designated as "Confidential" shall not be disclosed by the receiving party to anyone except as provided herein, except pursuant to a court order.  Furthermore, items

STIPULATION AND
PROTECTIVE ORDER

5

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

designated as "Confidential" shall not be used by receiving Parties for any business, commercial or competitive purpose, or in any manner whatsoever in another case, litigation, proceeding or activity, whether private or public, factually related to this action or not.

7.    The Parties shall take reasonable steps to designate only valuable, confidential Proprietary Information as "Confidential," and shall not indiscriminately designate documents as "Confidential."

8.    If the Tribes wish to designate as "Confidential" any documents or information previously produced by Teck in the course of this litigation, they shall indicate which document(s) are to be deemed "Confidential" in a letter to Teck's counsel, and they shall attach a Bates-stamped copy of the item they wish to designate as "Confidential," appropriately labeled as such.  The version of such an item designated as "Confidential" shall be used in all subsequent litigation proceedings.

9.    At any time, any party may object to the designation of documents or electronically stored information as "Confidential" under this Protective Order, in which case the following process will apply:

a.    The Parties shall meet and confer in an attempt to informally resolve the dispute.

b.    If the informal process does not reach a resolution, the Parties may seek appropriate relief from the Court.

c.    The burden shall be on the designating party to establish that its designations of "Confidential" are consistent with this Protective Order.

d.    Any disputed items shall be treated as "Confidential," pending resolution of the dispute and until either the Parties agree that the disputed items shall

STIPULATION AND
PROTECTIVE ORDER

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

not be treated as "Confidential" or the Court rules that the disputed items shall not be treated as "Confidential."

10.    During the course of a deposition, a party may designate documents, electronically stored information or testimony as "Confidential" pursuant to this Protective Order, as follows:

a.    The party making the designation shall have the corresponding portion of the deposition record or the exhibit labeled as "Confidential."

b.    Counsel also may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at the deposition about a particular document or disclosing particular information is subject to this Protective Order or "Confidential."

c.    Access to any portion of a deposition transcript or exhibit designated "Confidential" shall be limited pursuant to the terms of this Protective Order.

d.    Each deposition witness testifying about "Confidential" material during a deposition shall be provided at the deposition with a copy of this Protective Order and shall be advised on the record that he or she is bound by the terms of this Protective Order and informed of the applicable legal remedies for violating this Protective Order.

e.    No person shall be present during portions of a deposition that have been designated "Confidential," unless that person is authorized under the terms of this Protective Order to receive documents and information that have been designated as "Confidential," or unless that person receives the express consent to be present from the party making the designation.

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

f.      The Parties shall have five (5) business days following receipt of a final deposition transcript to designate portions of it or its exhibits as "Confidential."

11.      The Parties may designate as "Confidential" documents and electronically stored information produced by third-parties.  This includes both copies of items previously designated "Confidential" and unique documents received form the third-party and identified as "Confidential" for the first time.  Designations of third-party documents shall be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of the document or information.  Designations of third-party documents as "Confidential" shall be memorialized in a writing that lists the Bates-stamp or other identifying characteristics of the designated document or information, and, if less than an entire document or file is designated, a description of the designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

12.      Nothing in this Protective Order affects the rights of the Parties, or any third-party, to use or disclose their own Proprietary Information in any way, whether or not it has been designated as "Confidential" in this case.  The disclosure by one of the Parties of its own Proprietary Information shall not constitute a waiver or alter the protections of this Protective Order, and shall not entitle other Parties, non-parties or their attorneys or their other agents to use or disclose such information in violation of the Protective Order.  Nevertheless, any disclosure or use by the designating party that would prevent an item from being designated as "Confidential" pursuant to paragraph 3, or that is inconsistent with its confidential status, shall serve as a basis to object to the "Confidential" designation.

13.      Documents and electronically stored information that have been designated "Confidential," along with copies or extracts of such materials and the

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

information within them, must be maintained by the Parties in confidence and may only be given, shown, made available to, or communicated to the following:

a.      the Court, all Court personnel, the Special Master and his employees or assistants or any settlement mediator;

b.      Court reporters and videographers who record depositions or other testimony in this action;

c.      employees of copying, imaging and computer services for the purpose of copying, imaging or organizing documents provided that all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services;

d.      the Parties, including any officer, director or in-house counsel of a named party or its affiliated companies;

e.      other employees of the Parties or their affiliated companies, but only for the specific purpose of working directly on the litigation at the request or under the direction of counsel;

f.      outside counsel for the Parties, and employees and independent contractors of such counsel to whom it is necessary that the documents be shown for purposes of this litigation;

g.      consultants and experts or others to whom it is necessary that the documents be shown for purpose of assisting counsel and Parties in this litigation;

h.      the author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment; and

i.      deposition witnesses.

