Richard A. Du Bey
Paul J. Dayton
Leslie C. Clark
SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
(206) 682-3333

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AT YAKIMA

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>Plaintiffs,<br><br>And<br><br>STATE OF WASHINGTON,<br><br>Plaintiff-Intervenor<br><br>v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>Defendant. | NO. CV-04-0256-LRS<br><br>STIPULATION AND AMENDED PROTECTIVE ORDER PROVIDING FOR "ATTORNEY'S EYES ONLY" DESIGNATION |

**I.   STIPULATION**

Plaintiffs Joseph A. Pakootas, Donald R. Michel, and the Confederated Tribes of the Colville Reservation ("Plaintiff" or the "Tribes"), Plaintiff and Counterclaim Defendant State of Washington (the "State"), and Defendant and Counter-Claimant Teck

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 1

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020

1  Cominco Metals Ltd. ("Defendant" or "Teck") (collectively, "the Parties"), respectively
2  submit the following Stipulation and Proposed Amended Protective Order for
3  consideration and entry by the Court.

## II. FACTUAL BACKGROUND

On November 19, 2009, the Court entered a Protective Order ("November Order") providing a means of designating certain documents as confidential. *See* Court Docket No. 406. Paragraph 14 of the November Order provides that if the Parties agree that certain documents should not be disclosed beyond the other Parties' inside or outside counsel, the parties should attempt to reach an agreement as to the treatment of "Attorney's Eyes Only" materials.

As the Court knows, Defendant has requested by way of a Freedom of Information Act request certain documents from the Bureau of Indian Affairs ("BIA") that the Tribes claim are held as a bailment. *See* matter of *Teck Metals, Ltd. v. United States Bureau of Indian Affairs*, cause no. CV-09-290-LRS. The Court has issued an Order in that matter, which required BIA to produce an index of the documents for review by the Parties. *Id.*, Docket No. 38. In reviewing the index provided by the BIA, the Tribes have confirmed that certain documents contain highly sensitive and proprietary information related to subsurface mineral deposits located on the Colville Indian Reservation. These documents contain commercially sensitive materials that are extremely valuable to the Tribes. As such, the Tribes seek to take the upmost caution in producing these documents.

The Tribes have requested that a mechanism for designating these documents as "Attorney's Eyes Only" materials be created, and Defendant has agreed to such designation pursuant to the provisions set forth below and the Parties request that the

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 2

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020

November Order be modified by this stipulation of the parties, as approved by the Court pursuant to Paragraph 33 of the November Order.

### III.    SUPPLEMENTAL PROTECTIVE ORDER

Accordingly, the Protective Order, issued by the Court on November 19, 2009 (November Order), shall be amended as follows:

<u>DESIGNATION AND TREATMENT</u>

<u>OF</u>

<u>"ATTORNEY'S EYES ONLY" DOCUMENTS AND INFORMATION</u>

37.    Material or testimony that a party considers to contain trade secrets, proprietary, or commercially sensitive materials, including mining related geological and geophysical information, may be designated for "Attorney's Eyes Only" treatment pursuant to Paragraphs 38 through 46 of this Amended Order.

38.    The designation of discovery material as "Attorney's Eyes Only" shall be made in the following manner:

a.    In the case of documents or other materials (apart from depositions or other pretrial testimony) by affixing the legend "Attorney's Eyes Only" to each page containing any "Attorney's Eyes Only" material, except that in the case of multi-page documents bound together by staple or other permanent binding, the designation "Attorney's Eyes Only" need only be stamped on the first page of the document in order for the entire document to be treated as "Attorney's Eyes Only"; and

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION  - 3



665349.1/017053.00020

      b.    In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, at which time all non-counsel and experts/consultants (other than those permitted access pursuant to Paragraph 40 below) shall be excused from the room for the duration of the "Attorney's Eyes Only" testimony; or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof; and (iii) in both of the foregoing instances, by directing that testimony designation "Attorney's Eyes Only" legend be affixed to the first page of the original and to all copies of the transcript containing any "Attorney's Eyes Only" material and that the portion of the transcript containing any "Attorney's Eyes Only" material shall be bound separately.

    39.    Any material or testimony that is marked "Attorney's Eyes Only" may not be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part except to the following individuals:

      a.    outside counsel and staff, etc. who represent parties in this action, and experts and consultants in this litigation provided access in compliance with Paragraph 40 below;

      b.    the Court, provided that all filings of "Attorney's Eyes Only" materials are made under seal; and

      c.    a deponent who saw the document before it was produced in this case in the course of a deposition as provided for in Paragraph 10 of the November

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 4



Order.  For the purpose of this provision, the designation "Attorney's Eyes Only" shall be substituted for the designation "Confidential" in Paragraph 10 of the November Order.

40. Documents designated for "Attorney's Eyes Only" treatment may only be made available to those experts and consultants who have the need to review them for purposes of this litigation.  Such consultants and experts shall only be provided with access to "Attorney's Eyes Only" material, or information contained therein, after counsel has confirmed their understanding and agreement to abide by the terms of this Protective Order by signing a copy of the Written Assurance attached hereto.

