1  BRYCE J. WILCOX
   LUKINS & ANNIS, P.S.
2  1600 Washington Trust Financial Center
   717 W Sprague Avenue
3  Spokane, WA  99201-0466
   (509) 455-9555
4
   CHRISTOPHER J. MCNEVIN, *Pro Hac Vice*
5  THOMAS A. CAMPBELL, *Pro Hac Vice*
   PILLSBURY WINTHROP SHAW PITTMAN LLP
6  725 South Figueroa Street, Suite 2800
   Los Angeles, CA  90017-5406
7  (213) 488-7100

8  Attorneys for Defendant Teck Metals Ltd.

9              UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF WASHINGTON
10                    AT YAKIMA

11  _____
                                          )
12  JOSEPH A. PAKOOTAS, an individual      )    No. CV-04-0256-LRS
    and enrolled member of the Confederated )
13  Tribes of the Colville Reservation; and )
    DONALD L. MICHEL, an individual and     )
14  enrolled member of the Confederated     )    DEFENDANT TECK METALS LTD.'S
    Tribes of the Colville Reservation, and )    REPLY IN SUPPORT OF ITS MOTION
15  the CONFEDERATED TRIBES OF THE          )    TO EXCLUDE REPORT AND
    COLVILLE RESERVATION,                   )    TESTIMONY OF REMY J.C. HENNET
16                                          )
                                          )    Hearing Date:  October 31, 2011
17                     Plaintiffs,         )    Hearing Time:  9:00 a.m.
                                          )
18  And                                     )    (WITH ORAL ARGUMENT)
                                          )
19  STATE OF WASHINGTON,                    )
                                          )
20                     Plaintiff-Intervenor )
                                          )
21          v.                              )
                                          )
22  TECK COMINCO METALS LTD., a            )
    Canadian corporation,                   )
23                                          )
                       Defendant.           )
24  _____)

25

26

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

703230542v1                                – 1 –

Hennet is offered in rebuttal to Dr. Johns' opinion on apportionment. Plaintiffs incorrectly characterize Hennet's deposition testimony regarding his lack of apportionment experience. The deposition transcript shows that while he did initially claim prior experience as an apportionment expert, when asked later in the deposition for more detail about his apportionment experience Hennet retracted those claims and stated that he had no apportionment experience.

Thus, it is no surprise that Hennet does <u>not</u> state that the "harms" he raised actually exist – rather he states they "may" or "could" exist and then claims Teck is in error for not investigating these fictitious harms. This type of speculation is neither helpful nor admissible.

Plaintiffs' Opposition is premised on a fundamental inaccuracy – that Teck has the burden to prove what constitutes the "harm" at the Upper Columbia River ("UCR") site. Under the guise of expert opinion, Plaintiffs claim that Teck must speculate about all possible "harm" to the environment in order to satisfy its burden in this case. Teck bears no such burden and this argument provides no grounds to save Hennet.

Teck demonstrated that the expert report and testimony of Hennet should be excluded for the following reasons: (1) each of Hennet's opinions consists only of unsubstantiated speculation; (2) Hennet is not qualified to offer opinions regarding apportionment, and otherwise has no basis or foundation for such opinions; (3) Hennet offers inadmissible legal opinions regarding apportionment; and (4) Hennet goes beyond the scope of the alleged metals contained in Plaintiffs' Second Amended Complaints ("SAC") (and further opined upon by Plaintiffs' expert Dimitrios Vlassopoulos) and impermissibly seeks to expand the scope of Plaintiffs' case. Plaintiffs' Opposition does not contradict these points.

