FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and THE CONFEDERATED TRIBES OF THE COVILLE RESERVATION, <br><br>    Plaintiffs, <br><br>*and* <br><br>THE STATE OF WASHINGTON, <br><br>    Plaintiff-Intervenor, <br><br>v. <br><br>TECK COMINCO METALS, LTD., a Canadian corporation, <br><br>    Defendant. | No.  2:04-CV-00256-SAB <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** *1

1    Before the Court is Defendant's Motion to Dismiss for Failure to State a
2 Claim, ECF No. 2497. The Court heard oral argument on the motion by Video
3 Conference on August 25, 2022. Defendant Teck Cominco Metals, Ltd.'s ("Teck")
4 was represented by Deborah Baum, Amanda Halter, Deanna Willman, and Bryce
5 Wilcox. Plaintiff-Intervenor the State of Washington ("Washington State") was
6 represented by Andrew Fitz, Joshua Osborne-Klein, and Kara Tebeau.

7    Teck moves to dismiss Washington State's Model Toxics Control Act
8 ("MTCA"), Wash. Rev. Code 70A.305 *et seq.*, claim for natural resource damages
9 deriving from aerial deposition of hazardous substances.[1] Washington State alleges
10 Teck is liable under MTCA because it disposed of hazardous air emissions at the
11 upper Columbia River and surrounding lands (the "Site") from its metallurgical
12 smelter in Trail, British Columbia. Specifically, Washington State claims that Teck
13 "deliberately discharged pollutants through its smokestack and made use of
14 Columbia River Valley air currents to dispose of these wastes in Washington."
15 Under Washington State's theory of liability, Teck is an "owner" or "operator" of
16 the Site and/or "arranged for disposal" of hazardous substances at the Site, as those
17 terms are defined by MTCA. Wash. Rev. Code § 70A.305.040(1)(a), (d).

18    In its motion, Teck contends Washington State's MTCA claim is an
19 unprecedented expansion of the statute by its application to aerial emissions—Teck
20 argues that aerial emissions from a stationary source like its smelter "do not
21 constitute a 'disposal' under MTCA." Teck also claims Washington State cannot
22 demonstrate a "release" has occurred under MTCA, because any release to the
23 environment initially occurred in British Columbia, Canada. Teck thus disputes that

24 ———————————————

25    [1] The motion is brought pursuant to Federal Rule of Civil Procedure
26 12(b)(6), and thus, the Court accepts Washington State's factual allegations as true
27 and construes the pleadings in the light most favorable to it. *Manzarek v. St. Paul*
28 *Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *2**

Washington State has alleged sufficient facts to demonstrate it (1) is a potentially liable party, or that it (2) released a hazardous substance to the environment. Last, Teck posits that applying MTCA to it—a foreign entity—violates the presumption against extraterritoriality and the foreign affairs doctrine.

Washington State responds that MTCA's remedial scope expressly encompasses surface contamination resulting from aerial deposition plumes, like those caused by Teck's smelter. Relatedly, Washington State contends it has applied MTCA to aerial deposition plumes from smelters in practice. It argues that a MTCA "release" includes entry of hazardous substances into Washington at the border as well as the continued leaching of hazardous substances deposited at the Site. Washington State also asserts its theory of MTCA liability does not require extraterritorial application of the statute and its application in this case does not violate the foreign affairs doctrine.

In this case, Washington State has stated a claim under MTCA because it has plausibly alleged Teck is a liable party and a release has occurred at the Site. First, the Court finds Washington State has pled sufficient facts to allege Teck is liable as an "arranger" for disposal of hazardous waste in Washington. Wash. Rev. Code § 70A.305.040(1)(c) (stating a person is liable under MTCA if they "arranged for disposal or treatment of the hazardous substance at the facility"). While MTCA does not define "disposal," the Court concludes "disposal" may include discharges to air. The ordinary meaning of "disposal" does not preclude this interpretation, and crucially, MTCA expressly contemplates cleanup sites created by aerial contamination. H.B. Rep. SB 6722, 60th Leg., Reg. Sess. (Wash. 2008); Wash. Rev. Code § 70A.305.130(4); *see also Mod. Sewer Corp. v. Nelson Distrib., Inc.*, 125 Wash.App. 564, 571 (2005) (defining "disposal" under MTCA to include "discharging").

Second, Washington State has plausibly alleged facts to show a "release." A "release" under MTCA means "any intentional or unintentional entry of any

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *3**

hazardous substance into the environment[.]" Wash. Rev. Code § 70A.305.020(32). The "environment" is geographically limited to that "within the state of Washington or under the jurisdiction of the state of Washington." Wash. Admin. Code § 173-340-200. Based on the facts alleged, a "release" occurred when hazardous substances entered the state of Washington (1) through the domestic airshed at the border; (2) through deposits to domestic soils and sediment; (3) continuing relapses from these deposits, after deposit; and (4) through releases to biota. *See Pakootas v. Teck Cominco Metals, Ltd.*, 452 F.3d 1066, 1077–79 (9th Cir. 2006) (finding that leaching of a hazardous substance was a domestic "release" under MTCA's federal counterpart CERCLA).

Since the purported releases occurred within Washington, and the hazardous substances have come to be located in the same, this case involves a permissible domestic application of MTCA. *See id.* at 1082 (holding that application of CERCLA did not involve an extraterritorial application of law because Teck's hazardous substances had come to be located in the United States, even though the original source of the hazardous substances was located in a foreign country). And since MTCA does not regulate Teck's activities either domestically or extraterritorially, the claim does not run afoul of the foreign affairs doctrine.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM \*4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. 2497, is **DENIED**.

2. The discovery stay on air emissions and the air pathway theory is hereby **LIFTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 15th day of September 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *5**