FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and THE CONFEDERATED TRIBES OF THE COVILLE RESERVATION,<br>　　　　　Plaintiffs,<br>　　*and*<br>THE STATE OF WASHINGTON,<br>　　　　　Plaintiff-Intervenor,<br>　　v.<br>TECK COMINCO METALS, LTD., a Canadian corporation,<br>　　　　　Defendant. | No. 2:04-CV-00256-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STANDING** |

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STANDING** *1

Before the Court is Defendant's Motion for Partial Summary Judgment on the Colville Tribes' Natural Resource Damages Claims for Lack of Standing, ECF No. 2504. The Court heard oral argument on the motion by Video Conference on August 11, 2022. Defendant Teck Cominco Metals, Ltd.'s ("Teck") was represented by Deborah Baum, Amanda Halter, Deanna Willman, and Bryce Wilcox. Plaintiffs Joseph A. Pakootas, Donald L. Michel, and the Confederated Tribes of the Colville Reservation (collectively, "CCT") were represented by Paul Dayton. Plaintiff-Intervenor the State of Washington ("Washington State") was represented by Andrew Fitz, Joshua Osborne-Klein, Dylan Stonecipher, and Kara Tebeau.

Teck's metallurgical smelter in Trail, British Columbia discharged millions of tons of slag and liquid effluent directly to the Columbia River. This case concerns cleanup of that environmental pollution in, and recovery of natural resource damages for, the upper Columbia River and surrounding lands (the "Site"). The following facts are pertinent to the present motion for partial summary judgment and derive from the parties' respective statements of material facts. For purposes of this motion, the Court concludes there is no dispute of material fact.

CCT is a federally recognized Indian tribe. The United States has granted CCT reservation lands adjacent to the upper Columbia River and preferred hunting and fishing rights in the north half of those lands, including the western half of the Columbia River and paramount rights in Lake Roosevelt adjacent to its current reservation boundaries. CCT's reservation abuts the western bank of a portion of Lake Roosevelt approximately fifty-six river miles downstream of the international border of Canada, in the southern halves of Okanogan and Ferry Counties.

In this phase of litigation, CCT alleges injuries to natural resources it holds in trust, to wit: (1) sediments in portions of the Upper Reach (*i.e.*, river miles 700–745, the uppermost riverine portion of the UCR Site); (2) benthic macroinvertebrates in portions of the Upper Reach; (3) fish, including specific injury to Sturgeon, throughout the Upper Columbia River/Lake Roosevelt; and (4) tribal services. ECF

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STANDING *2**

No. 2511-5 at 27–35. CCT is a member of a four-party Trustee Council in Washington, which is comprised of the U.S. Department of Interior, the State of Washington, and the Spokane Tribe of Indians, and in practice, CCT manages fisheries and restoration efforts in the Upper Columbia River and Lake Roosevelt.

Teck argues that CCT lacks standing to sue for natural resource damages because it is not a trustee authorized to sue under the Comprehensive Environmental Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607 *et seq*. It contends that none of the damages sought by CCT are for natural resources "belonging to, managed by, controlled by, or appertaining to" CCT, in part because Congress revoked CCT's right, title, and interest in the lands in question.

Alongside the Plaintiff-Intervenor State of Washington, CCT responds that it is a co-trustee of the natural resources because the resources are "managed by, controlled by, or appertaining to" CCT. 42 U.S.C. § 9607(f)(1). CCT contends its trusteeship derives from its reserved fishing right to a portion of harvestable fish in the north half of those lands, including the western half of the Columbia River, and paramount rights in Lake Roosevelt adjacent to its reservation boundaries.

Teck's motion for partial summary judgment is denied. CERCLA provides that, for injury to natural resources, "liability shall be to . . . any Indian tribe for natural resources belonging to, managed by, controlled by, or appertaining to such tribe[.]" 42 U.S.C. § 9607(f)(1). CERCLA does not define "manage," "control," or "appertain," and authority on the meaning of the terms in § 9607(f)(1) is scarce. However, the Court finds persuasive that "appertaining to" may include off-reservation usufructuary rights, such as hunting and fishing rights or paramount use granting a right of benefit. *See Confederated Tribes and Bands of the Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103 (D. Or. 2019).

The Court concludes CCT is a trustee under § 9607(f)(1), because the resources in question implicate and "appertain[ ] to" CCT's fishing and paramount use rights in its sovereign capacity as an Indian tribe. CCT also oversees and

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STANDING *3**

manages the natural resources in fact through, for example, its restoration efforts of fisheries in Lake Roosevelt and white sturgeon in the Upper Columbia River. ECF No. 2540 at 3–6. These natural resources are similarly "managed by" or "controlled by" CCT. Relatedly, CCT is the only sovereign entitled to recover damages for and engage in restoration of its alleged tribal service losses. Granting all reasonable inferences in favor of CCT, Teck is not entitled to summary judgment.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment on the Colville Tribes' Natural Resource Damages Claims for Lack of Standing, ECF No. 2504, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

DATED this 15th day of September 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON STANDING *4**