FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and THE CONFEDERATED TRIBES OF THE COVILLE RESERVATION, <br><br> Plaintiffs, <br><br> *and* <br><br> THE STATE OF WASHINGTON, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> TECK COMINCO METALS, LTD., a Canadian corporation, <br><br> Defendant. | No.  2:04-CV-00256-SAB <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIME-BARRED CLAIMS** |

Before the Court is Defendant's Motion for Partial Summary Judgment on Plaintiffs' Time-Barred Claims, ECF No. 2506. The Court heard oral argument on the motion by Video Conference on August 11, 2022. Defendant Teck Cominco Metals, Ltd.'s ("Teck") was represented by Deborah Baum, Amanda Halter, Deanna Willman, and Bryce Wilcox. Plaintiffs Joseph A. Pakootas, Donald L. Michel, and the Confederated Tribes of the Colville Reservation (collectively, "CCT") were represented by Paul Dayton. Plaintiff-Intervenor the State of Washington ("Washington State") was represented by Andrew Fitz, Joshua Osborne-Klein, Dylan Stonecipher, and Kara Tebeau.

Teck's metallurgical smelter in Trail, British Columbia discharged millions of tons of slag and liquid effluent directly to the Columbia River. This case concerns cleanup of that environmental pollution in, and recovery of natural resource damages for, the upper Columbia River and surrounding lands (the "Site"). The following facts are pertinent to the present motion for partial summary judgment and derive from the parties' respective statements of material facts.

On April 14, 1986, the Washington State Department of Ecology ("Ecology") developed a preliminary plan for an investigation of metals contamination in the upper Columbia River and Roosevelt Lake. An investigation pursuant to the plan identified Teck's smelter as being the primary source of contamination at the Site and possibly in sediment. Ecology conducted several additional studies on the issue between 1990 and 2001.

On August 2 and 5, 1999, CCT submitted Petitions for Assessment of Release to the U.S. Environmental Protection Agency ("EPA") asking that the EPA conduct a preliminary assessment under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") of hazards to public health and the environment associated with slag from Canadian smelters.

In December 2003, the EPA issued a unilateral administrative order to Teck, requiring Teck to perform a Remedial Investigation & Feasibility Study ("RI/FS")

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIME-BARRED CLAIMS *2**

for the Site. This action was filed in 2004 to enforce that order. In November 2005, Plaintiffs amended their complaints to assert claims for natural resource damages ("NRD") under CERCLA. ECF Nos. 109, 111. In 2006, Teck entered into a settlement agreement with the EPA to fund and conduct the RI/FS, including funding of participation of Plaintiffs and other interested parties.

Teck moves to dismiss Washington State and CCT's natural resource damages ("NRD") claims on the theory that they are time-barred under Section 107(a)(4)(C) of CERCLA. 42 U.S.C. § 9613(g)(1)(A).[1] Teck argues that Washington State and CCT had knowledge of the connection between the alleged natural resource losses and Teck's release of hazardous substances as early as 1986 and 1999, respectively. Therefore, Teck asserts Plaintiffs' NRD claims, which were pled in this action on 2005, are barred by the three-year statute of limitations.

Meanwhile, Washington State argues that the statute of limitations under § 9613(g)(1) applies to its claims, because a remedial action is scheduled.[2] Since a remedial action is being analyzed pursuant to an RI/FS, Washington State contends the statute of limitations has not started running, and thus, its claims are not time

---

[1] 42 U.S.C. § 9613(g)(1)(A) provides that an action for NRD must be commenced within 3 years after the later of the following—"(A) The date of the discovery of the loss and its connection with the release in question. (B) The date on which regulations are promulgated under section 9651(c) of this title."

[2] 42 U.S.C. § 9613(g)(1) states that, for any facility listed on the National Priorities List, any Federal facility, or any vessel or facility "at which a remedial action under this chapter is otherwise scheduled, an action for damages under this chapter must be commenced within 3 years after the completion of the remedial action . . . in lieu of the dates referred to in subparagraph (A) or (B)."

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIME-BARRED CLAIMS *3**

barred. Meanwhile, CCT argues yet a different statute of limitations applies—42 U.S.C. § 9626(d)—due to its status as an Indian tribe.[3]

In this case, the applicable statute of limitations is 42 U.S.C. § 9613(g)(1), because a remedial action "is otherwise scheduled" at the Site. *City of Moses Lake v. United States*, 416 F. Supp. 2d 1015, 1023–24 (E.D. Wash. 2005) (citing *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236 (9th Cir. 1995)); *see also Pakootas v. Teck Cominco Metals, Ltd.*, 646 F.3d 1214, 1220, 1223–25 (9th Cir. 2011) (acknowledging that a remedial action, and remediation of the Site, were "ongoing"). The applicable statute provides that an action "must be commenced within 3 years after the completion of the remedial action." 42 U.S.C. § 9613(g)(1). The statute of limitations has not started running, because the final remedial action has not been completed and is still under study pursuant to the RI/FS. This statute of limitations is also applicable to CCT pursuant to § 9626(d). Therefore, Plaintiffs' NRD claims are not barred.[4]

//
//
//
//
//

_____

[3] 42 U.S.C. § 9626(d) provides that no action "by an Indian tribe shall be barred until the later of the following: (1) The applicable period of limitations has expired. (2) 2 years after the United States, in its capacity as trustee for the tribe, gives written notice to the governing body of the tribe that it will not present a claim or commence an action on behalf of the tribe or fails to present a claim or commence an action within the time limitations specified in this chapter."

[4] The Court does not address the issue of ripeness, as it is not properly before the Court.

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIME-BARRED CLAIMS \*4**

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion for Partial Summary Judgment on Plaintiffs' Time-Barred Claims, ECF No. 2506, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 15th day of September 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON TIME-BARRED CLAIMS *5**