FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and THE CONFEDERATED TRIBES OF THE COVILLE RESERVATION,<br><br>        Plaintiffs,<br><br>        *and*<br><br>THE STATE OF WASHINGTON,<br><br>        Plaintiff-Intervenor,<br><br>        v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>        Defendant. | No.   2:04-CV-00256-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court is Defendant's Motion for Reconsideration, ECF No. 2573. The motion was considered without oral argument. Defendant Teck Cominco Metals, Ltd. ("Teck") is represented by Deborah Baum, Amanda Halter, Thomas Campbell, Mark

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION** *1

Elliot, and Bryce Wilcox. Plaintiff-Intervenor the State of Washington (the "State") is represented by Andrew Fitz, Joshua Osborne-Klein, Kelly Wood, Dylan Stonecipher, and Kara Tebeau.

Teck moves the Court to reconsider its Order Denying Defendant's Motion to Dismiss, ECF No. 2564. Reconsideration of the Order is appropriate pursuant to Federal Rule of Civil Procedure 60(b). The Court finds the State has failed to plead a cognizable claim under the Model Toxics Control Act. Accordingly, the claim is dismissed.

## BACKGROUND

The Court granted the State's request to file a Fifth Amended Complaint on March 31, 2022. The Fifth Amended Complaint added a Seventh Cause of Action for natural resource damages and costs under Washington State's Model Toxics Control Act.

In the Fifth Amended Complaint, the State alleges Teck is liable under the state statute as a present or former owner, operator, and/or arranger of a facility: the Upper Columbia River (UCR). *Id.* ¶¶ 11.7–11.9. It claims Teck has discharged hazardous substances in the form of emissions from its smelter, and these airborne contaminants were disposed of at the UCR. *Id.* ¶ 11.4.

The State alleges that Teck intentionally directed its airborne contaminants to the UCR as a means to dispose of its wastes, and these discharges were not passive. The State, in its response brief, indicated Teck constructed and over time modified its smokestacks for the purpose of ensuring the contaminants were carried away by the valley's air currents to Washington. *Id.*

On April 14, 2022, Teck moved to dismiss the claim. The Court denied Teck's motion to dismiss on September 15, 2022, finding the State had plausibly alleged that Teck was an arranger under the statute. Teck timely filed this motion on October 13, 2022.

## LEGAL STANDARD

Federal courts have discretion to reconsider and vacate prior orders pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). *See Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255,

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION \*2**

1262 (9th Cir. 1993). A district court may provide relief from a judgment or order under Rule 60(b) for any reason "that justifies relief." Fed. R. Civ. P. 60(b)(6). This clause "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (citing *United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982)).

## DISCUSSION

The Court concludes the State has not pled a plausible claim under MTCA, and the deficiency cannot be remedied. As a result, the state-law claim is dismissed.

To establish a claim for natural resource damages under MTCA, a plaintiff must allege four elements. First, the plaintiff must allege that the defendant falls within a class of persons that is subject to liability. RCW § 70A.305.040(1)(a)–(e). Second, the plaintiff must assert that the contaminated site in question is a "facility," as defined by the statute. *Id.* § 70A.305.020(8). Third, there must have been a "release" or "threatened release" of a hazardous substance at the facility. *Id.* § 70A.305.040(2). Fourth, the plaintiff must allege the release or threatened release caused natural resource damages. *Id.*

The chief issue is whether Teck is a person subject to plausible liability under the statute. The State alleges that Teck is liable as an "owner," "operator," and/or "arranger" under MTCA. The statute provides that an owner or operator is "any person with any ownership interest in the facility or who exercises any control over the facility." *Id.* § 70A.305.020(22)(a). An arranger is:

> *[a]ny person who* owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or *otherwise generated hazardous wastes disposed of or treated at the facility can be liable*.

*Id.* § 70A.305.040(1)(c) (emphasis added).

In this case, the State has failed to state sufficient facts to show Teck may plausibly be an owner, operator, or arranger of the UCR. The State provides a conclusory assertion that Teck owned and operated the UCR, but it proffers no factual statements to demonstrate

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION *3**

Teck had ownership of or control over any portion of the site. The State claims Teck's control is demonstrated by its ability to direct aerial pollution to the UCR from another location. Absent plausible factual assertions to show Teck holds or held a management role or ownership interest in or at the UCR, the State has not alleged Teck is an owner or operator under MTCA.

The Court also finds Teck cannot be an arranger on the facts alleged by the State. The State argues Teck can be liable because it intentionally and purposefully directed emissions to the UCR. The State claims Teck's emissions were not "passive," and thus it does not rely on a theory of passive migration.

The pertinent language under § 70A.305.040(1)(c) provides that a person is liable as an arranger if they "generated hazardous wastes disposed of . . . at the facility." Teck's intent to direct waste to the UCR does not demonstrate that any disposal to air occurred at the UCR. The facts do not indicate Teck's disposal of waste to the environment occurred at the facility itself, despite the contaminants arriving there, and the State's argument creates a theory of arranger liability with no apparent limiting principle. Absent a clear definition of "disposal" that expands arranger liability in the way purported by the State, the Court finds the State has failed to state a plausible claim under MTCA.

For these reasons, the motion for reconsideration is granted. As the motion can be resolved as a matter of statutory interpretation, the Court declines to rule on the parties' remaining arguments. Since the prior Order is vacated, Teck's motion to certify the Order for interlocutory appeal is moot.

//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION *4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reconsideration, ECF No. 2573, is **GRANTED**.

2. Plaintiff State of Washington's Seventh Cause of Action under the Model Toxics Control Act is **DISMISSED, with prejudice**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 17th day of January 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION \*5**