FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 17, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br>        Plaintiffs,<br>    *and*<br>THE STATE OF WASHINGTON,<br>        Plaintiff-Intervenor,<br>    v.<br>TECK COMINCO METALS, LTD., a Canadian corporation,<br>        Defendant. | No. 2:04-CV-00256-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS** |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS** *1

Before the Court is Defendant Teck Cominco Metals, Ltd.'s Motion for Summary Judgment on Ripeness, ECF No. 2597. The motion was considered without oral argument.

Defendant argues Plaintiffs' claims for natural resource damages are unripe, because Plaintiffs have not provided a 60-day notice of their intent to sue and a remedial action has not been selected, as required by 42 U.S.C. § 9613(g)(1).

The Court finds there are no disputes of material fact that preclude summary judgment. Having considered the parties' briefing, case record, applicable law, the Court concludes the statutory requirements are met and Plaintiffs' claims are ripe. The motion for summary judgment is denied.

## FACTS

This phase of litigation pertains to Plaintiffs' claims for natural resource damages under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.* Plaintiffs allege Defendant is liable for natural resource damages at a location known in this action as the Upper Columbia River Site (the "Site"). As the parties are intimately familiar with the case's background, the Court does not recite this action's extensive factual and procedural history here.

On August 2, 1999, Plaintiff, the Confederate Tribes of the Colville Reservation (the "Colville Tribes"), submitted a petition to the EPA requesting assessment of alleged releases of hazardous waste at the Site. The EPA accepted the petition. After a preliminary assessment, the EPA requested a written proposal from Defendant on how it would be involved in cleanup at the Site. In a letter dated July 24, 2003, the EPA requested that Defendant agree to an Administrative Order on Consent ("AOC") to conduct a Remedial Investigation/Feasibility Study ("RI/FS") and tolling agreement for natural resource damages. Defendant responded on August 1, 2003, requesting any studies be conducted without an RI/FS.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS *2**

On October 10, 2003, the EPA issued a Special Notice Letter to Defendant, repeating its request for Defendant to sign an AOC. The same day, an email from Defendant's Vice President of Environmental Affairs expressed that, if the Site was not listed on the National Priorities List, it would be "much much harder" for the tribal trustees to pursue natural resource damages.

On October 22, 2003, Defendant responded to the Special Notice Letter, declining the EPA's request to sign an AOC and instead proposing that the parties execute a private contractual agreement. The proposal included an offer to toll the statute of limitations period affecting the natural resource trustees' claims.

The EPA denied this proposal on November 7, 2003 and again asked Defendant to sign an AOC. The EPA's Assistant Regional Counsel informed Defendant that it had "waited almost a year to move forward with studying the site" in hopes they could reach an agreement. Defendant reiterated it would not sign the AOC.

On December 11, 2003, the EPA issued a final and Unilateral Administrative Order ("UAO") to Defendant, finding Defendant a potentially responsible party and directing it to perform an RI/FS for the Site. Defendant responded on January 12, 2004, objecting to the EPA's effort to impose CERCLA liability and indicating it would not comply.

On February 24, 2004, the Colville Tribes provided Defendant, the EPA, and U.S. Department of Justice a notice of intent to sue under CERCLA's citizen suit provision and for all violations. On July 21, 2004, Plaintiffs filed this lawsuit to enforce the UAO.

On July 29, 2005, both Plaintiffs requested, in writing, that Defendant agree to waive any defense to natural resource damages liability and sign a tolling agreement for the statute of limitations on their natural resource damages claims. While an agreement was never reached, Defendant responded on August 30, 2005, stating:

> Teck Cominco is willing to enter into a Tolling Agreement with the Tribes State and other Trustees that provides the Statute of Limitations for natural resource damage claims will be tolled until a mutually-agreed upon date.

On November 4, 2005, Plaintiff the State of Washington amended its complaint to add claims for natural resource damages under CERCLA, and Plaintiff the Colville Tribes followed on November 7, 2005.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS *4**

## DISCUSSION

As a threshold issue, the Court must determine whether there are questions of material fact. The parties disagree on how evidence should be interpreted; however, this alone does not create a genuine dispute of fact. Having reviewed the record, the Court concludes there are no disputes of fact.

The issue is whether Plaintiffs' natural resource damages claims are ripe. Defendant argues Plaintiffs failed to meet two pre-suit conditions of CERCLA, under 42 U.S.C. § 9613(g)(1). That section states:

> In no event may an action for damages under this chapter with respect to such a vessel or facility be commenced (i) prior to 60 days after the Federal or State natural resource trustee provides to the President and the potentially responsible party a notice of intent to file suit, or (ii) before selection of the remedial action if the President is diligently proceeding with a remedial investigation and feasibility study under section 9604(b) of this title or section 9620 of this title (relating to Federal facilities).

Defendant and the EPA were provided notice of Plaintiffs' intent to sue for natural resource damages. Section 9613(g)(1) prohibits the filing of an action for natural resource damages "prior to 60 days after the Federal or State natural resource trustee provides to the President and the potentially responsible party a notice of intent to file suit[.]" 42 U.S.C. § 9613(g)(1). Courts should interpret words in a statute pursuant to their "ordinary, contemporary, common meaning," unless they are otherwise defined. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 958 (9th Cir. 2013) (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)).

CERCLA does not define "notice" or specify the way notice should be given for natural resource damages claims. In contrast, the EPA has promulgated regulations on how notice should be provided for cost recovery claims under the statute. 42 U.S.C. § 9659(d)(1) ("Notice under this subsection shall be given in such manner as the Administrator shall prescribe by regulation."); 40 C.F.R.

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS *5**

§ 374.1 *et seq.* (establishing procedures for providing notice of cost recovery actions). The regulations are unambiguously limited to cost recovery actions; thus, absent a controlling definition, the Court applies the plain and ordinary meaning of "notice."

In this case, Defendant and the EPA had actual notice of Plaintiffs' intent to sue for natural resource damages. Plaintiffs provided written notice to Defendant. On July 29, 2005, Plaintiffs the Colville Tribes and State of Washington transmitted a letter to Defendant regarding their natural resource damages claims, requesting Defendant agree to toll the statute of limitations for filing suit. On August 30, 2005, Defendant responded and unequivocally acknowledged Plaintiffs' intent to sue for natural resource damages. While the parties did not reach an agreement, in its response, Defendant offered to toll the statute of limitations with Plaintiffs for their natural resource damages claims.

The EPA also plainly had notice. In a letter dated July 24, 2003, from the EPA to Defendant, the EPA similarly requested Defendant enter into a tolling agreement with the natural resource trustees. This is not a case where the EPA and Defendant could not ascertain the identities of the natural resource trustees. The record demonstrates the agency had actual notice of Plaintiffs' intent to sue for natural resource damages at the Site.

Accordingly, the Court agrees with Plaintiffs that there can be no question that Defendant—and the EPA—had actual notice of their intent to sue for natural resource damages. This notice was provided long before Plaintiffs filed their amended complaints in November of 2005 and satisfies the 60-day notice requirement of § 9613(g)(1).

Since § 9613(g)(1)'s pre-suit conditions are disjunctive, the Court declines to consider Defendant's remaining argument regarding the selection of a remedial action.

//

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS *6**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment on Ripeness, ECF No. 2597, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 17th day of February 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON RIPENESS *7**