FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, | No. 2:04-CV-00256-SAB |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES** |
| *and* | |
| THE STATE OF WASHINGTON, | |
| Plaintiff-Intervenor, | |
| v. | |
| TECK COMINCO METALS, LTD., a Canadian corporation, | |
| Defendant. | |

Before the Court is Defendant Teck Cominco Metals, Ltd.'s Motion for Partial Summary Judgment on the Colville Tribes' "Tribal Service Loss" Claim,

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES** #1

ECF No. 2777. The Court held oral argument on the motion on December 14, 2023 in Spokane, Washington.

Plaintiff Confederated Tribes of the Colville Reservation ("Plaintiff") proposes three "tribal service loss"[1] damage measurements under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Defendant argues Plaintiff's claims for cultural resource damages fail as a matter of law and are thus not recoverable under CERCLA. The Court finds there are no disputes of material fact that preclude partial summary judgment as to cultural resource damages and, having considered the parties' briefing, case record, applicable law, the Court concludes that the cultural resource damages are not recoverable as a matter of law. Therefore, Defendant's motion for partial summary judgment is granted.

## FACTS

The facts of this case are well established. Similar to the other claims in this dispute, Plaintiff's cultural resource damage claims arise from discharges of slag and effluents from Defendant's Trail, British Columbia smelter along the Upper Columbia River and Lake Roosevelt ("the Columbia River"). Plaintiff asserts that their altered relationship with the Columbia River is a specific cultural resource damage unto themselves. Therefore, Plaintiff's claims are in addition to their CERCLA natural resource damage claims which are jointly sought with Plaintiff State of Washington.

Plaintiff utilized three separate approaches to develop monetary proof of cultural resource damages. Plaintiff's first damage measure is a $114.6 million "Restoration Plan" which seeks to address erosion of Plaintiff's culture. The Restoration Plan seeks to, among other initiatives, fund new cultural facilities, programs, and purchase land adjacent to the Columbia River. Second, Plaintiff's

---

[1] The Court will refer to 'tribal service loss' as "Cultural Resource Damages" throughout this Order.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES** #2

experts conducted a survey of damages concerning "cultural disconnection from the [Columbia] River" which asked respondents to choose between two hypothetical options (a given amount of sediment removal or the purchase of a given amount of land. The survey concluded that the value of the "service losses" is between $165 million and $525 million. Finally, Plaintiff proposes damages of $9 million to $13.6 million for alleged cultural fishing losses.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES** #3

## DISCUSSION

CERCLA creates a right to recover natural resource damages for "injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." 42 U.S.C. § 9607(a)(4)(C). Natural resource damages, under CERCLA, are to compensate the public by providing for the recovery of the funds that are necessary – and by law must actually be used – to restore or replace injured natural resources. 42 U.S.C. § 9607(f)(1).

CERCLA defines natural resources as the following:

> *Natural resources* or *resources* means land, fish, wildlife, biota, air, water, ground water, drinking water supplies, and other such resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States (including the resources of the fishery conservation zone established by the Magnuson Fishery Conservation and Management Act of 1976), any State or local government, any foreign government, any Indian tribe, or, if such resources are subject to a trust restriction on alienation, any member of an Indian tribe. **These natural resources have been categorized into the following five groups: Surface water resources, ground water resources, air resources, geologic resources, and biological resources.**

43 C.F.R. § 11.14(z) (emphasis added).

The only courts to speak directly to the recovery of cultural resource damages, rejected the concept. *See Coeur d'Alene Tribe v. Asarco, Inc.*, 280 F. Supp. 2d 1094, 1107 (D. Idaho 2003) ("cultural uses of water and soil by the tribe are not recoverable as natural resource damages"); *see also In re Gold King Mine Release in San Juan Cnty., Colorado, on Aug. 5, 2015,* No. 16-CV-931, ---F. Supp. 3d ---, 2023 WL 2914718 (D.N.M. Apr. 12, 2023) (finding that cultural resource damage claims, such as the lost confidence in a river, are not natural resource damages and therefore not recoverable by CERCLA).

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES #4**

There is no express or implied reference to cultural resources in the language of CERCLA. Whether reviewing CERCLA itself or relevant regulations or case law, there is no reference to 'cultural' or 'tribal service' damages. Neither the statute nor the regulations reference a cultural or tribal 'connection' or 'relationship' with a particular resource, let alone possible recovery from loss or damage to that connection or relationship. Though the impacts of Defendant's smelter facility's environmental contamination on the Columbia River are serious, cultural resource damages are simply not recoverable under CERCLA. Therefore, the Court grants Defendant's motion for partial summary judgment as to cultural resource damages.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Teck Metal Ltd.'s Motion for Partial Summary Judgment on the Colville Tribes' "Tribal Service Loss" Claim, ECF No. 2777, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 6th day of February 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CULTURAL RESOURCE DAMAGES** #5