FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,<br><br>        Plaintiffs,<br><br>        *and*<br><br>THE STATE OF WASHINGTON,<br><br>        Plaintiff-Intervenor,<br><br>        v.<br><br>TECK COMINCO METALS, LTD., a Canadian corporation,<br><br>        Defendant. | No. 2:04-CV-00256-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES** |

Before the Court is Defendant Teck Cominco Metals, Ltd.'s Motion for Partial Summary Judgment on Plaintiffs' Joint Natural Resource Damages Claims,

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES** #1

ECF No. 2774. The Court held oral argument on the motion on December 14, 2023 in Spokane, Washington.

The natural resources damages ("NRDs") at issue in this motion arise from the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). Defendant argues that Plaintiffs' claim for NRDs resulting from Defendant's contamination of the Upper Columbia River ("UCR") should be dismissed because (1) Plaintiffs did not adhere to CERCLA regulations which allegedly require certain compliance by the parties when evaluating natural resource damages assessments ("NRDAs"); (2) Plaintiffs' claims are premature; and (3) the potential costs to restore benthic habitat loss are too uncertain. Upon review of the briefing, relevant statutes and case law, the Court denies Defendant's motion for partial summary judgment as to natural resource damages.

**FACTS**

The facts of this case are well established. Plaintiffs' NRD claims arise from discharges of slag and effluents from Defendant's Trail, British Columbia smelter along the UCR. After decades of pollution, hazardous substances have leached or otherwise moved into and within the UCR's waters and sediments.

Plaintiff Colville Tribes ("CCT") filed this suit in 2004 and the State of Washington intervened as a Plaintiff not long after. Plaintiffs amended their complaints to assert NRD claims against Defendant pursuant to 42 U.S.C. § 9607(a)(4)(C). ECF Nos. 94, 111, 147, and 148. At an earlier point of this dispute, while litigation was stayed, the Environmental Protection Agency ("EPA") and Defendant negotiated a contractual agreement providing that Defendant would perform a Remedial Investigation/Feasibility Study ("RI/FS") for the UCR but it would "not [be] carried out under an administrative or judicial order issued pursuant to the provisions of CERCLA." ECF No. 2603.

Parallel to this litigation, Plaintiffs and the other UCR Trustees (U.S. Department of the Interior ("DOI") and the Spokane Tribe) commenced an

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES** #2

assessment of NRDs in the UCR. The preassessment screen for the UCR was completed in November 2009. In May 2012, the UCR Trustees issued a draft "Injury Assessment Plan" for public comment. The UCR Trustees finalized the Injury Assessment Plan in November 2012. The UCR Trustees and Plaintiffs engaged with Defendant on multiple occasions and received input on the damages' assessment. In July 2019, consultants working for the UCR Trustees Council produced a report that was provided to Defendant which addressed a multitude of issues and proposed project alternatives and selection. Plaintiffs and Defendant attempted to negotiate a resolution of their NRD claims in 2020-2021, but negotiations were unsuccessful, and Plaintiffs reinitiated litigation in 2020 – 2021.

Plaintiffs elected to complete the NRDA through their litigation experts rather than through the public administrative process. Plaintiffs' experts opined that an injury had occurred to natural resources at the UCR. Plaintiffs' experts pointed to contamination of UCR sediments, white sturgeon larvae, and other potential damages related to Defendant's decades-long discharges. Plaintiffs' experts furthermore attempted to quantify injury to natural resources of the UCR. Plaintiffs' experts also opined as to total construction costs for proposed restoration projects and the effectiveness of those projects.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES #3**

the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## DISCUSSION

### A. The NRDA Process

CERCLA does not require a specific process characterized by Defendant's motion.

CERCLA creates a right to recover NRDs for "injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release." 42 U.S.C. § 9607(a)(4)(C). NRDs, under CERCLA, are to compensate the public by providing for the recovery of the funds that are necessary – and by law must actually be used – to restore or replace injured natural resources. 42 U.S.C. § 9607(f)(1). NRDs must be calculated to make the public "whole." *Ohio v. U.S. Dep't of Interior*, 880 F.2d 432, 445 (D.C. Cir. 1989).

//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES #4**

Congress instructed the U.S. Department of the Interior ("DOI") to promulgate regulations establishing a process for NRDAs. 42 U.S.C. § 9651(c). CERCLA provides that:

> Any determination or assessment of damages to natural resources … made by a Federal or State trustee in accordance with the regulations promulgated under section 9651(c) of this title shall have the force and effect of a rebuttable presumption on behalf of the trustee in any administrative or judicial proceeding under this chapter …."

