FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, <br><br>        Plaintiffs, <br><br>        *and* <br><br>THE STATE OF WASHINGTON, <br><br>        Plaintiff-Intervenor, <br><br>        v. <br><br>TECK COMINCO METALS, LTD., a Canadian corporation, <br><br>        Defendant. | No. 2:04-CV-00256-SAB <br><br> **ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL** |

    Pending before the Court is Plaintiff CCT's Renewed Motion for Immediate Interlocutory Review Pursuant to 28 U.S.C. § 1292, ECF No. 2905. Upon review, and being fully informed, Plaintiff CCT's motion is granted.

**ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL** # 1

# FACTS AND PROCEDURAL HISTORY

The facts of this case are well established. Similar to the other claims in this dispute, Plaintiff's cultural resource damage/service loss[1] claims arise from discharges of slag and effluents from Defendant's Trail, British Columbia smelter along the Upper Columbia River and Lake Roosevelt. Plaintiff CCT asserts that their altered relationship with the Columbia River is a specific cultural resource damage unto themselves. Therefore, Plaintiff CCT's claims are in addition to their CERCLA natural resource damage claims which are jointly sought with Plaintiff State of Washington. This matter involves the potential of over $1 billion in damages. Plaintiff CCT's assessment of cultural resources damages are a significant portion of this matter's overall damages.

On February 6, 2024, this Court granted Defendant's motion granting partial summary judgment as to cultural resource damages, ECF No. 2831. This Court then denied Plaintiff CCT's motion to reconsider concerning this issue on April 10, 2024, ECF No. 2869. On June 20, 2024, the Ninth Circuit of Appeals denied appeal without prejudice and requested findings by this Court as required by *Couch*, ECF No. 2896.

# LEGAL STANDARD

28 U.S.C. § 1292(b) provides a process for immediate interlocutory appeal of a courts order(s). The party pursuing the interlocutory appeal bears the burden of demonstrating appeal is appropriate. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met, as follows: (1) it involves a controlling question of law; (2) it has a substantial ground for a difference of opinion; and (3) immediate review will materially advance the ultimate termination of this litigation. *Id*.

---

[1] The parties disagree about the characterization of these claims. For clarity and efficiency, this Order will refer to them as cultural resource damages.

**ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL # 2**

"To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. *Id*. "Courts traditionally [] find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id*. A party's strong disagreement with the Court's ruling or whether settled law might be applied differently does not establish a substantial ground for difference of opinion. *Id*. Substantial grounds for a difference of opinion on a controlling question of law are present where an order "involves an issue over which reasonable judges might differ and such 'uncertainty provides a credible basis for a difference of opinion' on the issue," *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

## DISCUSSION

This case involves the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), commonly known as Superfund, which provides courses of action for environmental remediation. CERCLA is controlling law in this matter as it forms the foundation of Plaintiff CCT's claims.

There is a conflict between the holding in *State of Ohio* which claims 'nonuse' services are actionable under CERCLA and this Court's Order determining that such claims are not cognizable under CERCLA if they involved damages with a cultural component. *See State of Ohio v. United States Dep't of Interior*, 880 F.2d 432, 464 (D.C. Cir. 1989). This Court's order granting partial summary judgment did not address the D.C. Circuit's ruling in *State of Ohio*. This Court instead relied on district court cases from within the Ninth Circuit finding that found there are no express or implied references to cultural resource damages in the language of CERCLA. *See Couer d'Alene Tribe v. Asarco*, 280 F. Supp 2d

**ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL** # 3

1094 (D. Idaho 2003) and *In re Gold King Mine*, 669 F. Supp. 3d 1146 (D.N.M. 2023).

The scope of CERCLA's applicability will materially affect the outcome of this litigation in district court. This matter involves the potential for over $1 billion in environmental damage. Clarity will not only provide an understanding of CERCLA's applicability related to cultural resource damages, but also allows the parties to properly assess their risk in this litigation. Furthermore, a potential Ninth Circuit order can have broader significance on the viability of similar claims.

Immediate review will hasten completion of this long-running litigation. This Court is concerned that this matter could fragment into multiple trials. A singular trial will best promote judicial efficiency and serves the interests of justice. Determining the parameters of that singular trial will benefit the parties and this Court.

Plaintiff CCT has demonstrated a need for interlocutory appeal pursuant to § 1292(b).

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL # 4**

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff CCT's Renewed Motion for Immediate Interlocutory Review Pursuant to 28 U.S.C. § 1292, ECF No. 2905, is **GRANTED**.

2. The cultural resource damages dispute under CERCLA meets the three-factor test outlined in *Couch v. Telescope Inc*. Therefore, the issues related to this Court's Order Granting Defendant's Motion for Partial Summary Judgment on Cultural Resource Damages, ECF No. 2831, is **certified for immediate interlocutory appeal** pursuant to 28 U.S.C. § 1292(b).

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this 9th day of July 2024.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING RENEWED MOTION FOR INTERLOCUTORY APPEAL** # 5