FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSEPH A. PAKOOTAS, an individual and enrolled member of the Confederated Tribes of the Colville Reservation; and DONALD R. MICHEL, an individual and enrolled member of the Confederated Tribes of the Colville Reservation, and THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION,

     Plaintiffs,

      *and*

THE STATE OF WASHINGTON,

     Plaintiff-Intervenor

     v.

TECK COMINCO METALS, LTD., a Canadian corporation,

     Defendant.

No. 2:04-CV-00256-SAB

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON**

Before the Court are Plaintiffs' Motions to Limit Testimony of Ann Michelle Morrison, ECF Nos. 2652 and 2659; related Motions to Strike/Exclude Declarations and/or Supplements of Ann Michelle Morrison, ECF Nos. 2740, 2783, 2847, 2947; and related Motion to Expedite, ECF No. 2948.

//

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON # 1**

The motions were heard without oral argument.[1]

## BACKGROUND

Plaintiffs retained Dr. Morrison to provide expert testimony rebutting Plaintiffs' claim for monetary damages stemming from injury to benthic macroinvertebrates ("BMI")[2] and white sturgeon in the upper Columbia River ("UCR") caused by Defendant's discharge of metals into the UCR.

Dr. Morrison is an environmental toxicologist who has worked for twenty-seven years evaluating the relationship between human activities and subsequent health effects to both natural resources and humans. She specializes in natural resource damage assessment, environmental causal analysis, risk evaluations, net environmental benefit analysis, and assessments of water quality conditions. Her work involves ecology, biology, chemistry, toxicology, statistics, and computer modeling. She holds a Doctor of Science and a Master of Science in environmental health from Harvard, as well as a Bachelor of Science in biology from Rhodes College. She is a member of multiple scholastic societies and has authored/co-authored multiple academic papers on topics such as the effects of pollution on marine organisms.

## LEGAL FRAMEWORK

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

---

[1] Pursuant to LCivR 7(i)(3)(B)(iii), oral argument is not necessary.

[2] BMI in this context refers mostly to larval mayflies, stoneflies, and caddisflies.

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON # 2**

(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id*. at 564. The test of reliability is flexible. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). The district court has discretion to decide how to test an expert's reliability, as well as the testimony's reliability, based on the particular circumstances of the case. *Primiano*, 598 F.3d at 564.

The party proposing the expert witness has the burden of establishing the expert's admissibility by a preponderance of the evidence. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). In bench trials, a district court may make its reliability determination during the trial itself, as opposed to pretrial. *United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (noting that gatekeeping function is less needed where a court is only keeping the gate for itself).

Expert testimony must be disclosed in accordance with the deadlines in a court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D). Testimony that is not provided in accordance with the deadlines is automatically excluded. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the testimony may be introduced if the failure to disclose is substantially justified or harmless. *Id*. The burden of proving the failure was justified or harmless lies with the party seeking to introduce the testimony. *Yeti*, 259 F.3d at 1107.

### PLAINTIFFS' MOTIONS TO EXCLUDE

Here, Plaintiffs challenge Dr. Morrison's qualifications, contending that she

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON # 3**

is "manifestly unqualified to analyze most of the issues covered in her report, such as habitat equivalency or resource equivalency" and furthermore, that she "conceded as much by incorporating the work of nine other Ph.D. scientists in her report without attribution or even identification." Plaintiffs further contend that her analysis is irrelevant and unreliable; however, their arguments regarding relevance are based on disagreement with her valuations and methods, which speaks to reliability.

With regard to qualifications, Plaintiffs argue Dr. Morrison lacks economic expertise regarding habitat equivalency analyses ("HEAs") and resource equivalency analyses ("REAs") and should be excluded from opining on economic values related to such analyses. Plaintiffs also contend that Dr. Morrison's opinion should be excluded to the extent it relies "on the unattributed work of others." But Plaintiffs cite to no binding case law on this issue, and it would seem this matter is better addressed by cross-examination, not exclusion.

Defendant argues the economic values at issue hinge on ecological assumptions—something upon which Dr. Morrison is clearly qualified to testify. Moreover, Dr. Morrison's curriculum vitae notes she has "led the development of ten different [HEAs] and three different [REAs], which have been used in regulatory decision making, mediation, and litigation."

Defendant's arguments regarding Dr. Morrison's qualifications and methodologies go to the weight to give her testimony, which is properly attacked by cross-examination or contrary evidence, not by exclusion. *See Primiano*, 598 F.3d at 564. This is particularly true here, given that this matter is proceeding by bench trial. *See* Flores, 901 F.3d at 1165. As such, the motion is **denied**.

**PLAINTIFFS' MOTIONS TO STRIKE**

Plaintiffs argue that many of Dr. Morrison's declarations and supplemental reports (offered in support of Defendant's filings regarding other expert witnesses) should be excluded because they are untimely, improperly supplement or introduce

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON # 4**

new information, and prejudice Plaintiffs.

The Court notes that Defendant has filed multiple similar motions to strike declarations and supplemental reports submitted by Plaintiffs' experts. When addressing those motions, the Court noted that making the expert who proffered the challenged declaration or report available for deposition would seem to cure any harm or injustice. The Court finds no reason to veer from that course now. The motion is **denied**.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Expedite, ECF No. 2948, is **DISMISSED AS MOOT**.

2. Plaintiffs' Motions to Limit Testimony of Ann Michelle Morrison, ECF Nos. 2652 and 2659; related Motions to Strike/Exclude Declarations and/or Supplements of Ann Michelle Morrison, ECF Nos. 2740, 2783, 2847, 2947, are **DENIED.**

3. Plaintiffs shall work with Defendant to facilitate the deposition of Dr. Morrison as soon as possible.

**IT IS SO ORDERED.** The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 12th day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER RE: PLAINTIFFS' EXPERT ANN MORRISON # 5**