STIPULATION AND
PROTECTIVE ORDER

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

14.     The Parties agree that certain documents or electronically stored information could be so sensitive that they reasonably should not be disclosed beyond the other Parties' outside- or in-house-counsel.  With respect to such "Attorney's Eyes Only" materials, the Parties shall, as soon as practicable, bring the sensitive nature of the items to the attention of the other Parties' outside counsel, and the Parties shall meet and confer in an attempt to agree upon proper treatment of the materials.  Any unresolved disputes shall be resolved pursuant to the Protective Order.

15.     If someone other than the designating party desires to give, show, make available or communicate any documents marked or otherwise designated as "Confidential" to any person who is not specifically authorized to have access to such documents pursuant to the terms of this Protective Order, then the party intending to make such disclosure shall notify the producing party of such intent, not less than five (5) business days prior to the intended disclosure.  Said notification shall be sufficiently specific to inform the producing party of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended.  The Parties will then attempt to negotiate the terms of disclosure within two (2) business days of the notification.  If no agreement can be reached during this shortened meet and confer period, then the party challenging disclosure may seek relief from the Court.  All disputed items shall be treated as "Confidential" pending resolution of the dispute and until either the Parties agree that the disputed items shall not be treated as "Confidential" or the Court rules that the disputed items shall not be treated as "Confidential."

16.     Each person (except for the Court, Court personnel, the Special Master, any settlement mediator, court reporters and videographers, copying, imaging and computer service employees and deposition witnesses) including any expert or

STIPULATION AND
PROTECTIVE ORDER

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

consultant provided access to documents marked "Confidential" pursuant to the terms of the Protective Order shall, before gaining such access, receive a copy of this Protective Order and agree to abide by its terms.   Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be subject to discovery.

17.    Any documents designated "Confidential" that are to be used or filed with the Court in this action and any pleading or other paper containing "Confidential" documents shall be, pursuant to any required approvals by the Court, sealed in conformance with applicable local rules of the United States District Court for the Eastern District of Washington.

18.    A non-designating party intending to use at trial documents or electronically stored information designated as "Confidential" under this Protective Order shall give not less than five (5) business days' advance written notice to all Parties.  If any party objects to the use of such documents or electronically stored information at trial, then the party seeking the use at trial may seek relief from the Court.  "Confidential" documents shall lose that status when they are first used in the course of the trial, at which point they shall no longer be considered "Confidential" documents.  Any party wishing to maintain the "Confidential" status of documents used in trial shall have the burden of convincing the Court to issue an order continuing such designation.

19.    In the event that it comes to the attention of an attorney for a receiving party that documents designated as "Confidential" have been inadvertently disclosed to someone not authorized under the terms of this Protective Order to receive such materials, then the attorney shall immediately give notice describing the circumstances of the unauthorized disclosure for counsel of record to the party who

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

designated the document or information as "Confidential."  Additionally, upon recognizing any failure to treat documents designated as "Confidential" in the manner provided herein, the Parties shall immediately take such steps as are reasonably necessary to have the items placed under seal and/or restored to their confidential status, along with providing notice to the designating party.

20.    In the event that documents or information designated as "Confidential" are inadvertently produced without the appropriate designation, such documents and copies thereof shall be returned to the producing party within five (5) business days of any written notice requesting their return to affix the appropriate designation and return them to the receiving party within five (5) business days, or they shall be immediately stamped by the receiving party as "Confidential" pursuant to the producing party's request.  Under no circumstances shall the inadvertent, unintentional or unknowing production of "Confidential" documents or information, or the giving of testimony claimed to be "Confidential" without so labeling the transcript during the deposition, constitute a waiver of the confidentiality designation.

21.    The Parties may request reasonable extensions of the deadlines for designating their documents "Confidential" under this Protective Order, and such requests shall not be unreasonably denied.

22.    Until the termination of proceedings of all phases of this action, including appellate proceedings, the Parties shall maintain the confidentiality of all documents and electronically stored information designated as "Confidential" under this Protective Order, unless they are no longer eligible to be designated pursuant to Paragraph 3 or they are used at trial without any restriction excluding them from the public record.  This provision shall not apply to any documents that are the subject of a superseding ruling of the Court as to the scope of their disclosure.  After the

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

termination of proceedings of all phases of this action, including appellate proceedings, the Parties shall either return all documents and electronically stored information designated as "Confidential" under this Protective Order to the producing party or destroy such documents and electronically stored information and provide confirmation of the destruction to all parties.