41. Entering into, agreeing to and/or producing or receiving "Attorney's Eyes Only" material or otherwise complying with the terms of this Protective Order shall not:

    a. operate as an admission by any party that any particular "Attorney's Eyes Only" material contains trade secrets, proprietary , or commercially sensitive materials, including minding related geological and geophysical information;

    b. limit the right of any part to object to the production of documents it considers not subject to discovery or to challenge any objection asserted by any other party; or

    c. prevent the parties subject to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material.

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 5



SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020

      d.    waive the right of a party to designate a document for "Attorney's Eyes Only" notwithstanding that document's unintentional release without such designation, so long as the document is promptly designated and opposing counsel is promptly informed.

42.    This Protective Order has no effect upon, and shall not apply to, the Parties' use of their own "Attorney's Eyes Only" material for any purpose.

43.    In the event additional parties join or are joined in this action, their counsel, experts or consultants shall not have access to "Attorney's Eyes Only" material until the newly joined party by its counsel has executed and, at the request of any party, filed with the Court its recognition of and agreement to be fully bound by this Amended Order and the November Order.

44.    At the completion of all litigation, materials designated as "Attorney's Eyes Only" shall be returned or disposed of subject to the requirements of Paragraph 22 of the November Order.

45.    Any disputes as to the designation of materials as "Attorney's Eyes Only" not resolved as set out in Paragraph 40 of this Amended Order, shall be resolved as set out in Paragraph 9 of the November Order. For the purpose of this provision, the designation "Attorney's Eyes Only" shall be substituted for the designation "Confidential" in Paragraph 9 of the November Order.

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION  - 6

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020

46. The Parties shall take reasonable steps to designate only highly valuable, proprietary and/or commercially sensitive documents and materials as "Attorney's Eyes Only," and shall not indiscriminately designate documents as "Attorney's Eyes Only."

47. Except as specifically modified by Paragraphs 37 through 46 of this Amended Order, the November Order shall remain unchanged.

SO ORDERED as the date of execution.

Dated this 6th day of July, 2010.

*s/Lonny R. Suko*
_____
Lonny R. Suko
Chief United States District Court Judge


SO STIPULATED as of the date of execution.

DATED this 1st day of July, 2010.

SHORT CRESSMAN & BURGESS, PLLC

By   s/Paul J. Dayton
RICHARD A. DU BEY, WSBA #8109
PAUL J. DAYTON, WSBA #12619
LESLIE C. CLARK, WSBA #36164
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
Telephone: (206) 682-3333
Fax: (206) 340-8856
Counsel for Plaintiffs Pakootas, Michel, and the Confederated Tribes of the Colville Reservation

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 7

LUKINS & ANNIS, P.S.

By____s/Eugene I. Annis_____
    EUGENE I. ANNIS, WSBA# 2112
    Lukins & Annis, P.S.
    1600 Washington Trust Financial Center
    717 W. Sprague Avenue
    Spokane, WA 99201-0466
    Telephone: (509)-455-9555
    Fax: (509) 363-2461
    Email: gannis@lukins.com
    Attorneys for Defendant
    Teck Cominco Metals, Ltd.

ROBERT M. MCKENNA
Attorney General

By___s/Kristie E. Carevich_____
KRISTIE E. CAREVICH, WSBA #28018
MICHAEL L. DUNNING, WSBA #29452
Assistant Attorneys General
ELLIOTT S. FURST, WSBA #12026
Senior Counsel
STATE OF WASHINGTON
P.O. Box 40117
Olympia, WA 98504-0117
Telephone: (360) 586-6770
Fax: (360) 586-6760
Attorneys for Plaintiff-Intervenor
State of Washington

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION    - 8



665349.1/017053.00020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT YAKIMA

| | |
|---|---|
| JOSEPH A. PAKOOTAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>And<br><br>STATE OF WASHINGTON,<br><br>　　　　　Plaintiff-Intervenor<br><br>　　v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>Defendant. | NO. CV-04-0256-LRS<br><br>**WRITTEN ASSURANCE** |

_____ declares as follows:

I have read the Supplemental Protective Order (Order) dated

_____ of record in the above-referenced matter.

I agree to comply with and be bound by the provisions of the Order;

I will keep in confidence, and will not divulge to anyone other than those permitted to have access under the terms of said Order, copy, or use except solely for the purposes of this Litigation, any information, documents, or tangible things designated "Attorney's Eyes Only" under the Order;

I hereby agree to keep any and all knowledge and information related to Tribal subsurface mineral depositions, mining activities, practices, and the like in the strictest

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION   - 9

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020

confidence, and will not use this information or knowledge in any form or fashion beyond this litigation.

I hereby consent to venue and jurisdiction in the United States District Court, Eastern District of Washington at Yakima with regard to any proceeding to enforce the terms of this Order. I realize that any violation of the Order may subject me to sanctions by the Court, including punishment for civil contempt.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 2010.

_____
Signature

AMENDED PROTECTIVE
ORDER FOR "ATTORNEY'S EYES ONLY"
DESIGNATION - 10

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

665349.1/017053.00020