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA 99201-0466
(509) 455-9555

# I. HENNET LACKS THE NECESSARY EXPERIENCE.

In an attempt to rehabilitate Hennet, Plaintiffs assert that Teck ignored the portions of Hennet's testimony in which he testified he had experience as an apportionment expert.   ECF 1091 at 3.  Teck does not ignore the earlier deposition testimony by Hennet, rather it relies upon subsequent testimony by Hennet, where, when again asked specifically whether he had offered a prior opinion regarding apportionment, Hennet essentially retracted his prior statements.  *See* ECF 909 at 4, n.3.  For example,

> Q. Using that definition of harm that you've just provided for me, thank you, *did you offer an opinion apportioning harm to the environment* in the 1996 Doria Goombi versus Department of Interior case?
> A. *No*. In that case, as I explained before, perhaps not clearly, it was a very simple case on the data.

Declaration of Mark E. Elliott ("Elliott Decl."), Ex.1. (Hennet Tr: 61:10-15) (emphasis added).  Similarly,

> Did you offer an opinion in the matter of Tim Adams vs. The United States *in which you apportioned the harm or lack of harm* to the farmers' fields between sources of the herbicide that was used, or I guess the entities or individuals that used the herbicide?
> A. *Yes*. Based on the data I concluded that some herbicide had spread outside of the area where it had been used.

*Id.* (Hennet Tr: 28:22-29:5). When asked later in the deposition about his apportionment work in the Adams case, Hennet revised his prior statement:

> . . . In the Tim Adams case, *did you offer an opinion apportioning the harm* to the environment from the use of the herbicides by the BLM and the other parties to that litigation?
> A. Well, I distinguished -- I distinguished between areas that in my opinion were impacted by BLM activities, and areas that I consider more likely were not. So in that sense I divided that. . .
> Q. But evaluating that full extent of harm in apportioning that, that wasn't part of your opinion in that case?
> A. *In that case I was not asked to do that part*.

*Id.* (Hennet Tr: 64:14-21; 65:17-20 (emphasis added).

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

And again:

> . . . Can you identify other matters from your list of either representative projects or deposition or testimony experience *where you testified as an apportionment expert* in a non-Department of Justice matter?
> A. Yes.
> Q. What is the next one, please?
> A. I recall 2007, San Diego -- San Diego Unified Port District vs. TDY.

*Id.* (Hennet Tr: 34: 17-24) (emphasis added).  And later,

> Q. So you did *not*, in the San Diego Port case, do a full apportionment analysis of all of the harm to the environment associated with either the PCB contamination or the PAHs or the metals that may have been present?
> A. *No*. That case was specifically on recontamination.

*Id.* (Hennet Tr: 69:13-17) (emphasis added).

This testimony is merely several of multiple instances in Hennet's deposition in which he first identified himself as an apportionment expert and then later rethought and retracted that characterization. *Id.* (Hennet Tr: 21:13-19 compared to 68:17-21)(Tr: 31:18-32:20 compared to 66:11-15).

In a *Daubert* inquiry, a district court must first analyze whether an expert is qualified in the relevant field and only then does the court examine the methodology used by the expert. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999). District courts must be assured that the proffered witness is qualified to testify by virtue of his "knowledge, skill, experience, training, or education." *See* Fed. R. Evid. 702. Some special knowledge, skill, experience, training or education on the subject matter must be present. *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339, 342 (S.D. Cal. 2010); *see also* Wilson v. Woods, 163 F.3d 935 (5th Cir. 1999) (expert in fire reconstruction unqualified as expert in auto accident reconstruction).

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

"When making a preliminary finding regarding an expert's qualifications under Fed. R. Evid. 104(a), the court is to examine 'not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997) (internal quotations omitted). "The trial court must determine whether the expert's training and qualifications relate to the [specific] subject matter of his proposed testimony." *Ibid.*

Notably, Plaintiffs do not point to a single instance in which Hennet actually testified or served as an apportionment expert. In fact, in describing Hennet's qualifications in their Opposition, Plaintiffs make no mention at all of apportionment. ECF 1091 at 11-12. This simply is not Hennet's area of expertise. Plaintiffs state that Hennet does have background in such areas as "investigating the origin, fate and transport of organic and inorganic chemicals," "the forensic interpretation of chemical fingerprints," and "the interpretation of stable isotope data…." ECF 1091 at 17. Hennet may have that expertise, but he is not an apportionment expert and neither he nor Plaintiffs assert that he is such.