42 U.S.C. § 9607(f)(2)(C). Later, DOI promulgated regulations establishing an NRDA process. 43 C.F.R. Part 11. The first subsection of those regulations describes that "[t]he assessment procedures set forth in this part are not mandatory." 43 C.F.R. § 11.10.

In *Coeur d'Alene Tribe v. Asarco Inc.*, the court looked to the regulations for assistance in defining terms in CERCLA but did not infer strict compliance with regulations required. *Coeur d'Alene Tribe v. Asarco Inc.*, 280 F. Supp. 2d 1094 (D. Idaho 2003). Outside of the Ninth Circuit, "[t]he rules require the decision-maker to develop and consider options … in a plan subject to public review and comment." *Kennecott Utah Copper Corp. v. U.S. Dep't of Interior*, 88 F.3d 1191, 1217 (D.C. Cir. 1996). *Kennecott* goes on stating that trustees may "proceed without complying with the damage assessment rules." *Id.* at 1212. In the *Ohio* case, the D.C. Circuit found that "a trustee seeking damages is not required to resort to the Type A or Type B procedures" when reviewing NRDA options. *Ohio*, 880 F.2d at 439. Furthermore, CERCLA contains "no provision requiring, or even suggesting, that trustees select the most cost-effective restoration option." *Kennecott*, 88 F.3d at 1217.

Public participation is required after damages are awarded, prior to the expenditure of funds, and federal and state trustees will be required to comply with other applicable environmental laws. 40 C.F.R. pt. 1503.

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES #5**

Though the context of NRD in CERCLA is somewhat inscrutable, 43 C.F.R. § 11.10 is clear. The provision specifically outlines that the NRDA process is not mandatory. Defendant fails to identify a portion of CERCLA that requires public participation, cost-effectiveness, or a "restoration alternatives analysis" in the process of a NRDA. Public participation is required in the final step after damages are awarded. The fact that Congress only required notice and comment on the final implementation plan under § 9611(i) indicates Congress likely made a considered decision to not require public comment at other stages of the NRD process. The origins of CERCLA point towards an intent to recover through litigation which is exactly the avenue Plaintiff pursued. Moreover, in this multi-decade matter, Defendant has had multiple opportunities to provide input on project selection and damages calculations. Though the procedures outlined in 43 C.F.R. part 11 provide a roadmap, they are not a required NRDA method as a matter of law.

### B. Ripeness of NRD Claims Prior to Selection of a Cleanup Remedy

Plaintiffs' NRD claims are ripe. NRD claims can be brought within three years of discovery at sites where no remedial action is currently planned and Congress left CERCLA trustees with the discretion to commence suit to effect restoration sooner, rather than later, in cases where an RI/FS is not diligently proceeding under 42 U.S.C. § 9604(b). 42 U.S.C. § 9613(g)(1). It was already determined that Defendant is not conducting the RI/FS of the UCR pursuant to § 9604 or other provisions outlined in CERCLA. ECF No. 2393 at 8. Upon review, it appears Defendant moves the Court to grant partial summary judgment on a preference and not a requirement. The Court agrees with Plaintiffs and denies Defendant's motion.

### C. Certainty of NRDs

Since questions of fact are present, a trial is needed to determine accurate damages. Defendant argues that Plaintiffs' damages are "not reasonably certain, and thus cannot afford a basis for relief." ECF No. 2774 at 18. Plaintiffs respond

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES #6**

that Defendants provided no case law demonstrating that the alleged uncertainty of Plaintiffs' damages calculations warrant summary judgment. This Court agrees.

Claims to recover NRDs regularly involve a range of potential costs. *See, e.g., United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1086 (D. Colo. 1996) ("it might have been more accurate for the United States to have pleaded an estimated amount of damages to natural resources between $210 million and $1.8 billion"). The uncertainty of Plaintiffs' experts' calculations reflects the practical reality of this complicated matter. It is difficult to predict costs for future projects. Plaintiffs' and Defendant's arguments and counter arguments stem from factual disputes of the amount of contamination, the extent of contamination, and the practicality of restoring or replacing the damaged natural resources along the UCR.

Since the NRDA process characterized by Defendant is not required under CERCLA, Plaintiffs' NRD claims are ripe, and certainty of NRDs is not required in this context, Defendant's motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Partial Summary Judgment on Plaintiffs' Joint Natural Resource Damages Claims, ECF No. 2774, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 14th day of February 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NATURAL RESOURCE DAMAGES #7**