23.    The Parties intend to invite all non-parties who are subject to discovery in this litigation to join this Protective Order at their discretion.  Accordingly, to the extent that any discovery is served on a non-party, the party serving the discovery shall provide the non-party with a copy of this Protective Order and specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

24.    In the event that the State should receive a request for production of documents by a non-party made pursuant to the Washington Public Records Act, Wash. Rev. Code §§ 42.56. 001, *et seq.* ("PRA"), and said request would include documents designated as "Confidential," the State agrees to give notice to counsel of record for the party who designated the documents as "Confidential," of the request within five (5) working days of the request.  If the party objects to the production of the documents by the State pursuant to the PRA, it shall be the responsibility of the designating party to seek timely and appropriate relief from the appropriate court to enjoin their disclosure.  The burden to establish that the documents are exempt or excluded from disclosure to the public shall be as provided under the laws of the State of Washington.    The State and the designating party shall advise the requesting non-party of this procedure so that said non-party may, if it so desires, participate in said state court matter.  If the designating party seeks timely relief under the PRA in Washington State Superior court, the State shall not produce the documents pending a decision of the Washington State Court.

STIPULATION AND
PROTECTIVE ORDER

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

DESIGNATION AND TREATMENT

OF

PRIVILEGED AND PROTECTED DOCUMENTS AND INFORMATION

25.    The Parties shall take steps that are reasonable in their exclusive judgment to identify Privileged Information and to prevent its disclosure.  This can include but is not limited to attorney screening, keyword search screening, metadata filtering, the application of advanced analytical tools, designation by subject matter, location or custodian where appropriate, any combination of these, or other methods not listed.  The Parties shall not indiscriminately designate documents as privileged or protected from disclosure.

26.    No inadvertent disclosure of Privileged Information shall constitute a waiver of any privilege or other protections (including work product) in this or any other proceeding if the producing party took reasonable steps, as defined herein, to prevent its disclosure and to rectify the error in the event of an inadvertent, unintentional or unknowing disclosure.

27.    The producing party will be deemed to have taken reasonable steps to rectify an erroneous disclosure if, within ten (10) days of discovering the error and no later than ten (10) days following knowledge of an opposing party's use of such privileged information, the producing party notifies the receiving party of the claim of privilege and the basis for it and directs the receiving party to sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Information.

28.    Upon receiving such a request and notification of an inadvertent disclosure, or if a receiving party or its counsel self-identifies Privileged Information in a production, the receiving party shall promptly sequester, return, delete or destroy all copies of such inadvertently produced Privileged Information, including any and

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

all work-product containing or derived from Privileged Information, and shall make no further use or disclosure of the Privileged Information whatsoever.  The receiving party must notify the producing party if Privileged Information was disclosed before the receiving party received notification of its privileged status, and the receiving party must take all reasonable steps to secure the return of any Privileged Information of a producing party that the receiving party has disclosed.

29.    Parties will act in good faith to timely produce privilege logs.  The producing party will endeavor to provide all privilege logs to the receiving party by the producing party within thirty (30) days of the completed production of documents or electronically stored information pursuant to a discovery request.  All privilege logs shall contain information sufficient to identify the documents or information withheld and the basis of the asserted claim of privilege or protection, with sufficient detail that an opposing party or the Court could make a cogent evaluation of whether the assertion of the privilege or protection was valid.  The Parties shall create only a single entry in a privilege log for an email thread or string withheld on the basis of privilege or protection.  A party's failure to produce a privilege log within thirty (30) days will not constitute a de facto breach of this Order.

30.    Nothing in this Protective Order shall prevent a receiving party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this case; provided, however, that any challenge to Privileged Information that has been inadvertently produced must be made within five (5) court days after the producing party gives notice of the privilege or protection, by presenting the disputed information under seal with the Court for determination pursuant to Federal Code of Civil Procedure 26(b)(5)(B).

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

31.    Notwithstanding anything to the contrary herein: (a) Privileged Information that has been prepared by the Parties' outside lawyers during the pendency of this action is not subject to discovery in this litigation; and (b) the Parties shall not be required to reflect in any privilege log the communications of or with their outside counsel or their outside counsel's work-product prepared in anticipation of this litigation or during its pendency, provided that such communications and protected materials relate to the representation of the party in this case.

<u>ADDITIONAL PROVISIONS</u>

32.    Before the expiration of a deadline under the Protective Order, the Parties may request reasonable extensions under the circumstances existing at the time, and such requests shall not be unreasonably denied.

33.    The provisions of this Protective Order may be modified at any time by stipulation of the Parties approved by order of the Court.  In addition, a party may at any time apply to the Court for modification of this Protective Order.

34.    Nothing in this Stipulation and Order shall constitute: (a) an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; or (c) a waiver of any claim of immunity or privilege with respect to any testimony, document or information.

35.    The Parties expressly acknowledge that, by entering into this Stipulation, they do not waive any claims or defenses.