Further, Plaintiffs overstate the holdings of the cases upon which they rely in their Opposition. ECF 1091 at 4. For instance, in *Gardner v. General Motors Corp.*, 507 F.2d 525, 528 (10th Cir. 1974), relied upon by Plaintiffs for the general principle that "an expert need not have testified previously on the precise question presented" (ECF 1091 at 4), the trial court, in allowing a mechanical engineer and a chemical engineer, both of whom were past professors of engineering design, to testify regarding engine exhaust system design, stated as follows:

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

1
2
3

> where an expert has the education or background to permit him to analyze a given set of circumstances, he can through reading, calculations, and reasoning process from known scientific principles make himself very much [*sic*] expert in the particular product even though he has not had actual practical experience in its manufacture.

4   The facts in that case are simply not analogous to the case at hand.  Moreover, Hennet

5   has performed no detailed analysis, and has not undertaken the effort to become an

6   expert in apportionment.  Rather Hennet offers only speculative, unsubstantiated

7   opinions based on conjecture and his personal opinions.

8           *N.H. Ins. Co. v. Blue Water off Shore, LLC*, 2009 U.S. Dist. LEXIS 35435 at *4

9   (S.D. Ala. April 27, 2009), cited by Plaintiffs, contains no analysis of the issue of

10   expert testimony but only cites to *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)

11   in its review of the general *Daubert* principles regarding expert testimony.  *Miaz*,

12   upon closer review, is similarly unhelpful to Plaintiffs.  In that case the court found

13   that an expert appropriately testified regarding lost value damages where the expert

14   had "a Ph. D in economics from Yale, extensive experience as a professional

15   economist, and a substantial background in estimating damages."  The court further

16   found that his lack of real estate experience went to the foundation for his testimony,

17   rather than his qualifications to calculate damages.  *Ibid.*  This is not akin to the

18   situation at hand where Hennet, who has not performed any independent analysis and

19   offers nothing more than unsubstantiated criticism of the Teck's expert opinion,

20   purports to testify in an area where he is simply not qualified.

21           Finally, *United States v. Laurienti*, 611 F.3d 530 (9th Cir 2010), cited by

22   Plaintiffs, is similarly inapposite.  In that case  after objection to the witness as an

23   expert, the district court designated the proposed expert as a "summary" witness and

24   issued question-specific rulings as the witness testified.  *Id.* at 547.  On appeal the

25   court found that the district court committed *harmless error* in sustaining some of the

26

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

government's objections to the witness's testimony which related to areas [the NASD rules] upon which the witness did have general knowledge. *Id.* at 548.

Here, Plaintiffs do not offer examples of Hennet's experience on which he bases his opinions. They do not tell this Court what specifically in his background qualifies him to offer an opinion on apportionment. Further, nothing in Hennet's prior experience *suggests* that he is qualified to testify on issues of apportionment, as opposed to site investigation and remediation.

## II.  HENNET'S OPINIONS CONSIST OF UNSUBSTANTIATED SPECULATION.

Given his lack of experience, it is not surprising that Hennet's opinions are speculative, lack analysis, and are not grounded in fact. Plaintiffs' Opposition fails to address these deficiencies but rather argues that Hennet's unsupported statements are defensible as a "fairly obvious scientific point" and are based on "common sense assertions." ECF 1091 at 13. Plaintiffs also claim it is "not particularly remarkable to explain that there are multiple chemical and biological or physical processes that go on in the Upper Columbia River." *Id.* at 14. These platitudes do not satisfy the admissibility requirements of *Daubert.* The court must "make certain an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co.,* 526 U.S. 137,152 (1999).

Although Plaintiffs criticize Teck for submitting its motion papers without an expert declaration, no expert opinion is necessary where, as here, Hennet is not offering an opinion based on science. As he conceded at his deposition, Hennet's definition of harm is based on his *personal* definition of what constitutes the harm. Elliott Decl., Ex. 1 (Hennet Tr: 103:7-23).