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

36.    The Court shall retain jurisdiction to enforce and/or to modify this Protective Order.

SO ORDERED as of the date of execution.

DATED this 19th day of November, 2009

**_s/Lonny R. Suko_**

Lonny R. Suko
Chief United States District Court Judge

SO STIPULATED as of the date of execution.

Dated this 13th day of November 2009.

LUKINS & ANNIS, P.S.

By    s/Eugene I. Annis
EUGENE I. ANNIS, WSBA# 2112
Lukins & Annis, P.S.
1600 Washington Trust Financial Center
717 W. Sprague Avenue
Spokane, WA  99201-0466
Telephone:  (509)-455-9555
Fax:  (509) 363-2461
Email:  gannis@lukins.com
Attorneys for Defendant
Teck Cominco Metals, Ltd.

STIPULATION AND
PROTECTIVE ORDER

17

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

SHORT CRESSMAN & BURGESS, PLLC


By___s/Paul J. Dayton_____
     RICHARD A. DU BEY, WSBA #8109
     PAUL J. DAYTON, WSBA #12619
     LESLIE C. CLARK, WSBA #36164
     999 Third Avenue, Suite 3000
     Seattle, Washington 98104-4088
     Telephone:  (206) 682-3333
     Fax:  (206) 340-8856
     Counsel for Plaintiffs Pakootas, Michel,
     and the Confederated Tribes of the Colville
     Reservation



ROBERT M. MCKENNA
Attorney General



By___s/Kristie E. Carevich_____
KRISTIE E. CAREVICH, WSBA #28018
MICHAEL L. DUNNING, WSBA #29452
Assistant Attorneys General
ELLIOTT S. FURST, WSBA #12026
Senior Counsel
STATE OF WASHINGTON
P.O. Box 40117
Olympia, WA 98504-0117
Telephone:  (360) 586-6770
Fax:  (360) 586-6760
Attorneys for Plaintiff-Intervenor
State of Washington

STIPULATION AND
PROTECTIVE ORDER

18

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020

Counsel for Plaintiffs:

RICHARD A. DU BEY
PAUL J. DAYTON
SHORT CRESSMAN & BURGESS, PLLC
999 Third Avenue, Suite 3000
Seattle, WA 98104
Telephone:  (206) 682-3333
Facsimile:  (206) 340-8856
Counsel for and Plaintiff-Intervenor:

KRISTIE E. CAREVICH
MICHAEL L. DUNNING
Assistant Attorneys General
P. O. Box 40117
Olympia, WA 98504-0117
Telephone:  (360) 586-6770
Fax:  (360) 586-6760

Additional Counsel for Defendant:

MARK E. ELLIOTT, Pro Hac Vice
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
(213) 488-7100

THOMAS A. CAMPBELL, Pro Hac Vice
RODNEY JACK REYNOLDS, Pro Hac Vice
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, TX 77010
(713) 276-7600

GERALD F. GEORGE, Pro Hac Vice
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA 94120-7880
(415) 983-1000

STIPULATION AND
PROTECTIVE ORDER

654494.3/017053.00020

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on the 13th day of November 2009, I filed the foregoing

3 with the Clerk of the Court using the CM/ECF system which will send notification of

4 such filing to the following:

| | |
|---|---|
| 5    Thomas A. Campbell | tom.campbell@pillsburylaw.com |
| 6    Kristie E. Carevich | kristiec@atg.wa.gov |
| 7    Paul J. Dayton | pdayton@scblaw.com |
| 8    Richard A. DuBey | rdubey@scblaw.com |
| 9    Leslie C. Clark | lclark@scblaw.com |
| 10   Loren R. Dunn | ldunn@riddellwilliams.com |
| 11   Michael L. Dunning | michaeld@atg.wa.gov |
| 12   Mark E. Elliott | mark.elliott@pillsburylaw.com |
| 13   Gerald F. George | gerald.george@pillsburylaw.com |
| 14   Christopher J. McNevin | chrismcnevin@pillsburylaw.com |
| 15   R. Jack Reynolds | jack.reynolds@pillsburylaw.com |
| 16   Christa L. Thompson | christat@atg.wa.gov |
| 17   Elliott S. Furst | elliottf@atg.wa.gov |

18

19

20                 By  s/Eugene I. Annis

                        EUGENE I. ANNIS, WSBA# 2112

21                         Attorneys for Defendant

                        Teck Cominco Metals Ltd.

22                         Lukins & Annis, P.S.

                        1600 Washington Trust Financial Center

23                         717 W. Sprague Avenue

                        Spokane, WA  99201-0466

24                         Telephone:  (509)-455-9555

                        Fax:  (509) 363-2461

25                         Email:  gannis@lukins.com

26

STIPULATION AND
PROTECTIVE ORDER

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

654494.3/017053.00020