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

Moreover, Plaintiffs now contend that Hennet does not even offer an opinion on apportionment.  ECF 1091 at 13, 16.  In attempting to bend this opinion into something admissible, Plaintiffs make these inconsistent characterizations of Hennet's opinion: First, Hennet "merely offers an opinion identifying the harm…."  ECF 1091 at 16, line 21. Then, "He is not attempting to offer an opinion on the harms that have occurred." ECF 1091 at 17.  Plaintiffs' inability to make a consistent statement of what Hennet has done underscore the deficiencies in his opinion.

Finally, Hennet's opinion, Plaintiffs contend, is just "a field guide" for this Court.  *Id.*  Whether Hennet offers an apportionment opinion or a "field guide" to apportionment, his inexperience, speculation and lack of foundation make it inadmissible.

## III.  THE CASE LAW CITED BY PLAINTIFFS REGARDING EXPERT TESTIMONY ON APPORTIONMENT IS INAPPOSITE.

Plaintiffs cite case law for the proposition that experts may testify on issues of apportionment.  ECF 1091 at 5-6.  Teck does not contest this general principle. Rather Teck objects to Hennet's proposed testimony, under the Federal Rules of Evidence.  Moreover, the cases cited by Plaintiff undermine their argument.

In the first case relied upon by Plaintiffs, *In the Matter of Bell Petroleum Servs. Inc.*, 3 F.3d 889, 904 (5th Cir. 1993), the court considered scientific evidence regarding competing theories of apportionment.  *Ibid.*  (holding that the district court erroneously rejected competing expert testimony regarding a volumetric approach to apportionment).  In *Goodrich Corp. v. Town of Middlesbury*, 311 F.3d 154, 162-63 (2nd Cir. 2002), also relied upon by Plaintiffs, the expert testimony concerned competing allocation formulas.

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
SPOKANE, WA  99201-0466
(509) 455-9555

Hennet does not offer a competing theory of apportionment, or an allocation formula. He offers no alternative basis for apportioning the harm, nor does he offer an opinion as to the potential likelihood of the speculative "harm" he claims Teck's experts did not consider. His opinion is simply that Dr. Johns did not consider all of the potential harm at the UCR site. ECF 910, 910-1 at 4. He provides no basis or foundation for this opinion that such harm exists or that he even is qualified to identify these harms for an apportionment analysis. *Id.* In fact, Plaintiffs concede that Hennet "*is not attempting to offer an opinion regarding the harms that have occurred*." ECF 1091 at 17. *Bell* and *Goodrich* are not on point.

*United States v. Alcan Aluminum*, 315 F. 3d 179, 183 (2d Cir. 2003), also is unhelpful. The opinion merely indicates that a court-appointed expert provided testimony regarding response costs. There is no discussion of the nature of the expert opinion. This case does not further Plaintiffs' argument about the admissibility of Hennet's opinions.

## IV. PLAINTIFFS IMPROPERLY ATTEMPT TO EXPAND THE SCOPE OF THE "HARM."

Hennet is critical of Dr. Johns for considering only six metals at the site. ECF 910, 910-1 at 4-5. Hennet claims that "[h]arm at the Site is caused by the release of numerous hazardous substances that are in addition to the six substances considered by Teck Cominco" and footnotes a laundry list of substances (some hazardous, some not).[1] *Id.* at 4. Remarkably, Hennet does not opine that these substances are present in the UCR or released from Teck's slag or effluent, rather he simply speculates that these substances *may* be present at the UCR site: "many of the contributions that Teck

---

[1]    Footnote 2 of Hennet's report lists several substances based on hearsay reports, but does not identify their relevance.

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA 99201-0466
(509) 455-9555

Cominco has alleged have passed through the river system, are buried in the sediment or, conversely, *may* have accumulated in substantial river concentrations…." *Id.* at 4 (emphasis added).  Plaintiffs concede that Hennet does not offer an opinion regarding the presence of metals in any particular concentration or particular media.  ECF 1091 at 13.  Further, Plaintiffs' case in chief experts did not opine regarding surface water contamination, groundwater contamination, or impacts to biota.  It is improper for Hennet to try to expand Plaintiffs' case on rebuttal.

## V.  TECK DOES NOT HAVE THE BURDEN OF PROOF ON WHAT CONSTITUTES THE HARM.

Plaintiffs contend  that instead of responding to the harm put at issue in Plaintiffs' pleadings, a defendant is responsible to speculate about all possible "harm" to the environment, actual or not, to justify apportionment.  To the contrary, pursuant to the Restatement, which the Supreme Court stated is the foundation for the defense of apportionment, the harm is that defined by Plaintiff's claim.  Restatement §433B. The Ninth Circuit found that ***the harm for purposes of CERCLA apportionment "is the contamination traceable to the defendants***."[2]  *United States v. Burlington Northern & Santa Fe Ry.*, 520 F.3d 918, 939 (9th Cir. 2008), overruled on other grounds.  This issue is discussed more fully in Teck's Oppositions to the Plaintiffs

---

[2] Injury to natural resources is analogous to injury to individuals or property - the usual 'harms' in a tort suit - which the Ninth Circuit rejected as being CERCLA harm. 42 U.S.C. §9607(f)(1)(NRD are measured in terms of the costs to restore, replace or acquire equivalent natural resources.)  Thus, the "harm" for all CERCLA claims is the contamination.  *See also*, *Coeur D'Alene¸* 280 F. Supp. 2d at 1120-21 (In a claim for response costs and NRD, the court applied the divisibility analysis to "the common harm to the Basin," without regard for the type of damages sought.)

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

1  Motions for Summary Adjudication of Teck's Sixteenth Affirmative Defense
2  (Liability Proportionate to Apportionment) and Teck's Opposition to State's Motion
3  for Partial Summary Judgment on Defendant's Divisibility Defense.  *See* ECF Nos.
4  1127 and 1125.

5  Plaintiffs are critical of Teck's citation to the Ninth Circuit decision in
6  *Burlington Northern & Santa Fe Ry.*, and incorrectly presume that Teck intentionally
7  omitted a reference to the fact that this case was subsequently overturned in
8  *Burlington Northern & Santa Fe Ry. v. United States*, 129 S. Ct. 1870 (2009).  While
9  Plaintiffs are correct that the Supreme Court reversed the Ninth Circuit's judgment
10 regarding apportionment, the Court specifically notes that neither "the parties nor the
11 lower courts dispute the principles that govern apportionment in CERCLA cases, and
12 both the District Court and Court of Appeals agreed that the harm created by the
13 contamination. . . was theoretically capable of apportionment."  *Id.* at 1881.
14 Therefore, the question before the Supreme Court was whether the record provided a
15 reasonable basis for the District Court's apportionment decision.  The Supreme Court
16 did not disavow the Ninth Circuit's holding that the first step of apportionment is a
17 legal question.

18 Hennet's report repeats this legal fiction.  The thrust of Hennet's opinion is that
19 expert Dr. Mark Johns did not consider the full extent of harm when providing his
20 apportionment opinions.  ECF 910, 910-1 at 3.  Hennet's opinion is thus premised on
21 a fictitious legal standard which ignores the controlling law defining "harm" under
22 CERCLA.

23

24

25

26

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

## VI.  HENNET'S EXPERT REPORT CONTAINS INADMISSIBLE LEGAL OPINIONS.

Finally, Plaintiffs efforts to salvage Hennet's testimony by characterizing a purely legal issue as an issue of fact is unavailing.  Plaintiffs contend that Hennet's expert opinion "is directed at the proper identification of the harm and *the question of whether the harm may be apportioned* …."  ECF 1091 at 5.  But, according to the *Restatement*, "the question whether the harm to the plaintiff is capable of apportionment among two or more causes is a question of law."  *Restatement (Second) of Torts*, § *434*;  *In the Matter of Bell Petroleum Servs. Inc.*, 3 F.3d at 903.

## VII.  CONCLUSION.

For the foregoing reasons, Hennet should be precluded from testifying.


DATED this 1st day of September, 2011


LUKINS & ANNIS, P.S.


By    s/Bryce J. Wilcox
BRYCE J. WILCOX, WSBA# 21728
Attorneys for Defendant
Teck Metals Ltd.
Lukins & Annis, P.S.
1600 Washington Trust Financial Center
717 W. Sprague Avenue
Spokane, WA  99201-0466
Telephone:  (509)-455-9555
Fax:  (509) 747-2323
Email:  bwilcox@lukins.com

DEFENDANT TECK METALS LTD.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF REMY J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
717 W SPRAGUE AVE.
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

Additional Counsel:

MARK E. ELLIOTT, *Pro Hac Vice*
DAVID L. STANTON, *Pro Hac Vice*
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
(213) 488-7100

GERALD F. GEORGE, *Pro Hac Vice*
AMY E. GAYLORD, *Pro Hac Vice*
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
Post Office Box 7880
San Francisco, CA  94120-7880
(415) 983-1000

THOMAS A. CAMPBELL, *Pro Hac Vice*
SAMUEL E. STUBBS, *Pro Hac Vice*
RODNEY JACK REYNOLDS, *Pro Hac Vice*
PILLSBURY WINTHROP SHAW PITTMAN LLP
909 Fannin, Suite 2000
Houston, TX  77010
(713) 276-7600

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2011, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Laura J. Black | lblack@lukins.com |
| Thomas A. Campbell | tom.campbell@pillsburylaw.com |
| Kristie Carevich Elliott | kristiec@atg.wa.gov |
| Paul J. Dayton | pdayton@scblaw.com |
| Richard A. DuBey | rdubey@scblaw.com |
| Leslie C. Clark | lclark@scblaw.com |
| Michael L. Dunning | michaeld@atg.wa.gov |
| Mark E. Elliott | mark.elliott@pillsburylaw.com |
| Amy E. Gaylord | amy.gaylord@pillsburylaw.com |
| Gerald F. George | gerald.george@pillsburylaw.com |
| Tatyana A. Gidirimski | tgidirimski@scblaw.com |
| Gregory T. Hixson | ghixson@scblaw.com |
| Russell S. King | rking@scblaw.com |
| Ken Lederman | ledek@foster.com |
| Christopher J. McNevin | chrismcnevin@pillsburylaw.com |
| R. Jack Reynolds | jack.reynolds@pillsburylaw.com |
| David L. Stanton | david.stanton@pillsburylaw.com |
| Samuel E. Stubbs | sam.stubbs@pillsburylaw.com |
| Christa L Thompson | christat@atg.wa.gov |
| Bryce J. Wilcox | bwilcox@lukins.com |
| Kelly T. Wood | kelly.wood@atg.wa.gov |

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555

1       Thomas J. Young            tomy@atg.wa.gov

2                    LUKINS & ANNIS, P.S.

3

4          By s/Bryce J. Wilcox

5               BRYCE J. WILCOX, WSBA #21728
                Attorneys for Defendant

6               Teck Metals Ltd.
                Lukins & Annis, P.S.

7               1600 Washington Trust Financial Center
                717 W. Sprague Avenue

8               Spokane, WA  99201-0466
                Telephone:  (509)-455-9555

9               Fax:  (509) 747-2323
                Email:  bwilcox@lukins.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT TECK METALS LTD.'S REPLY IN
SUPPORT OF ITS MOTION TO EXCLUDE
EXPERT REPORT AND TESTIMONY OF REMY
J.C. HENNET

LAW OFFICES
**LUKINS & ANNIS**
A PROFESSIONAL SERVICE CORPORATION
1600 WASHINGTON TRUST FINANCIAL CENTER
717 W SPRAGUE AVE.
SPOKANE, WA  99201-0466
(509) 455-9555